# EXHIBIT A

STATE OF MICHIGAN
THIRD CIRCUIT COURT



| SUMMONS AND RETURN OF SERVICE | CASE NO. 10-010505-CZ |
|---|---|
| | Eingang L/GL 0 7. Okt. 2010 |

**COURT**
ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

**COURT**
TELEPHONE NO. (313) 224-

THIS CASE ASSIGNED TO JUDGE:     **Wendy M. Baxter**     Bar Number: 29961

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| **LOFFREDO, JOHN** | VS | **DAIMLER AG** |

PLAINTIFF'S ATTORNEY

Miller, Sheldon L.
(P-17785)
31731 Northwestern Hwy Ste 280W
Farmington Hills, MI 48334-1624
(248) 538-3400

| CASE FILING FEE | | JURY FEE |
|---|---|---|
| Paid | | No Jury Demand |
| **ISSUED** | **THIS SUMMONS EXPIRES** | **DEPUTY COUNTY CLERK** |
| 09/10/2010 | 12/10/2010 | Margaret Schmidt |
| *This summons is invalid unless served on or before its expiration date. | | Cathy M. Garrett – Wayne County Clerk |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties. _____ Court.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date 9-22-10                    Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-96)   MC 01 (10/97)     **SUMMONS AND RETURN OF SERVICE**
RETURN COPY-FILE IN ROOM 201 C.C.B.                    MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOHN LOFFREDO, CHARLES ACKER, ALLEN D. ADAM,
PAUL C. AGNEW, ANDREW A. AGOSTA, GIRDHARI L. AGRAWAL,
RICHARD L. ALBRECHT, STEPHEN A. ALCOCK, GORDON E. ALLARDYCE,
FLOYD E. ALLEN, SEBASTIAN ARMBRUSTER, THOMAS E. ATKINS,
ROBERT J. ATWELL, JR., STEPHEN L. AZONI, LAURENCE W. BAKER,
DENNIS A. BARILE, CLARISSA JANE BARLOW, THEODORE K. BARNHART,
ERNEST J. BARRY, DAVID J. BARTLO, FREDERIK J. BARTZ, ARA E. BASHERIAN,
WALTER J. BATTLE, JR., DAVID W. BECKNER, BERNARD BEDARD,
GERALD D. BERGMOSER, PAUL I. BERRIGAN, GERALD L. BEVERMAN
JOHN C. BIRD, WILLIAM S. BISHOP, LOUIS M. BITONTI,
GREGORY A. BLINDU, LAWRENCE C. BOCZAR, RONALD R. BOLTZ,
DAVID BONSKY, LARRY BOOR, DAVID P. BOSTWICK,
SANDRA BOUCKLEY, WILSON E. BOUGHTON, WILLIAM BOYD,
JAMES J. BOZYK, BILLY A. BRICKLES, KEVIN P. BRODERICK,
NELSON BROOKS, JR., TAYLOR BROWN, THOMAS C. BROWN,
RICHARD F. BROWN, RICHARD E. BROWN, ROGER M. BRUCE,
EDWIN H. BRUST, MILES G. BRYANT III, DENNIS E. BRYLL,
KENNETH M. BUCZEK, J. MICHAEL BURKE, DAVID W. BUSACCA,
CHARLES N. BUSCH, WYNN V. BUSSMANN, MICHAEL L. BUSTAMANTE,
CHARLES BUTTS, SUSAN M. BUXTON, EDWARD J. BYRNE, JR.,
JOSEPH CADDELL, JOHN A. CANGIALOSI, THOMAS P. CAPO,
JOSEPH E. CAPPY, DAVID L. CARLSON, TIMOTHY A. CASERTA,
GARY W. CASH, RICHARD S. CASSLE, FRANCOIS CASTAING,
FRANK A. CECI, STEPHEN M. CEROVSKY, JEFF CHIAPPETTA,
JOHN W. CHISOLM, MICHAEL P. CICCONE, GERALD CILIBRAISE,
ALBERT MICHAEL CLEMENT, DEWANE C. COGSWELL, MICHAEL W. COLE,
ABRAHAM CONTINO, RONALD J. CORIROSSI, CHARLOTT L. CORNELL,
EDMUND MICHAEL COUGHLIN, GUY COWING, ROBERT E. COX,
RICHARD M. COZART, JOHN E. CRAIN, AMERICUS L. CRAWFORD,
JAMES L. CRAWFORD, GARY R. CRISP, GENE R. CROMBEZ,
MICHAEL PAUL CRONIN, THEODOR R. CUNNINGHAM, JAMES MICHAEL CURRIN,
JAMES H. CYPHER, RON CZAR, CLIFFORD J. DAVIS,
DENISON S. DAVIS, DARRELL L. DAVIS, THOMAS E. DAVIS,
ROBERT L. DAVIS, JOHN R. DAWSON, JR., BRENDA DAY,
HENRY B. DECALUWE, FRANK N. DEMAIO, DENNIS DEMERS,
MARY ANN DEMSKI, KENNETH E. DEMSKI, TRENT DEVERNA,
MICHAEL G. DEYOUB, PIERO DIMAMBRO, GARY R. DIMITRY,
BRUCE DONALDSON, JAMES D. DONLON, III, PATRICK J. DONNELLY,
WILLIAM P. DONOHUE, RONALD R. DOWELL, JOSEPH M. DUPREE,
RICHARD E. EARLE, RICHARD S. ENTENMAN, JOHN A. ERNSTER,
CHARLES H. ESCHENBACH, WILLIAM M. ESSER, RICHARD EVERETT,
JOHN S. FELICE, EDWIN J. FILBIN, DAVID R. FISCHER,
JANE E. FITZGIBBON, DENNIS FITZPATRICK, RONALD A. FLOR,
DENNIS E. FLORENCE, JOHN F. FLOYD, JAMES M. FLUTUR,

