# EXHIBIT 1

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| JOHN LOFFREDO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CERBERUS CAPITAL MANAGEMENT, L.P., a limited partnership, STATE STREET BANK AND TRUST COMPANY, a Massachusetts Trust Company, JOHN DOE and MARY DOE, individuals. <br><br> Defendants. <br><br> and <br><br> JOHN LOFFREDO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAIMLER, AG, et al., <br><br> Defendants. | Hon. Julian A. Cook <br><br> Case No. 2:10–cv–14214 <br> Consolidated With:  2:10-cv-14181 |

**DEFENDANT STATE STREET BANK AND TRUST COMPANY'S REPLY BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)
<u>IN THE "CERBERUS" ACTION</u>**

# ISSUES PRESENTED

I.   Whether plaintiffs' claims against State Street should be dismissed for failing to satisfy Federal Rules of Civil Procedure 8, 9 and 12, as well as the pleading requirements of Twombly and Iqbal

II.  Whether plaintiffs' claims against State Street should be dismissed because they are completely preempted by ERISA

III. Whether plaintiffs should be prohibited from re-pleading when ERISA's civil enforcement provisions do not entitle them to any relief against State Street

## STATEMENT OF MOST CONTROLLING AUTHORITIES

A.   Plaintiffs' Claims Against State Street Are Wholly Devoid Of Factual Support

    1.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

    2.   *Ashcroft v. Iqbal*, 556 U.S. \_\_, 129 S.Ct. 1937 (2009)

    3.   *Johnson v. BNC Mortgage Corp.*, 2010 U.S. Dist. LEXIS 93268 (E.D. Mich. Sept. 8, 2010)

B.   Plaintiffs' Claims Are Preempted By ERISA

    1.   *Comrie v. IPSCO, Inc.*, Slip Op. 10-2393 (7th Cir. Feb. 18, 2011)

    2.   See *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.* 399 F.3d 692 (6th Cir. 2005)

    3.   *Foley v. American Electric Power*, 425 F. Supp. 2d 863 (S.D. Ohio 2006)

    4.   *McZeal v. Southern Consumers Coop, Inc.*, 2009 WL 1307943 (W.D. La. May 7, 2009)

C.   ERISA's Civil Enforcement Provisions Do Not Entitle Plaintiffs To Any Relief Against State Street

    1.   *Feinberg v. RM Acquisition, LLC*, Slip. Op. 10-1890 (7th Cir. Jan. 6, 2011)

    2.   *Afridi v. Nat'l City Bank*, 509 F. Supp. 2d 655 (N.D. Ohio 2007)

    3.   *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991)

    4.   *Rizzo v. Bankers Life & Cas. Co.*, 2004 WL 1093359 (N.D. Ill. Apr. 27, 2004)

Despite filing a 79-paragraph complaint and a 26-page brief purportedly responding to defendant State Street Bank and Trust Company's ("State Street") motion to dismiss, plaintiffs still have not identified the necessary facts to support a claim that State Street engaged in the misconduct that they allege. Apparently recognizing the lack of factual support for their claims, plaintiffs recently dismissed defendant Cerberus Capital Management, L.P. ("Cerberus") from this lawsuit. (Case No. 10-cv-14214, Dkt. # 17). Yet plaintiffs inexplicably continue to pursue their claims against State Street, even though these claims are wholly derivative of the claims previously asserted against Cerberus as the owner of Chrysler. In its March 3, 2011 Order, this Court gave plaintiffs an additional twenty days to file a new brief responding to State Street's motion to dismiss in light of Cerberus' dismissal from the case. (Case No. 10-cv-14214, Dkt. #18). Rather than take this opportunity to respond to the specific arguments made by State Street in support of its motion to dismiss (or at the very least, explain their decision to dismiss Cerberus and pursue only State Street), plaintiffs simply re-filed a variation on the same response brief previously filed against all defendants, replacing the references to Cerberus with the same unsupported accusations against State Street. Plaintiffs' "revised" brief has done nothing to salvage their complaint. As shown below, it is evident from plaintiffs' complaint that plaintiffs carelessly included State Street in a series of state law claims that do not apply to State Street, are preempted by ERISA and should be dismissed with prejudice.