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
19ᵀᴴ FLOOR
NEW YORK, NY 10017
(212) 586-5905

ROBERT J. FORBES, JAMES A. FOREMAN, JIM L. FOSTER,
KENNETH R. FRANCESE, FRANK T. FREDERICK, ROBERT G. FULLER,
THOMAS C. GALE, THOMAS GALLAGHER, KEVIN R. GALVIN,
RONALD J. GARDHOUSE, VINCENT GARRISI, MICHAEL GARSTECKI,
STEPHEN GARTH, GREGORY T. GAUDETTE, PHILLIP E. GAVIE,
RICHARD O. GEISS, MICHAEL J. GIALDINI, THOMAS GIANNINI,
FRANK J. GLASGOW, DONALD L. GLENN, MICHAEL H. GOEDDEKE,
RUEVEN GOLAN, LEWIS GOLDFARB, HENRY S. GOLDMAN,
MICHAEL S. GONDA, CLINTON J. GRAHAM, JOSEPH A. GRAMLING,
STEVE GRAVES, JERRY W. GREELEY, ROGER E. GUETZKOW,
THOMAS F. GUIDUGLI, RONALD GURDAK, RICHARD T. GUTOWSKI,
JAMES A. HAAS, RANDOLPH N. HAIKO, THOMAS C. HAMILTON, CHARLES B.
HAMILTON, LESLIE M. HAMILTON, WILLIAM L. HAMMERS, NORMAN HAMWAY,
ROBERT F. HANBA, EDWARD R. HANISH, JOSEPH S. HANNAN, JR.
FREDERIC W. HANNERT, DANIEL P. HARDIN, JR., KEITH A. HARRISON,
JAMES E. HASELWOOD, JAMES A. HAZZARD, GREGORY DEAN HEARD,
WILLIAM L. HEATHCOTE, NORRIS RAY HEDDING, PAUL B. HELLENS,
GARY L. HENSON, DONALD R. HERMAN, JAMES JAY HICKEY,
GEORGE A. HIGGS, JEFFREY HIGGS, THOMAS HILDEBRANDT,
JOSEPH E. HILGER, JOHN P. HINCKLEY, LAWRENCE D. HOENIG,
JAMES PATRICK HOLDEN, DANIEL M. HOLLAND, JAMES L. HOLLINGER,
JAMES E. HOLTSLAG, ROBERT W. HORNICK, RICHARD J. HOROKY,
THOMAS E. HOSKEN, GLEN HOUSE, ANTHONY W. HOWETT, JOSEPH HUBER,
MARK HUBER, ROBERT F. HURLIMAN, WILLIAM STANLEY HURST,
DAVID E. HYRE, FRED HUBACKER, LIDO A. IACOCOA, MYKLE C. JACOBS,
HARRY K. JAGTIANI, JAMIE JAMESON, PAUL V. JOBST,
RICHARD C. JOHNSON, KEITH A. JOHNSON, SR., GEORGE P. JOHNSON, JR.,
TOM JOHNSTON, GITTA JUDD, JOHN H. KAISER,
PRANCISKUS S. KAUNELIS, DENNIS KELLY, DAVID W. KEMPKEN,
PHIL KENNINGHAM, MICHAEL KERBY, WAYNE A. KIEB,
DAVID M. KIMBALL, WILLIAM R. KISSEL, CHARLES B. KITZ,
WAYNE KLEMENT, WILLIAM KLINGLER, DALE L. KOCH,
MICHAEL J. KOLKJEN, ZIEVA KONVISSER, LAWRENCE KOWAL,
GERALD H. KOWALSKI, KENNETH J. KRUPANSKY, RONALD P. KRUPITZER,
TERRY KRUTZ, ANDREW C. KUCHARSKI, ERNEST J. LAGINESS, JR.,
ALAN LAMBERT, WILLIAM LAMOTT, FREDERICK J. LAMPHEAR,
SANDRA S. LAPADOT, LOREN N. LAU, ROBERT M. LAUDICINA,
KENNETH J. LAURENCE, RONALD LAUX, PING LEE,
MARTIN R. LEVINE, GREG LEWANDOWSKI, TIMOTHY T. LIBBY,
LOUISE R. LINDER, TED B. LINDSTROM, MERLE E. LISKEY,
JOHN LIU, CARLOS LOBO SILVA, JAMES E. LODGE,
ROBERT P. LONGSTRETH, HERBERT S. LUGGER, FRED V. LUSS,
MICHAEL LUTSCH, JAMES J. LYIJYNEN, DAVID LYIJYNEN,
SUSAN M. LYNDEN, M. JOHN MACDONALD, DONALD C. MACDONALD,
KENNETH S. MACK, DANIEL F. MACRAE, TIMOTHY J. MADDEN,
ALISA L. MAHER, WALTER G. MAHER, RONALD A. MAJESKE,