A.      **Plaintiffs' Claims Against State Street Are Without Factual Support**

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court made clear that the federal pleading standards require plaintiffs to assert sufficient factual allegations to establish that a claim is "plausible on its face," *i.e.*, that there is more than a mere possibility that a defendant acted unlawfully. 550 U.S. 544, 556 (2007). Threadbare recitals of the elements of a cause of action and conclusory statements regarding a defendant's alleged misconduct no longer

-1-

suffice. *See Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1950 (2009). The courts require more. *See*, e.g., *Johnson v. BNC Mortgage Corp.*, 2010 U.S. Dist. LEXIS 93268 *5 (E.D. Mich. Sept. 8, 2010) (relying on *Twombly* to hold that complaint is capable of surviving a motion to dismiss only if the factual allegations are enough to raise a right to relief above a speculative level).

Disregarding this explicit mandate, plaintiffs are alleging causes of action against State Street, the trustee of the Supplemental Executive Retirement Plan ("SRP"), for fraud, common law breach of fiduciary duty and even statutory conversion without pleading any factual support necessary to sustain their claims. Instead, plaintiffs improperly rely on nothing more than general conclusions concerning what "all defendants" supposedly knew and ritualistic recitations of the elements of their causes of action. Their complaint conspicuously fails to include a single allegation about State Street that raises their right to relief above a speculative level. Such deficient pleading inevitably dooms their complaint. *See id.* at **7-8 (dismissing complaint that failed to set forth a sufficiency of facts establishing a plausible claim).

The essence of plaintiffs' claims is that former defendant Cerberus and certain unidentified "John Does" raided the SRP's trust and used its assets "for the operational expenses of Chrysler LLC and/or its subsidiaries." (Case No. 10-cv-14181, Dkt. # 41-2, Complaint ¶¶ 4, 15, 31, 45-46, 49). Plaintiffs claim that defendants thereby defrauded them of all or a portion of their SRP retirement benefits, breached their fiduciary duties to plaintiffs and improperly converted plan assets for defendants' own benefit and to the detriment of plaintiffs. (*Id.* at ¶¶ 28-69). A closer look at these allegations, however, reveals a glaring absence of facts alleging any type of misconduct on the part of State Street. And in their brief, plaintiffs completely fail to

explain how State Street could have had any responsibility for – or ability to pay for – the operational expenses of Chrysler.

In support of their claim for fraud, for instance, plaintiffs contend that they sufficiently satisfied the federal pleading requirements through the following allegations:

> 34. Defendants owed a legal and equitable duty to Plaintiffs, as participants in the SRP, to inform them of the precarious financial position of Chrysler LLC in 2008, and to provide them with the option of protecting their SRP retirement benefits by withdrawing them from the Rabbi Trust.
>
> 37. Defendants knew that Chrysler LLC was in serious financial difficulty in 2008, but failed to disclose that information to Plaintiffs because Defendants did not want the true financial condition of Chrysler LLC to become public knowledge.

(Case No. 10-cv-14181, Dkt. # 41, Plaintiffs' Opposition Brief pp. 18-19 (citing Complaint ¶¶ 34, 37)).  These allegations fail to explain how State Street, as outside trustee to the SRP, could have been privy to insider information that Chrysler was suffering serious financial difficulties.  (Complaint ¶ 37).  They also do not say under what legal or equitable duty State Street (instead of Chrysler or Cerberus) was obligated to provide plan participants, including plaintiffs, with information about Chrysler's financial condition.  (Complaint ¶ 34).  In light of the fact that plaintiffs, through their dismissal of Cerberus, effectively admit that the allegations in their complaint fail to sufficiently establish that Cerberus, as majority owner of Chrysler, defrauded plaintiffs through its failure to disclose information about the company's financial condition, it is confounding that they continue to assert that the same allegations sufficiently state a cause of action for fraud against the outside trustee.[1]