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
10ᵗʰ FLOOR
NEW YORK, NY 10017
(212) 586-5905

JEAN P. MALLEBAY-VACQUEUR, JERRY V. MALLORY, GARY MARCHENIA,
EUGENE J. MARCINAK, THOMAS L. MARTIN, VIRGIL THOMAS MATCZAK,
OMAR MATT, WILLIAM A. MATTINGLY, RICHARD J. MATTON,
JAMES MAY, THOMAS CRAIG MCALEAR, WILLIAM D. MCALLISTER,
ALEX J. MCCLOSKEY, IV, JOE W. MCCORMICK, DAN MCDAVID,
PRUDENCE A. MCINTOSH, KENNETH L. MCLAIN, LINDA J. MCLALIN,
ERNEST O. MCLAUGHLIN, BARTON J. MCLELLAN, DIANA MERCER-PRYOR,
SALVATORE A. MESSINA, DAVID M. MILLER, FRANCIS L. MILLER,
JOHN C. MILLER, GEORGE B. MILUSH, JR., DONALD MILTZ,
RICHARD MIZON, GEORGE E. MOCK, JR., JOSEPH S. MOLLAHAN,
ROGER D. MONFORTON, JR., DENNIS P. MONTONE, KENNETH R. MOORE,
WILLIAM E. MOORE, TERENCE J. MOORE, THOMAS S. MOORE,
MICHAEL K. MORRISON, WILLIAM MORSTADT, ROBERT MOSER,
JAMES R. MURRAY, RICHARD NAJ, THOMAS L. NALLY,
ROBERT A. NEAL, DAVID A. NELSON, RICHARD G. NEPTUNE,
JACK R. NICHOLS, JAMES W. NIHLS, WARREN S. NORRID, JR.,
MICHAEL A. NYKIEL, MARK OKLA, GARY OLSON,
MICHAEL M. O'MARA, NILS OMHOLT, JAMES ORI,
THOMAS P. O'ROURKE, KATHLEEN M. OSWALD, WAYNE OUELLETTE,
HOWARD B. PADGHAM, HAROLD T. PAGE, ROBERT A. PAGE,
JAMES J. PALMER, LOUIS B. PANYARD, E.T. PAPPERT,
JOE W. PARK, DENNIS K. PAWLEY, ANTHONY J. PECORARO,
GEORGE P. PELLETIER, DONALD E. PENTECOST, JAMES PERAINO,
JAMES A. PETER, ROLAND PETERSDORF, RICHARD PETERSON,
MICHAEL D. PHILLIPS, GERALD T. PIASKOWSKI, LINO J. PIEDRA,
RONALD J. POMAVILLE, CLARE B. POREMSKY, FREDERICK J. PRICE,
BARBARA L. PUTNAM, KENNETH L. QUINT, FRANK P. RAMACCIATO,
WALTER D. RAMSEY, LAWRENCE I. RANKA, JON RASBACH,
RICHARD RAY, DENNIS N. RENNEKER, SALLIE LOU RHOADS,
ANTHONY P. RICHARDS, JAMES W. RICKERT, GORDON L. RINSCHLER,
BERNARD ROBERTSON, JAMES BAILEY ROBERTSON, DAVID A. ROBISON,
PETER T. ROCK, ELAINE M. ROGUZ, FRED ROLLINS,
DENIS R. ROOT, ROBERT F. ROUSH, DEBRA ROWE,
RICHARD J. RUDY, ROGER D. RUGGIERO, JON L. RUNDELS,
JOHN D. RUSSELL, LAWRENCE E. RYBACKI, GARY A. SALACH,
VINCENT P. SAMMUT, FRANK I. SANDERS, THOMAS V. SANTORO, JR.,
RALPH A. SAROTTE, JAMES L. SAUTER, RONALD A. SAVAGE,
JOSEPH M. SCALLISI, SHERWOOD A. SCHARTNER, RICHARD O. SCHAUM,
JAMES CRAIG SCHOENFELDER, THOMAS L. SCHUSTER, WILLIAM SCHWANKI,
DAREL L. SEAT, CHARLES K. SESTOK III, ANTHONY S. SGARLATA,
LAWRENCE WILLIAM SHARER, ROGER C. SHULZE, MARTIN R. SIEGAL,
CHESTER D. SKAZYPEK, THOMAS C. SLANEC, FRANK L. SLAUGHTER, JR.,
ALBERT J. SLECHTER, RAYMONE SLYWKA, CLIFFORD A. SMITH,
ROY THEOTIS SMITH, ROBERT W. SMITH, RONALD B. SMITH,
NANCY J. SMITH, PATRICK R. SMORRA, PAUL G. SMUTS,
D WAYNE SNYDER, JAMES A. SORENSEN, HENRY G. SPELLMAN,

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
10ᵀᴴ FLOOR
NEW YORK, NY 10017
(212) 586-5905