---

[1] Indeed, in their "revised" opposition brief, plaintiffs inexplicably state that "*Cerberus and State Street* undertook a fraudulent scheme to steal the assets in the Rabbi Trust" even though plaintiffs have already dismissed Cerberus from this action.  (Opposition Brief p. 1) (emphasis added).  With Cerberus no longer a party to the lawsuit, plaintiffs fail to point to any facts establishing how or why State Street, as outside trustee, undertook a fraudulent scheme to allegedly steal the Trust's assets and turn them over to Cerberus or Chrysler for operational expenses, when they cannot maintain that same claim against Cerberus.

As plaintiffs have already acknowledged, State Street's responsibilities under the SRP were strictly defined by the trust agreement it entered into with Chrysler Corporation. (Complaint ¶¶ 15, 55).[2] Plaintiffs' claim for fraud, nonetheless, fails to contain a single allegation asserting that State Street violated any provision of this trust agreement and fails to identify any trust agreement provision that obligates State Street to stay abreast of Chrysler's financial condition and convey that information to plaintiffs.[3] Instead, plaintiffs' complaint is deafeningly silent, when the pleading of such fundamental facts is essential for a court to determine whether plaintiffs have established a claim for fraud against State Street. *See Johnson*, 2010 U.S. Dist. LEXIS at **7-8 (dismissing claim for breach of contract when plaintiffs did not offer basic facts necessary for court to determine the existence and breach of an enforceable contract).

In addition to colliding head-on with *Twombly*, plaintiffs' failure to provide the threshold information needed to state a cause of action for fraud also fails way short of Fed. R. Civ P. 9(b)'s requirement that the "nature and circumstances of [State Street's] failure to disclose material information" be pled with particularity. (Opposition Brief p. 18). The most plaintiffs do is lump all the defendants together and allege in a conclusory fashion that "*[d]efendants* knew that Chrysler LLC was in serious financial difficulty in 2008, but failed to disclose that

---

[2] Plaintiffs' "revised" opposition brief incorrectly contends that this Court cannot consider the terms of the SRP or the Rabbi Trust when ruling on defendants' motions to dismiss because these documents are not "undisputedly authentic." (Opposition Brief p. 7). Plaintiffs grossly mis-state the law of this Circuit. While the Third Circuit may employ an "undisputedly authentic" standard, the Sixth Circuit has made clear that a court may consider "exhibits attached to a defendant's motion to dismiss *so long as they are referred to in the Complaint and are central to the claims contained herein.*" *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) (emphasis added). Plaintiffs wisely do not dispute that both the SRP and the Rabbi Trust are referred to repeatedly in their Complaint and are central to their claims against defendants.

[3] Plaintiffs' assertion that Michigan law provides an affirmative duty to disclose the financial condition of a company in situations such as this, even if correct, still would not impose any such duty on State Street **as trustee of the SRP**. (Opposition Brief p. 20) (citing Michigan state and federal court decisions holding that **a company** has an affirmative duty to disclose **its** financial condition to job applicants and prospective customers) (emphasis added).

information to Plaintiffs" and that "*[d]efendants* suppression of the true facts … is equivalent to a false representation as a matter of law." (Complaint ¶¶ 36-37) (emphasis added). Such collective allegations are insufficient to impute any liability on the part of State Street. To the contrary, they are exactly the type of superficial pleading rejected by Fed. R. Civ. P. 9(b) and precluded by the Supreme Court in *Twombly* and *Iqbal*.