3

ALAN SPENSER, SUSAN STALLARD, THOMAS T. STALLKAMP,
DAVID B. STANDEN, JACK M. STANLEY, JOHN STONE,
MARVIN F. STRACH, JAMES W. STRAUSAUH, ALBERT C. STRICKLAND, JR.,
THOMAS C. STURGEON, RICHARD J. SULLIVAN, STANLEY C. SURRAST,
BERNARD EDMUND SWANSON, STEVEN L. TAFLINGER, JAMES E. TATGE,
RICHARD C. TAYLOR, KENNETH W. TEAGUE, GEORGE H. TELFER,
DAVID THOMAS, JACK EDWIN THOMPSON, JAMES M. TOGER,
KENNETH P. TOMASZEWSKI, WILLIAM TRACY, THOMAS TREMONT, PAUL
JEFFREY TRIMMER, ANTHONY J. TROVATO, JAMES J. TYLER, JR.,
JAMES H. UNTIEDT, RICHARD P. URBAN, RONALD J. USTRUCK,
PASQUALE VANNUCCI, RICHARD A. VARCONDA, EARL J. VOGEL,
EUGENE F. VOLLMER, GERALD S. VOTTA, JAMES C. WAGNER,
KENNETH NEIL WALLING, HUGH WALLING, DWIGHT R. WASHINGTON,
DAVID A. WATT, SR., GERALD A. WAYMAN, BRUCE WEBSTER,
JOHN P. WEHRLY, MICHAEL D. WHITE, ROBERT C. WHITE,
MICHAEL C. WHITNEY, DAVID WILD, GEORGE S. WILKINS,
LARRY EUGENE WILLIAMS, ROBERT M. WILLIAMS, W.R. WILLIAMS III,
THOMAS C. WILLOUGHBY, DARRELL CRAIG WINN, RICHARD A. WINTER,
JON J. WIOSKOWSKI, JAMES WISE, GERALD WIST,
WILLIAM M. WITT, LESTER H. WOLF, JEFF WOLOSHEN,
THOMAS E. WOODERSON, MOID L. WOODWARD, JEFFREY C. WRIGHT,
DENNIS ZEIGER, COLLEEN ZEMATIS, WILLIAM C. ZEPP, JR.,
DAVID R. ZIMMER, EDWIN C. ZIMMERMANN, individually and
as representatives of a class of similarly situated persons,

        Plaintiffs,

v

                                  LOFFREDO, JOHN , et al. v DAIMLER
                                  Hon. Wendy M. Baxter        09/10/2010

                                       **10-010505-CZ**

DAIMLER AG, a foreign corporation,
STATE STREET BANK AND TRUST COMPANY,
a Massachusetts Trust Company,
DIETER ZETSCHE, an individual,
THOMAS LASORDA, an individual,
JOHN DOE and MARY ROE, individuals,

        Defendants.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ND STREET
10TH FLOOR
NEW YORK, NY 10017
(212) 586-5805

---

SHELDON L. MILLER (P17785)
LAW OFFICES OF SHELDON MILLER
Attorney for Plaintiff
31731 Northwestern Hwy., Suite 280W
Farmington Hills, MI 48334
(248) 538-3400

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
Co-Counsel for Plaintiffs
344 North Old Woodward Avenue, Suite 200
Birmingham, MI 48009
(248) 864-4000

---

4

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

NOW COME the above-named Plaintiffs, by and through their attorneys, Law Offices of Sheldon L. Miller and Morganroth & Morganroth, PLLC, and for their cause of action state as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiffs are residents of various cities of Michigan and various counties, including Wayne County, State of Michigan.

2.     Defendant, Daimler AG ("Daimler"), is a stock corporation organized under the laws of the Federal Republic of German, which is conducting business in the County of Wayne, State of Michigan, and has voluntarily consented to the jurisdiction of the court.

3.     Defendant, State Street Bank and Trust Company ("Trustee"), is a Massachusetts Trust Company, which transacts business in the State of Michigan.

4.     Defendant, Dieter Zetsche, is a resident of the Federal Republic of Germany, and acted as a director, manager, trustee or other officer of DaimlerChrysler Corporation, which had its principal place of business in the State of Michigan.

5.     Defendant, Thomas Lasorda, is a resident of Michigan, and acted as a director, manager, trustee or other officer of DaimlerChrysler Corporation, which had its principal place of business in Michigan.

7.     Defendants John Doe and Mary Roe were directors, manager, trustees or other officers of DaimlerChrysler Corporation, which had its principal place of business in Michigan, and their identities are unknown.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
10ᵗʰ FLOOR
NEW YORK, NY 10017
(212) 546-5905

5

8.   The Defendants committed tortious acts in the State of Michigan which caused consequences to occur in the State of Michigan.

9.   The amount in controversy exceeds the sum of $25,000.00, exclusive of interest and costs and is within the subject matter jurisdiction of this court.

10.   Plaintiffs' claims are typical of the claims of the other members of the class, and Plaintiffs will fairly and adequately represent the interests of the class.

11.   The maintenance of a class action is superior to other available methods of adjudication in promoting the convenient administration of justice because, inter alia, final declaratory and equitable relief is appropriate with respect to the class.  The Plaintiff class is proper for certification under MCR 3.501.

12.   Venue is proper in this court because one or more of the Defendants either resides or conducts business in the County of Wayne, and the acts in question arose in the County of Wayne.

## COMMON ALLEGATIONS

13.   Plaintiffs are all former employees of the Chrysler Corporation ("CC") and/or DaimlerChrysler Corporation, and/or their partially or wholly owned subsidiaries and were employed by the same prior to 2007.