Plaintiffs' claim for breach of fiduciary duty – even if ERISA did not preempt it, which it does -- fares no better. Tellingly, plaintiffs' opposition brief does not even address State Street's argument that plaintiffs' breach of fiduciary duty count fails to state a factual claim against State Street – apparently, because plaintiffs have no rebuttal. As discussed in detail in State Street's opening brief, plaintiffs' breach of fiduciary duty claim does nothing more than recite the elements for the cause of action while sprinkling a few conclusory statements about the defendants' alleged misconduct. (Case No. 10-cv-14181, Dkt. # 40, Motion to Dismiss pp. 13-14). Plaintiffs' claim fails to plead *any* facts demonstrating that State Street played a role in the alleged use of plan assets for the operational expenses of Chrysler LLC or its subsidiaries. (Complaint ¶¶ 53-69). It also lacks any allegation that the trust agreement required State Street to offer plaintiffs the opportunity to withdraw their SRP benefits prior to the filing of bankruptcy proceedings. (*Id.*) Instead, plaintiffs' claim again lumps all "defendants" together, collectively referring throughout their fiduciary breach claim to "the Trustee and Other Fiduciaries," and charges them *together* with divesting plaintiffs of their SRP benefits. (*Id.*)

Such group pleading provides nothing more than assumption and speculation that State Street was involved in the alleged decision to use SRP assets for the operational expenses of Chrysler LLC or its subsidiaries; this unsupported allegation fails to satisfy the Supreme Court's mandate that claims based on the "mere possibility" that a defendant acted unlawfully must be

rejected. *Twombly*, 550 U.S. at 557. As is obvious from this claim, plaintiffs either gave little thought to their inclusion of State Street in this action, or added the bank as a tag-along with the hopes of substantiating their claims through discovery. What plaintiffs ignore in so doing is that *Twombly* and *Iqbal* require knowledge and facts *before* filing such accusations. *See id.* at 555 (holding that a pleading must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of defendant's alleged misconduct).

The absurd consequence of lumping all defendants together when attempting to assert a cause of action is most evident in plaintiffs' claim for statutory conversion. (Complaint ¶¶ 43-52). *Plaintiffs' claim contains no allegations suggesting that State Street actually converted any money that belonged to the SRP or plaintiffs for its own use, as is required in a claim for conversion.* (*Id.*); MCL600.2919a . The claim also fails to present any facts describing when or how State Street participated in the alleged decision to convert assets or how or when State Street aided in the alleged conversion of the assets.[4] (*Id.*) Indeed, the only allegation regarding State Street throughout the entire conversion claim is that it "participated in the decision to convert the assets of the [trust] for the use of Chrylser LLC and aided *Cerberus* and Chrysler LLC in converting the assets of the Rabbi Trust." (*Id.* at ¶ 49) (emphasis added). Now that Cerberus has been dismissed by plaintiffs from their claim for conversion, it is obvious that there is no factual basis for clinging to the claim that State Street "aided Cerberus" in the conversion of the trust's assets.

---

[4] Tellingly, plaintiffs themselves switch between asserting that State Street actually converted Rabbi Trust assets or, instead, aided in the conversion of these assets. *Compare* Opposition Brief p. 5 ("Had State Street not aided in the conversion of the Rabbi Trust Assets…") with Opposition Brief p. 11 ("Certainly, ERISA does not permit State Street to convert the Rabbi Trust assets which are held for Plaintiffs' benefit.").