14.   While employed by CC and or Daimler Chrysler Corporation ("DCC"), Plaintiffs were participates in the Supplement Executive Retirement Plan ("SRP"), which was an employee benefit plan providing retirement benefits to eligible employees.

15.   The SRP was a non-qualified pension plan under the Internal Revenue Code.

16.   Under the terms of the SRP, Plaintiffs were entitled to receive a monthly payment from the SRP upon retirement from CC.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
10ᵀᴴ FLOOR
NEW YORK, NY 10017
(212) 588-5905

6

17.     A Rabbi Trust was established by CC to provide some security for the benefits provided under the SRP and was administered by Defendant Trustee and Defendants Zetsche, Lasorda, John Doe and Mary Roe ("Other Fiduciaries"), with the consent, approval and guidance of Daimler.

18.     For all those who retired prior to 1998, CC provided those in the SRP the option of receiving a lump sum payment or a Hartford Insurance Company annuity ("Annuity") in lieu of monthly payments from the Plan.

19.     In years prior to 1998, CC also took steps to secure the SRP benefits of its active employees, by either transferring some SRP benefits that had accrued to a qualified plan or by purchasing annuities for each of the participants.

20.     By taking the aforementioned actions, CC had secured the SRP benefits to its participants through December 31, 1997.

21.     In 1998, CC agreed to merge with Daimler-Benz AG ("DBAG"), which was the former name of Daimler, to form a new company, Daimler Chrysler AG ("DCAG").

22.     As a part of the merger, CC was renamed DaimlerChrysler Corporation ("DCC"), and became a wholly-owned subsidiary of DCAG.

23.     Under the plan of merger, DCC became the employer of CC's employees, including Plaintiffs, and would be responsible for administering the SRP.

24.     Plaintiffs were concerned that their existing and future benefits under the SRP would be at risk following the merger if DCC became insolvent or filed for bankruptcy.

25.     Plaintiffs had the option of terminating their employment with CC and immediately accessing certain vested retirement benefits that they would be entitled to receive upon termination of employment, rather than risk that their benefits might not be available to

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
10ᵗʰ FLOOR
NEW YORK, NY 10017
(212) 588-5905

them if DCC became insolvent or filed for bankruptcy at some future date.

26.     In order to induce Plaintiffs to remain employed by DCC after the merger, officers of CC asked DBAG to guarantee in writing the benefits to each participant in the SRP in the event that DCC became insolvent or filed for bankruptcy.

27.     On September 29, 1998, Dr. Manfred Gentz, the Chief Financial Officer and member of the Board of Management of Board of Supervisors of DBAG, responded in writing to CC's request that DBAG guarantee the SRP retirement benefits to CC's employees following the merger.

28.     Dr. Gentz wrote to Mr. Gary Valade, CC's Executive Vice President and Chief Financial Officer and stated that "it has always been the understanding that as long as DBAG is a majority stakeholder of any affiliate, DBAG internally sees to it that the affiliate has sufficient assets to meets its obligations with a third party".  A copy of said document is in the possession of the Defendant

29.     The substance of Dr. Gentz's commitment was communicated formally and informally to Plaintiffs through various officers and executives of CC.

30.     It was understood by Plaintiffs that DBAG/DCAG would make certain that DCC or the Rabbi Trust had sufficient assets to meet the obligations of the SRP to Plaintiffs and the other participants in the SRP.

31.     As a result of the assurances from DBAG, Plaintiffs did not terminate their employment from CC in 1998 and continued their employment with DCC, or one of its subsidiaries, following the merger in November 1998.

32.     In 2005 and/or 2006, Defendants purchased annuities or otherwise secured certain SRP retirement benefits of participants in the plan who were at that time still actively employed

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI  48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ND STREET
19TH FLOOR
NEW YORK, NY  10017
(212) 586-5905

8

by DCC.

33.     In addition, upon information and belief, Defendants purchased annuities or otherwise securitized the SRP retirement benefits for selected retired employees of DCC.

34.     Defendants did not at that time purchase annuities or otherwise securitize all of the SRP retirement benefits payable to the vast majority of the former employees of CC and DCC eligible to receive SRP retirement benefits, who had retired between 1998 and 2006.  This action to buy annuities or otherwise securitize SRP retirement benefits for only the active employees was presented to and approved by the DCAG Board of Management.

35.     Plaintiffs, who began their retirement from CC or DCC between 1998 and 2005 and/or 2006, were excluded from the purchase of annuities or other securitization of the SRP retirement benefits.

36.     As a group, the participants in the SRP who had retired prior to the securitization of the benefits in 2005 and/or 2006, were older than the group of participants whose SRP retirement benefits were securitized.

37.     On August 3, 2007, DCAG sold a majority interest in DCC to Cerberus Capital Management, L.P. ("Cerberus") and the company became known as Chrysler LLC.

38.     Following the sale, DCAG changed its name to Daimler AG ("Daimler").

39.     On April 30, 2009, Chrysler LLC filed for bankruptcy protection.

40.     When Chrysler LLC emerged from the bankruptcy proceeding, neither Daimler nor Cerberus held any interest in the new company, which was now jointly owned by Fiat SpA, the United Auto Workers of America, and the governments of the United States and Canada ("Chrysler Group LLC").