**B.     Plaintiffs' Claims Are Preempted By ERISA**

State Street's motion to dismiss set forth the clear precedent establishing that top-hat plans such as the SRP are exclusively governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  As a result, state law claims related to top-hat plans are preempted.  Plaintiffs disregard that law by arguing that their claims are not derived from ERISA, but from Michigan statutory and common law.  (Motion to Dismiss pp. 6-8; Opposition Brief pp. 8-13).  Plaintiffs misfire on two accounts.  First, it is well-established that claims involving top-hat plans *must* be brought under ERISA, not under state law.  Indeed, most recently, the Seventh Circuit Court of Appeals issued a decision recognizing ERISA's preemptive effect on state law claims concerning top-hat benefits.  *See Comrie v. IPSCO, Inc.*, Slip Op. 10-2393 at pp. 2-11 (7th Cir. Feb. 18, 2011) (allowing plaintiff's claim under ERISA for miscalculation of benefits under SERP, but rejecting plaintiff's state law claims as preempted under ERISA).  Other appellate and district courts – including those in this district – have held the same.  *See*, e.g., *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 113 (2nd Cir. 2008) (affirming dismissal of retiree's state law claims against top-hat plan because the causes of action were preempted under ERISA); *Reliable Home Health Care, Inc. v. Union Central Ins. Co.*, 295 F.3d 505, 516 (5th Cir. 2002) (affirming dismissal of plaintiff's state law fraud claim as preempted by ERISA because "[t]he underlying conduct alleged by [plaintiff] cannot be severed from its connection to the [Supplemental Executive Retirement] Plan."); *Straney v. General Motors Corp.,* 2007 WL 3346149 *10 (E.D. Mich. 2007), *vacated on other grounds in part on rehearing by,* 2008 WL 162554 (E.D. Mich. 2008) (dismissing as preempted by ERISA state law claims for breach of contract, fraud, and innocent representation in a suit involving a top-hat plan);  *Starr v. MGM Mirage*, 2006 WL 3290299 *3 (D. Nev. Nov. 7, 2006) (dismissing as preempted by ERISA plaintiff's state law claims for breach of fiduciary duty, fraud, oppression

and malice relating to a top-hat plan); *Maatman v. Lumbermens Mut. Cas. Co.*, 2010 WL 415384 *5 (N.D. Ill. Jan. 28, 2010) (dismissing as preempted by ERISA plaintiff's state law claims for fraud, breach of fiduciary duty, and unjust enrichment because the claims relied on the existence of a top-hat plan).

Second, plaintiffs' preemption argument ignores the Sixth Circuit's clear mandate – reflected in a case heavily relied upon by plaintiffs in their opposition brief -- that state law claims which involve retirement plans and are asserted against ERISA plan-related entities, such as the trustee of an employee benefit plan, are preempted by ERISA. *See Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.* 399 F.3d 692, 698-700 (6th Cir. 2005) (dismissing plaintiff's state law claims *against trustee of employee benefit plan* as preempted by ERISA because they implicated a traditional ERISA plan entity) (emphasis added). Plaintiffs admit that the SRP is an employee benefit plan governed by ERISA. (Complaint ¶ 12) (alleging that the Chrysler SRP is "an employee benefit plan providing retirement benefits to eligible employees."). They also acknowledge State Street's role as trustee of the trust established under the SRP. (Complaint ¶ 15). Under the principles enunciated in *Penny/Ohlmann/Nieman, Inc.*, given State Street's role as trustee of the SRP's trust, ERISA preempts plaintiffs' state law claims against State Street.[5]

While plaintiffs are correct that ERISA's statutory fiduciary requirements do not apply to top-hat plans, they go awry in deducing that, therefore, state law claims alleging a breach of fiduciary duty must survive. (Opposition Brief pp. 12-13). That simply is not the law. Contrary to plaintiffs' misunderstanding, failing to have the exact remedy that plaintiffs want under

---

[5] Plaintiffs' reliance on *Wilson v. Unicare Corp.*, to rebut defendants' preemption argument is similarly misplaced. 2006 U.S. Dist. LEXIS 93101 (E.D. Mich. Dec. 26, 2006). The *Wilson* case concluded that ERISA did not preempt plaintiff's state law claim only after defendant failed to provide any evidence that the dispute between the parties concerned the payment of benefits pursuant to an employee benefit plan. *Id.* at ** 11-18.