41.     Upon the filing of the bankruptcy, a portion of the remaining assets in the Rabbi

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE  200
BIRMINGHAM, MI  48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
10ᵀᴴ FLOOR
NEW YORK, NY  10017
(212) 586-5905

9

Trust became property of the bankruptcy estate and less than 1/2 was used to pay the claims of creditors of Chrysler LLC, with the remainder going to Chrysler Group LLC.

42.     The Chrysler LLC bankruptcy was structured with the aid of the United States government in such a fashion that all pension plans and related trusts, except for SRP and the related Rabbi Trust, were allowed to survive the bankruptcy intact.  Had the Rabbi Trust been fully funded, there is no reason to believe that the United States government would not have required new Chrysler Group LLC to assume the Rabbi Trust and the SRP obligations of retirees over 62 consistent with their action on all other pensions, and each of the Plaintiffs herein would have continued to receive their hard earned promised retirement benefits.

43.     Those Plaintiffs who had reached the age of 62 prior to April 2009, and who had been receiving monthly retirement benefits from the SRP, received their last SRP payment on April 1, 2009.

44.     Those Plaintiffs who had not reached the age of 62 prior to April 2009 continued receiving SRP retirement payments from Chrysler Group LLC, but have been informed that their SRP retirement benefits would stop when they reach the age of 62 years.

## COUNT I

### Promissory Estoppel

45.     Plaintiffs reallege and incorporate paragraphs 1 through 44 of their Complaint as if same were set forth word for word herein.

46.     Manfred Gentz, on behalf of DBAG (subsequently DCAG and now Daimler), promised CC, for the benefit of the participants in the SRP, that as long as DBAG/DCAG was the majority shareholder of DCC, DBAG/DCAG would see to it that DCC had sufficient assets to meet its obligations to the Plaintiffs, under the SRP.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
10ᵀᴴ FLOOR
NEW YORK, NY 10017
(212) 599-5905

47.     Dr. Gentz made the promise to CC, for the benefit of its employee/participants in the SRP, which included Plaintiffs, with the intention that CC's employee/participants would rely on the promise and not terminate their employment at CC prior to the merger with DBAG.

48.     The retention of the participants as employees of DCAG was important due to the success that they had brought to Chrysler prior to the merger.

49.     Plaintiffs relied upon the promise made by DBAG to CC by continuing their employment at DCC following the merger with the expectation that DBAG/DCAG ensure that there were sufficient assets in DCC to meet the obligations of the SRP retirement plan to Plaintiffs.

50.     In 2005 and/or 2006, DCC made the decision to purchase annuities or otherwise securitize a portion of the SRP retirement benefits of all of its active employees.

51.     DCC failed and neglected at that time to purchase annuities or otherwise securitize any portion of the SRP retirement benefits of the former or retired employees, as it did for the active employees, and as had been the pattern and practice of CC and DCC since the inception of the SRP.

52.     Upon information and belief, DCAG had failed to ensure that there were sufficient assets at DCC to secure the obligations of the SRP to all of its participants, both active and retired.

53.     When Chrysler, LLC eventually filed for bankruptcy in 2009, the SRP retirement benefits of those employees who had annuities purchased for them or were otherwise securitized were unaffected by the bankruptcy.

54.     The assets in the Rabbi Trust became subject to the claims of the creditors of Chrysler LLC and were not available to satisfy any of the obligations of the SRP to Plaintiffs.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
*10 E. 42ND STREET
10TH FLOOR
NEW YORK, NY 10017
(212) 586-5905

11

55.     The pre-age 62 SRP retirement benefits for those retirees who were under the age of 62 were assumed by Chrysler Group LLC.

56.     Had Daimler (as the successor of DBAG and DCAG) kept its promise to Plaintiffs, it would have made certain that DCC had sufficient assets and would have required DCC and the Defendant Trustee and Other Fiduciaries to purchase annuities or otherwise securitized the SRP obligations for all of the participants in the plan, including Plaintiffs, and not just for the active employees and Other Fiduciaries of DCC in 2005-2007 and to purchase annuities or otherwise securitize the retirement benefits the participants were receiving from the SRP.

57.     Daimler breached its promise by failing to make certain that DCC had sufficient assets to purchase annuities or otherwise securitize the retirement benefits of the retired employees as well as the retirement benefits of the employees still active at DCC in 2005-2007.

58.     Plaintiffs, in reliance on Daimler's promise in 1998, did not then terminate their employment to obtain their vested SRP retirement benefits, but continued their employment with DCC and ultimately lost their post-age 62 SRP retirement benefits when Chrysler LLC filed for bankruptcy in 2009.

59.     In order to avoid injustice to Plaintiffs, Daimler's promise to Plaintiffs must be enforced, and Daimler required to satisfy all of the SRP retirement benefits that have been prior to the bankruptcy filing.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment in their favor against Defendant Daimler AG, in an amount in excess of $25,000.00, plus exemplary damages, interest costs and attorney fees.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42nd STREET
10th FLOOR
NEW YORK, NY 10017
(212) 588-5905

## COUNT II

### Breach of Fiduciary Duty

60.     Plaintiffs reallege and incorporate paragraphs 1-59 of their Complaint as if same were set forth word for word herein.