ERISA does not save preempted state law claims. (Opposition Brief pp. 8-9). Indeed, in *Foley v. American Electric Power*, a court in this circuit dismissed as preempted state law breach of fiduciary duty claims because they stemmed from the plaintiff's participation in an ERISA top-hat plan. 425 F. Supp. 2d 863, 868-69 (S.D. Ohio 2006) In *Lawson v. Nationwide Mut. Ins. Co.*, the court similarly dismissed as preempted state law breach of fiduciary claims asserted in connection with a top-hat plan. 2005 WL 1533102 ** 6-7 (E.D. Pa. June 29, 2005). It is *because* ERISA exempts top-hat plan administrators and fiduciaries from its fiduciary requirements[6] that plaintiffs are not entitled to bring a state law cause of action for these same breaches. *McZeal v. Southern Consumers Coop, Inc.*, 2009 WL 1307943 *10 (W.D. La. May 7, 2009). ERISA's sweeping preemptive scope mandates this result. 29 U.S.C. § 1144(a). As noted by the *McZeal* court, "*[h]ad Congress envisioned a cause of action for ... breach of fiduciary duty against top-hat plan administrators or fiduciaries, the ERISA statute would provide for such a claim. This Congress did not do*." *McZeal*, 2009 WL 1307943 at *11. (emphasis added) In trying to maintain state law breach of fiduciary duty claims against State Street, plaintiffs are seeking to impose a higher standard of conduct on plan fiduciaries and trustees than ERISA imposes.

C.   **ERISA's Civil Enforcement Provisions Do Not Entitle Plaintiffs To Any Relief Against State Street**

Plaintiffs' argument that they must be entitled to the relief they seek under either ERISA or state law is simply wrong – because of the particular claims that plaintiffs have chosen to

---

[6] Congress imposed strict regulations over employee benefit plans whose participants and beneficiaries it most desired to protect – employer funded plans designed to secure employees' financial security upon retirement. *See Kemmerer v. ICI Americas, Inc.*, 70 F.3d 281, 286 (3rd Cir. 1995). ERISA imposes upon the trustees and sponsors of such plans strict fiduciary duties and standards of care. *Id. Top-hat plans, however, which benefit only highly compensated executives, and largely exist as devices to defer taxes, do not require such scrutiny and are exempted from much of ERISA's regulatory scheme. Id. In particular, top-hat plans are not subject to ERISA's strict fiduciary standards of loyalty and care as well as its vesting and participation requirements. Id.* at 286-7.

pursue. ERISA provides relief for top-hat plan mistakes, but plaintiffs do not (and cannot) seek the type of relief that ERISA actually provides. *See, supra, Comrie,* Slip Op. 10-2393 at pp. 2-11; *see also Bender v. Xcel Energy, Inc.*, 507 F.3d 1161, 1166-67 (8th Cir. 2007) (allowing, though ultimately denying, plaintiffs' ERISA § 502(a)(1)(B) claim against plan administrator to recover benefits allegedly due under top-hat plan); *McCusker v. Penn Fuel Gas, Inc. SERP*, 2003 WL 21640572 **6-7 (E.D. Pa. July 11, 2003) (allowing plaintiff's ERISA § 502(a)(3) claim against top-hat plan seeking prejudgment interest for benefits allegedly owed to plaintiff by plan).

As explained in State Street's opening brief, the Supreme Court has recognized that a cause of action under ERISA must fall under one of the statute's three enforcement provisions spelled out in Section 502(a), 29 U.S.C. § 1132(a). *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) (holding that the "civil enforcement provisions found in [ERISA] § 502(a), as finally enacted, provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."). The inability to satisfy at least one of these categories does not give top-hat plan participants such as plaintiffs a license to plead state law violations against top-hat plan entities. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996) ("[T]he preemptive force of ERISA is so powerful that it converts 'a state law claim into an action arising under federal law,' even if the plaintiff does not want relief under ERISA.") (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987)).

As shown in State Street's opening brief, plaintiffs do not have a claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), against State Street. Courts consistently recognize § 502(a)(1)(B) claims for benefits as breach of contract claims, with the benefit plan documents