61.     The assets of the Rabbi Trust were subject to an agreement between CC and the Trustee and Other Fiduciaries (or their predecessors).

62.     The Trustee and Other Fiduciaries had specific duties imposed upon them by the terms of the trust agreement and by statutory and common law.

63.     Notwithstanding any duties imposed upon the Trustee and Other Fiduciaries by the terms of the trust agreement and CC, a trustee or fiduciary is obligated under Michigan law to administer a trust for the benefit of the beneficiaries.

64.     Unless the trust agreement provides otherwise, the Trustee and Other Fiduciaries are obligated under Michigan law to act as a prudent person would in dealing with the property of participants/beneficiaries of the trust.

65.     The Trustee and Other Fiduciaries were required by Michigan law to perform in a reasonable and prudent manner every act that a reasonable and prudent person would perform incident to the preservation, management, use and distribution of the trust property to accomplish the desired result of administering the trust legally in the trust beneficiaries', including the Plaintiffs', best interests.

66.     The Other Fiduciaries were obligated under Michigan law to avoid engaging in a transaction that presented a conflict of interest between their duties as a fiduciary and their individual interest.

67.     In 2005 and/or 2006, the Trustee and Other Fiduciaries made a decision to use

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
10ᵗʰ FLOOR
NEW YORK, NY 10017
(212) 586-5905

13

Rabbi Trust assets to purchase annuities or otherwise securitize the SRP retirement benefits for all of the participants that were still active employees at DCC.

68.   Upon information and belief, the Other Fiduciaries knew or believed in 2005 and 2006 that DCC was in danger of filing for bankruptcy, and acted to protect the SRP retirement benefits of only the active employees of DCC, including themselves.

69.   Upon information and belief, DCAG and the Trustee and Other Fiduciaries had used the assets of the Rabbi Trust to purchase annuities or otherwise securitize SRP benefits for employees and certain selected retirees of DCC and there were insufficient funds in the Rabbi Trust to purchase annuities or otherwise securitize the SRP retirement benefits of all of the SRP participants.  The misuse of the assets of the Rabbi Trust had a beneficial effect on the profits of DCC and the bonuses of the Other Fiduciaries.

70.   As required by Michigan law, the Trustees and Other Fiduciaries' decision to purchase annuities or otherwise securitize the SRP retirement benefits was required to be in the best interest of all the beneficiaries of the SRP, including Plaintiffs.

71.   Upon information and belief, one of more of the Other Fiduciaries were active employees of DCC and participants in the SRP and personally benefitted from the decision to purchase annuities or otherwise securitize the SRP benefits for the active employees from the assets of the Rabbi Trust.

72.   The Trustee and Other Fiduciaries failed, refused and neglected to purchase annuities or otherwise securitize the SRP retirement benefits for all of the participants in the SRP, even though it would have been in the best interests of all of the participants of the SRP to do so.

73.   The Trustee's and Other Fiduciaries' decision not to purchase annuities or

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42nd STREET
10th FLOOR
NEW YORK, NY 10017
(212) 586-5905

14

otherwise securitize the SRP retirement benefits for the retired participants in the SRP was a breach of the Trustee's and Other Fiduciaries' obligations to Plaintiffs and a breach of their fiduciary duty to Plaintiffs, as described in paragraphs 61 through 68 herein.

74.    The Trustees' and Other Fiduciaries' (who were employees of DCC) decision not to purchase annuities or otherwise securitize the SRP retirement benefits for the retired and former employee participants in the SRP presented a conflict of interest between the Other Fiduciaries' duty to the Plaintiffs and their individual interests as participants in the SRP.

75.    The participants in the SRP, including the Defendant Fiduciaries, whose retirement benefits were securitized through the purchase of annuities or otherwise securitized in 2005 and 2006 were protected against a depletion of the assets in the Rabbi Trust and a Chrysler bankruptcy.

76.    The participants in the SRP whose retirement benefits were not protected by annuities or otherwise securitized in 2005 and 2006, including Plaintiffs, had to rely on the assets remaining in the Rabbi Trust and the assets of DCC to fund their retirement benefits.

77.    On April 30, 2009, Chrysler, LLC filed for bankruptcy protection and the assets of the Rabbi Trust and Chrysler LLC became part of the bankruptcy estate, subject to the claims of Chrysler LLC's creditors.

78.    The participants in the SRP, including the Defendant Fiduciaries whose benefits had been protected by annuities or otherwise securitized in 2005-1006 were less affected by the bankruptcy to the extent that all or most of their benefits had been protected by the purchase of annuities or another form of securitization.

79.    The participants in the SRP, who were over the age of 62 on April 1, 2009, who had begun receiving SRP retirement benefits prior to April 1, 2009 and whose retirement benefits

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
10ᵀᴴ FLOOR
NEW YORK, NY 10017
(212) 588-5905

had not been converted into annuities or otherwise securitized in 2005 or 2006, including many of the Plaintiffs, received their last SRP retirement benefit payment on April 1, 2009.

80.    The participants in the SRP who had not reached the age of 62 on April 1, 2009, whose retirement benefits had not been converted into annuities or otherwise securitized in 2005 or 2006, including the rest of the Plaintiffs, will not receive any SRP retirement benefits once they reach the age of 62.