constituting the contract.  (Motion to Dismiss p. 14) (citing *Crown Point Dental Care, LLC v. Guardian Life Ins. Co. of Am.*, 2008 WL 4762367 *2 (S.D. Ohio Oct. 24, 2008)).  Thus, the proper defendant in a Section 502(a)(1)(B) claim for benefits is the party offering the benefits. *See Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988); *Feinberg v. RM Acquisition, LLC*, Slip. Op. 10-1890 pp. 3-4 (7th Cir. Jan. 6, 2011); Opposition Brief p. 14 (citing Sixth Circuit case holding that employee may proceed under 502(a)(1)(B) in action to recover benefits *due from the plan administrator*) (emphasis added).  A trustee such as State Street, which is not the party offering plan benefits, has no authority to interpret plan terms, and does not determine benefits eligibility, is not a proper defendant in a § 502(a)(1)(B) claim.  Furthermore, plaintiffs here do not have a viable § 502(a)(1)(B) claim against State Street even if they could arguably seek "benefits due under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Because benefits provided by top-hat plans do not statutorily vest, they can only vest contractually.  *See Demery v. Extebank Deferred Compensation Plan*, 215 F.3d 283, 287 (2d Cir. 2000) ("Top hat plans are exempt from the … vesting provisions of ERISA, 29 U.S.C. §§ 1051-1061[.]"); *Kemmerer*, 70 F.3d at 286-87 (holding that a civil action may be brought by a participant or beneficiary of a top-hat plan to recover benefits due to him under the terms of the plan or to enforce his rights under the terms of the plan).  Here, plaintiffs do not allege – nor can they – that State Street was a party to the top-hat plan, the alleged contract under which benefits might vest.  Accordingly, any § 502(a)(1)(B) claim asserted by plaintiffs against State Street must fail.[7]

---

[7] Plaintiffs imply in their opposition brief that despite not exhausting all their administrative remedies, they could sidestep this requirement by simply alleging the futility of the administrative process. (Opposition Brief p. 14). That is not the case.  The Sixth Circuit requires more than an allegation that the administrative route is futile – it requires plaintiffs to "make a clear and positive indication" that further administrative review would have come to naught.  *See Stites v. Ford Motor Co.*, 2008 WL 3852250 **8-9 (E.D. Mich. Aug. 18, 2008) (quoting *Dozier v. Sun Life Assur. Co. of Canada*, 466 F.3d 532, 535 (6th Cir. 2006)).  Neither plaintiffs' complaint nor their opposition brief demonstrate that they can meet this heightened burden.  Moreover, the Sixth Circuit applies the administrative-futility doctrine in two scenarios, neither of which are applicable in this case:  (a) when the plaintiffs' lawsuit is

(continued…)

Plaintiffs' claims against State Street face a similar fate under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).[8] That section provides only for equitable relief, not the money damages plaintiffs seek. 29 U.S.C. § 1132(a)(3); *Werner v. Primax Recoveries*, 365 Fed. Appx. 664, 668 (6th Cir. 2010). Although plaintiffs wrongly attempt to circumvent this obstacle by arguing for a right to equitable restitution or an accounting for profits, their claim falls flat against State Street as plaintiffs do not allege – nor can they – that State Street either possesses property rightfully belonging to them or benefited in any way from the use of property rightfully belonging to them. *See Afridi v. Nat'l City Bank*, 509 F. Supp. 2d 655, 660 (N.D. Ohio 2007) ("[R]estitution is considered equitable relief 'ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.'") (emphasis added); *Walsh v. Principal Life Ins. Co.*, 266 F.R.D. 232, 254 (S.D. Iowa 2010) ("An accounting for profits is one of a category of traditionally restitionary remedies in equity, and is often invoked with a constructive trust … when a defendant has possession of particular funds or property that in good conscience belong to the plaintiff. *An accounting is imposed when the property subject to the constructive trust* produces profits while in defendant's possession.") (emphasis added).

---

directed to the legality of the plan and not to an interpretation of it and (b) when the defendant lacks the authority to institute the decision sought by the plaintiffs. *Id.* As a result, plaintiffs' pursuit of a 502(a)(1)(B) claim against defendants is significantly more difficult than they believe.

[8] Plaintiffs acknowledge that they cannot pursue a cause of action for breach of fiduciary duty under ERISA § 502(a)(2), 29 U.S.C. 1132(a)(2). (Opposition Brief p. 12). As a non-qualified pension plan under the Internal Revenue Code, (*see* Complaint ¶ 15), the SRP is not subject to the fiduciary requirements spelled out in ERISA § 409, 29 U.S.C. § 1109, and enforced through Section 502(a)(2). (*Id.*) ("Nonqualified plans, such as top hat plans, are exempt from ERISA's fiduciary responsibility provisions).