81.    Had the Trustee and Other Fiduciaries purchased annuities or otherwise securitized the SRP retirement benefits for all of the participants in the SRP in 2005-2006, all of the participants, including all of the Plaintiffs, would have received or will receive their SRP retirement benefits.

82.    As a direct result of the Trustee's and Other Fiduciaries' breach of fiduciary duty, Plaintiffs have lost all or a portion of their SRP retirement benefits.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment in their favor against Defendants State Street Bank and Trust Company, Dieter Zetsche, Thomas Lasorda, John Doe and Mary Roe, jointly and severally, in an amount in excess of $25,000.00, plus exemplary damages, interest, costs and attorney fees.

## COUNT II

### Age Discrimination

83.    Plaintiffs reallege and incorporate paragraphs 1-82 of their Complaint as if same were set forth word for word herein.

84.    As a whole, the group of participants in the SRP that were retired and no longer active employees of DCC in 2005-2006 were much older than the group of participants in the SRP that were still actively employed by DCC and/or its subsidiaries.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ND STREET
19TH FLOOR
NEW YORK, NY 10017
(212) 586-5905

16

85.     The Trustee and Other Fiduciaries were agents of DCC and were charged by DCC with the responsibility of administering the SRP.

86.     Defendants owed a duty to Plaintiffs to refrain from discriminating against them in terms of their compensation and privileges of employment on the basis of age pursuant to the Elliott Larsen Civil Rights Act, MCLA § 37.2202(1)(a).

87.     Participation in the SRP was a privilege and benefit accorded to Plaintiffs as a result of their employment at CC and DCC and was part of their overall compensation package.

88.     Defendants decided in 2005 and 2006 to purchase annuities or otherwise securitize the SRP retirement benefits of only some of the participants of the SRP.

89.     Defendants' decision to purchase annuities or otherwise securitize only the SRP retirement benefits of the active employees of DCC had the effect of discrimination against retired and former employees fo DCC.

90.     Defendants' decision to purchase annuities or otherwise securitize only SRP retirement benefits of the active employees at DCC had the effect of discrimination against the former and retired employees of DCC on the basis of age, and was therefore wrongful and a violation of MCLA § 37.2202(1)(a).

91.     As a direct and proximate result of Defendants' acts, Plaintiffs have suffered and will continue to suffer loss of benefits, mental distress and attorney fees.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment in their favor against Defendant Daimler AG, State Street Bank and Trust Company, Dieter Zetsche, Thomas Lasorda, John Doe and Mary Roe, in an amount in excess of $25,000.00, plus exemplary damages, interest, costs and attorney fees.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
10ᵗʰ FLOOR
NEW YORK, NY 10017
(212) 586-5905

17

99.   The Trustee and Other Fiduciaries owed a legal and equitable duty to Plaintiffs, as participants in the Rabbi Trust, to inform them of the precarious financial position of DCC in 2005-2006, and to provide them with the option of protecting their vested retirement benefits by withdrawing them from the SRP.

100.   Upon information and belief, Daimler directed the Trustees and Other Fiduciaries not to inform Plaintiffs of the financial condition of DCC in 2005-2006, nor to provide Plaintiffs with the option of withdrawing their benefits from the Rabbi Trust.

101.   Defendants' suppression of the true facts of DCC's financial condition, which Defendants were duty-bound to disclose to Plaintiffs, is equivalent to a false representation as a matter of law.

102.   Defendants knew that DCC was in serious financial difficulty in 2005-2006, but failed to disclose that information to Plaintiffs because Defendants did not want the true financial condition of DCC to become public knowledge.

103.   Plaintiffs relied upon Defendants whose suppression of the true facts of DCAG's plan to dispose of DCC by leaving their vested retirement benefits in the Rabbi Trust and not availing themselves of the opportunity that was afforded other participants in the SRP to withdraw their benefits from the Rabbi Trust before DCC filed for bankruptcy.

104.   In 2009, DCC, then known as Chrysler LCC, did file for bankruptcy protection, and the assets in the Rabbi Trust, which were intended to fund the SRP retirement benefits for the Plaintiffs, became part of the bankruptcy estate and were unavailable to provide retirement SRP benefits to Plaintiffs.

105.   As a result of Defendants' fraudulent representations, Plaintiffs were injured as described in paragraphs 42 and 43 herein.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
10ᵗʰ FLOOR
NEW YORK, NY 10017
(212) 586-5905

WHEREFORE, Plaintiffs pray that this Honorable Court enter Judgment in their favor against Defendant Daimler AG, State Street Bank and Trust Company, Dieter Zetsche, Thomas Lasorda, John Doe and Mary Roe, in an amount in excess of $25,000.00, plus exemplary damages, interest, costs and attorney fees.

Respectfully submitted,

LAW OFFICES OF SHELDON MILLER

By _____
SHELDON L. MILLER (P17785)
Attorneys for Plaintiffs

MORGANROTH & MORGANROTH, PLLC

By _____
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
Co-Counsel for Plaintiffs

Dated: September 8, 2010

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
344 N. OLD WOODWARD AVE.
SUITE 200
BIRMINGHAM, MI 48009
(248) 864-4000
FAX (248) 864-4001

NEW YORK OFFICE
110 E. 42ⁿᵈ STREET
19ᵗʰ FLOOR
NEW YORK, NY 10017
(212) 586-9905