Simply put, ERISA § 502(a)(3) does not permit a restitution claim or an "accounting for profits" claim for the damages that plaintiffs seek from State Street.[9]

In sum, plaintiffs do not have a viable claim against State Street under ERISA for the redress they seek.  But that does not nullify the breadth of ERISA preemption or give plaintiffs a free pass to ignore ERISA.  *See California Div. of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.*, 519 U.S. 316, 323 (1997) (noting that ERISA's preemption of state law claims is "clearly expansive," has "a broad scope," and is "conspicuous for its breadth."). Indeed, courts have repeatedly rejected state law claims over retirement plans notwithstanding that ERISA failed to provide the remedy plaintiffs wanted.  *See Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1278 (6th Cir. 1991) (holding that plaintiff's state law claims were completely preempted even though plaintiff lacked standing to assert claims under ERISA because "jurisdiction is not determined by the outcome of the dispute"); *Rizzo v. Bankers Life & Cas. Co.*, 2004 WL 1093359 *3 (N.D. Ill. Apr. 27, 2004) (dismissing plaintiff's state law claims with prejudice because *they could not be re-pled under ERISA since they were asserted against the wrong defendant*) (emphasis added).[10]

In enacting ERISA, Congress envisioned that retirement benefits would be governed by one uniform system of regulation.  *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S.

---

[9] As further proof that plaintiffs did not take the time to properly consider and respond to the arguments made by State Street in its motion to dismiss, but simply re-filed their earlier response brief replacing references to Cerberus with State Street, plaintiffs unnecessarily argue at the end of their opposition brief that their claims cannot be barred by the SRP in an attempt to rebut an argument made not by State Street, but by Cerberus in its motion to dismiss prior to its dismissal from the case. (Opposition Brief pp. 24-25); (Case No. 10-cv-14214, Dkt. # 14, at pp. 26-28).
[10] Indeed, even in *Ackerman v. Fortis Benefits Ins. Co.*, relied on by plaintiffs in their opposition brief, the district court acknowledged that, after determining whether a claim is completely preempted by ERISA, a court still should "[g]o on to consider the merits of the claim pursuant to the substantive and procedural constraints of ERISA review."  254 F. Supp. 24 792, 817-18 (S.D. Ohio 2003); (Opposition Brief p. 8).  Under such an analysis, the court concluded that the plaintiff's claim for breach of contract could plausibly be read to state a claim under ERISA § 502(a).  *Id.* at 818.  For the reasons discussed above, the state law claims in this case cannot plausibly be read to state a claim against State Street under ERISA.

204, 209 (2002). To foster that goal, Congress made clear that the remedies ERISA provides are exclusive and should not be expanded. *Id.* Plaintiffs do not seek the equitable relief ERISA provides nor has State Street denied them any benefits provided by plan terms as protected by ERISA. Plaintiffs simply have no viable claim against State Street.

Defendant State Street Bank and Trust Company respectfully requests that for the reasons set forth in its opening brief and herein, this Court dismiss plaintiffs' Cerberus case complaint against State Street with prejudice.

Dated:  April 6, 2011

Respectfully submitted,

s/James D. VandeWyngearde

ABRAHAM SINGER (P23601)
JAMES D. VANDEWYNGEARDE (P58634)
Pepper Hamilton LLP
100 Renaissance Center, Suite 3600
Detroit, MI  48243
313.259.7110
singera@pepperlaw.com
vandewyj@pepperlaw.com
Local Counsel for Defendant
State Street Bank and Trust Company

WILBER H. BOIES, P.C.
NANCY G. ROSS
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, IL  60606
312.984.7686
bboies@mwe.com
nross@mwe.com
Counsel for Defendant
State Street Bank and Trust Company

DM_US 27978602-1.030790.0281