# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN LOFFREDO, et al., | |
| Plaintiffs, | |
| vs. | Hon. Julian A. Cook |
| | Case No. 2:10–cv–14181 |
| DAIMLER AG, a foreign corporation, STATE STREET BANK AND TRUST COMPANY, a Massachusetts Trust Company, DIETER ZETSCHE, an individual, THOMAS LASORDA, an individual, JOHN DOE and MARY ROE, individuals. | |
| Defendants. | |

## DEFENDANT STATE STREET BANK AND TRUST COMPANY'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

JAMES D. VANDEWYNGEARDE (P58634)
Pepper Hamilton LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
248.359.7300
vandewyj@pepperlaw.com
Local Counsel for State Street Bank and Trust Company

WILBER H. BOIES, P.C.
NANCY G. ROSS
PRASHANT KOLLURI
SAM MYLER
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, IL 60606
312.984.7686
bboies@mwe.com
nross@mwe.com
Counsel for State Street Bank and Trust Company

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF ISSUES PRESENTED ........................................................ iii

MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ........................... iv

I.     INTRODUCTION ................................................................................... 1

II.    ARGUMENT ............................................................................................ 1

   A.   PLAINTIFFS' MOTION FOR LEAVE TO AMEND IS BARRED BY THE SIXTH CIRCUIT'S
     MANDATE .......................................................................................... 1

     1.   *The Sixth Circuit's Mandate Bars Plaintiffs' Proposed ERISA Claims* ...................... 2

     2.   *Granting Plaintiffs Leave to Amend to Incorporate Their Proposed ERISA Claims
     Would Violate the Law of the Case* ................................................................... 6

     3.   *Plaintiffs Cannot Show any of the "Exceptional Circumstances" that Allow Courts to
     Disregard an Appellate Mandate or Reconsider the Law of the Case* ........................ 9

   B.   PLAINTIFFS' ADEA CLAIMS ARE FUTILE ........................................... 11

   C.   IN ADDITION TO BEING BARRED BY THE MANDATE RULE AND THE LAW OF THE CASE,
     PLAINTIFFS' EFFORT TO AMEND COMES TOO LATE ............................ 11

III.   CONCLUSION ...................................................................................... 13

## TABLE OF AUTHORITIES

Cases

*Allard Enterprises, Inc. v. Advanced Programming Resources, Inc.,*
    249 F.3d 564 (6th Cir. 2001) ...................................................................3
*Balsley v. Thermo Power Corp.,*
    151 F. Supp. 2d 872 (E.D. Mich. 2001) ....................................................6
*Brown v. Matauszak,*
    415 F. App'x 608 (6th Cir. 2011) ..............................................................5
*Cigna v. Amara,*
    131 S. Ct. 1866 (2011) ...........................................................................9, 10
*Collins v. B/E Aerospace, Inc.,*
    2010 WL 118334 at *2 (D. Kan. Jan. 5, 2010)........................................11
*Medical Ctr. Pharmacy v. Holder,*
    634 F.3d 830 (5th Cir. 2011) ...................................................................11
*Perkins v. American Electric Power Fuel Supply, Inc.,*
    91 F. App'x 370 (6th Cir. 2004) ................................................................3
*Pipefitters Local 636 Insurance Fund v. Blue Cross & Blue Shield of Michigan,*
    418 F. App'x 430 (6th Cir. 2011) .........................................................2, 12
*Royal Business Group, Inc. v. Realist, Inc.,*
    933 F.2d 1056 (1st cir. 1991)..................................................................12
*Strauss v. City of Chicago,*
    760 F.2d 765 (7th Cir. 1985) ...................................................................12
*Thomas v. Miller,*
    329 F. App'x 623 (6th Cir. 2009) ..............................................................5
*U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.,*
    532 F.3d 496 (6th Cir. 2008) ...................................................................10
*U.S. v. Duchi,*
    944 F.2d 391 (8th Cir. 1991) .....................................................................4
*U.S. v. O'Dell,*
    320 F.3d 674 (6th Cir. 2003) ...................................................................11
*United States v. Matthews,*
    643 F.3d 9 (1st Cir. 2011) .......................................................................10
*West v. AK Steel Corp.,*
    484 F.3d 395 (6th Cir. 2007) .....................................................................8
*Westside Mothers v. Olszewski,*
    454 F.3d 532 (6th Cir. 2006) ..................................................................8, 9

Statutes

28 U.S.C. § 1132(a)(3)...................................................................................8
Fed. R. Civ. P. 15 ....................................................................................9, 12

## STATEMENT OF ISSUES PRESENTED

I.    Whether plaintiffs should be granted leave to amend their complaint to add claims under ERISA where this Court has already denied plaintiffs leave to amend and dismissed their complaint with prejudice, and the Sixth Circuit affirmed this Court's decision in its entirety (with the exception of the state-law age discrimination claim).

II.   Whether plaintiffs should be granted leave to amend their complaint to include an ADEA claim in light of the Court's prior order and when the statutory prerequisites for filing such a claim have not been satisfied.

## MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

1.    Plaintiffs Proposed ERISA Claims are Barred

    (a)    An appellate court's mandate that remands a case for further proceedings with respect to one claim does not give plaintiffs license to revive other claims that were previously dismissed on the merits.

        *Pipefitters Local 636 Ins. Fund v. Blue Cross & Blue Shield of Mich.*, 418 F. App'x 430 (6th Cir. 2011)

    (b)    A plaintiff may not seek leave to amend to incorporate claims when the law of the case as previously established by the district court is inconsistent with those claims.

        *Balsley v. Thermo Power Corp.*, 151 F. Supp. 2d 872 (E.D. Mich. 2001)

2.    Plaintiffs' Motion for Leave to Amend is Untimely

    (a)    Plaintiffs cannot neglect earlier opportunities to seek leave to amend and then, only after an adverse decision from the appellate court on their claims, seek leave to replead.

        *Pipefitters Local 636 Ins. Fund v. Blue Cross & Blue Shield of Mich.*, 418 F. App'x 430 (6th Cir. 2011)

## I.    INTRODUCTION

Plaintiffs' motion for leave to file their proposed First Amended Complaint ("FAC") against State Street Bank and Trust Company ("State Street") should be denied. (Dkt. # 57, Motion for Leave to File Amended Complaint).  Plaintiffs have had a full and fair opportunity to litigate their claims.  Their original complaint brought four state law causes of action.  This Court determined that all of the claims were preempted by ERISA and could not, as a matter of law, be repled as viable claims under ERISA's civil enforcement provisions.  All of the claims were dismissed with prejudice.  Plaintiffs chose to appeal.  The Sixth Circuit affirmed this Court's decision that any attempt to replead ERISA claims would be futile and remanded the case for further proceedings only on plaintiffs' state law age-discrimination claim.  Now, in a motion that does not address either this Court's prior opinion or the Sixth Circuit's opinion, plaintiffs again request leave to amend to replead their previously dismissed claims under ERISA.

Plaintiffs' motion for leave to file their proposed First Amended Complaint asks this Court to ignore the broad mandate of the Sixth Circuit that affirmed this Court's denial of leave to plead the same ERISA claims that plaintiffs now propose.  Plaintiffs' proposed claims are also inconsistent with the law of the case as established by this Court, which previously held that plaintiffs could not plead viable claims under ERISA.  Plaintiffs' motion should also be denied because it has been filed after undue delay and after plaintiffs waived their right to request leave to amend to bring these claims.

## II.    ARGUMENT

### A.    Plaintiffs' Motion for Leave to Amend is Barred by the Sixth Circuit's Mandate

The Sixth Circuit recently concluded, in a situation very similar to the one before this Court, that plaintiffs cannot use a limited remand as an opportunity to revive previously

dismissed claims. In *Pipefitters Local 636 Insurance Fund v. Blue Cross & Blue Shield of Michigan* the Sixth Circuit reversed a district court's decision allowing a plaintiff to replead a claim on remand when the district court's prior dismissal of that claim had been affirmed on appeal. 418 F. App'x 430 (6th Cir. 2011). The Sixth Circuit held:

> [W]hen a court decides upon a rule of law, the decision should continue to govern the same issues in subsequent stages in the same case. . . . Pursuant to the law of the case doctrine, and the complimentary "mandate rule," upon remand the trial court is bound to proceed in accordance with the mandate and the law of the case as established by the appellate court.

*Id.* at 434 (internal citations and quotations omitted). As in this case, one of the claims in the *Pipefitters* case was remanded for further proceedings. But as to the other claims, the Sixth Circuit's mandate to the trial court "dismissed [the repled claim] on the merits" and "[did] not contemplate or permit the filing of an amendment." *Id.* at 435. The Sixth Circuit held that the *Pipefitters* plaintiff's subsequent motion for leave to amend should have been denied because allowing an amended complaint would be to reduce the Court of Appeals ruling "to an advisory opinion from the Court informing [the plaintiff] of the deficiencies of the complaint and giving it an opportunity to cure those deficiencies." *Id.* (citing *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)) (internal quotation marks omitted). Plaintiffs' proposed claims in this case should be rejected for the same reasons: the Sixth Circuit's decision with respect to the futility of repleading ERISA claims was on the merits, its mandate did not contemplate the filing of an amendment, and plaintiffs cannot treat the Sixth Circuit's opinion as an "advisory opinion" giving plaintiffs a second chance properly plead claims under ERISA.

### 1.     The Sixth Circuit's Mandate Bars Plaintiffs' Proposed ERISA Claims

As the Sixth Circuit explained in *Pipefitters*, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Id.* at 434 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Accordingly, a district

court is expected to comply with both the "letter and spirit" of the appellate court's mandate read in the context of the opinion and the circumstances it embraces. *Allard Enterprises, Inc. v. Advanced Programming Resources, Inc.*, 249 F.3d 564, 569 (6th Cir. 2001) (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). The mandate to the trial court includes not only those issues that were expressly decided on appeal, but also those that were impliedly decided. *Perkins v. American Electric Power Fuel Supply, Inc.*, 91 F. App'x 370, 374 (6th Cir. 2004).

In this case, because the mandate was broad and addressed the viability of ERISA claims under the SRP *and* the Rabbi Trust, and because the substance of plaintiffs' proposed claims is the same as those already addressed by the trial and appellate courts, plaintiffs' "new" claims are barred by the Sixth Circuit's mandate. *See id.* at 374-75 (looking to the issues presented and argued on appeal as defining the scope of an appellate court's mandate). As the appellate record clearly shows, plaintiffs invited the Sixth Circuit to decide whether this Court was correct in determining that any attempt to replead claims under ERISA based on either the SRP or the Rabbi Trust would be futile – and the Sixth Circuit addressed and definitively ruled on this issue.

For example, plaintiffs presented the following issues on appeal and made the following arguments to the Sixth Circuit:

- "Whether appellants should be permitted to amend their complaints in order to plead claims under Section 1132(a)(1)(B) of ERISA in order to enforce the terms of the plan." (Appeal, 11-1824, Pl. Opening Brief at 3).

- "Whether appellants should be permitted to amend their complaints in order to plead claims under Section 1132(a)(3) of ERISA for an accounting and/or restitution with respect to the $197 Million that was stolen from the Rabbi Trust prior to Chrysler, LLC's bankruptcy." (*Id.*)

- "Appellants are undoubtedly entitled to bring claims to *enforce the terms of the SRP and Rabbi Trust* against State Street under [ERISA] Section 1132(a)(1)(B) . . . ." (*Id.* at 40) (emphasis added).

- 3 -

- "Appellants have actionable claims for equitable relief under [ERISA] Section 1132(a)(3) against all defendants." (*Id.* at 51).

- "Defendants are subject to an implied duty of good faith in exercising discretion under the SRP and Rabbi Trust." (*Id.* at 42).

- "Appellants have a viable claim to enforce Sections [2.1, 3.1.1, 3.1.2, and 3.2] of the Rabbi Trust." (*Id.* at 45-51).

Not only were these claims before the Sixth Circuit, they were definitively decided.

Specifically, the Sixth Circuit held:

- "Having decided that ERISA preempts three of plaintiffs' four state-law claims, we must consider whether the district court erred in denying plaintiffs leave to amend their complaint to raise *new* ERISA-based claims." (Dkt # 55, Sixth Cir. Op. at 14) (emphasis added).

- "[Plaintiffs] did not allege conduct of the defendants that violated provisions of any trust document, and as a result the district court denied their motion to amend [to include § 1132(a)(1)(B) claims]." (*Id.* at 15).

- "We affirm the dismissal of *all of the claims*, save the age-discrimination claim." (*Id.* at 2) (emphasis added).

- "For these reasons, we reverse the district court's dismissal of the state-law age-discrimination claim, affirm its dismissal of the other issues and remand." (*Id.* at 16).

In affirming this Court's dismissal of "all of the claims," *id.* at 2, and "the other issues," *id.* at 16, the Sixth Circuit explicitly held that *any* amendment to include claims under ERISA would be futile.  The Sixth Circuit's decision was on the merits, did not contemplate or permit amendment, and was clearly not intended to be viewed as an "advisory opinion" on how to replead claims under ERISA on remand.  *See Pipefitters*, 418 Fed. App'x at 435.  *See, e.g., U.S. v. Duchi*, 944 F.2d 391, 392-93 (8th Cir. 1991) (holding that the "issue" decided by the appellate court on an earlier appeal for purposes of the mandate rule was whether certain evidence was admissible generally, not merely whether the evidence could be admitted under one particular theory advanced by the Government).

Not only does the Sixth Circuit's mandate bar the filing of any new ERISA claims concerning either the SRP or the Rabbi Trust, but by plaintiffs' own admission, "the general factual scope of Plaintiffs' claims has not changed" and "the additional claims asserted by plaintiffs in their proposed FAC are based upon the same general underlying facts." (Dkt. # 57, Pl. Brief in Support of Mot. for Leave to Amend at 2-3). Given that statement by plaintiffs and the explicit findings of the Sixth Circuit, plaintiffs' attempt to repackage their previous allegations and label them as "new" ERISA claims is insufficient to avoid the preclusive scope of the Sixth Circuit's mandate. Plaintiffs should not be afforded yet another opportunity to litigate claims that are identical in substance simply by bringing them under a slightly different theory. *Cf. Thomas v. Miller*, 329 F. App'x 623, 627 (6th Cir. 2009) (holding that the doctrine of claim preclusion bars the relitigation of claims when there is a common identity of facts and evidence necessary to sustain each action) (citing *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Had the Sixth Circuit found that amendment of the complaint to incorporate purportedly new allegations for violation of the Rabbi Trust would have supported an ERISA claim, its mandate could have directed this Court to provide plaintiffs leave to amend. *See,* as an example, *Brown v. Matauszak*, 415 F. App'x 608, 616-17 (6th Cir. 2011) (overturning trial court denial of leave to amend on the grounds that documents and allegations presented for the first time on appeal by pro se plaintiff were sufficient to state a claim for relief and remanding with specific instructions that plaintiff be given leave to amend). The Sixth Circuit's remand of only the age claim and explicit affirmance of this Court's dismissal on the other issues leaves no room for an amended complaint.

    **2.**    *Granting Plaintiffs Leave to Amend to Incorporate Their Proposed ERISA*
           *Claims Would Violate the Law of the Case*

The law of the case doctrine provides that "when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the same case."

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988). This doctrine

furthers efficiency and fairness by protecting against the agitation of settled issues. *Id.* at 816.

For example, in *Balsley v. Thermo Power Corp.*, the district court applied the law of the case in

refusing to allow a plaintiff to relitigate the question of whether a certain internal memorandum

was a plan document for the purposes of stating a claim for benefits under ERISA §

1132(a)(1)(B). 151 F. Supp. 2d 872 (E.D. Mich. 2001). In so holding, the court concluded that

while the plaintiff was given leave to amend his complaint, the court's ruling on a prior motion

to dismiss that the memorandum was not a plan document was binding at all subsequent stages

of the litigation. *Id.* at 876-77.

In the same way, the law of the case as established by this Court with respect to the

viability of plaintiffs' ERISA claims is binding at this later stage of the litigation and bars

attempt at amendment. In arguments to this Court, plaintiffs asserted that if this Court

determined that their state-law claims were preempted, then they could allege claims against the

defendants under ERISA's civil enforcement provisions for breach of both the SRP and the

Rabbi Trust. In support of support of their argument that they had viable ERISA claims,

plaintiffs asserted:

- "Plaintiffs, as participants of the SRP, and beneficiaries of the Rabbi Trust, which was established thereunder, may pursue claims against Defendants in order to enforce the terms of both the SRP and the *Rabbi Trust* pursuant to Section 1132(a)(1)(B)." (Dkt. # 31, Response to Mot. to Dismiss at 21) (emphasis added).

- "[I]n the event that this Court finds that any of Plaintiffs' claims are preempted by ERISA, Plaintiffs should be permitted to re-plead their claims under Section 1132(a)(1)(B) of ERISA in order to enforce their rights under the SRP and the *Rabbi Trust* and to recover benefits

which they have lost as a direct and proximate result of Defendants' conduct in violation of the SRP and the *Rabbi Trust*." (*Id.*) (emphasis added).

- "Plaintiffs may pursue claims [for equitable relief under Section 1132(a)(3)] against anyone involved with the SRP and/or the *Rabbi Trust*, including Defendants." (*Id.* at 22) (emphasis added).

Given those arguments, plaintiffs' proposed amended complaint full of quotes from the Rabbi Trust is really nothing new; plaintiffs have already expressly presented to this Court the question of whether they could state ERISA claims under either § 1132(a)(1)(B) or § 1132(a)(3) for a violation of the Rabbi Trust.

After deciding that plaintiffs' state law claims were preempted by ERISA, this Court held that "any attempt by Plaintiffs to re-plead their claims under ERISA would be futile." (Dkt. # 47, June 6, 2011 Order at 27). This Court considered each of ERISA's three civil enforcement provisions and found "many shortcomings" that justified dismissal of plaintiffs' complaint with prejudice. (*Id.* at 27). These rulings with respect to the shortcomings of plaintiffs' original complaint and proposed ERISA claims are binding as the law of the case and bar plaintiffs from repleading claims premised on the same facts and legal theories.

There were good reasons for this Court's finding as to the futility of repleading possible claims under each of ERISA's three civil enforcement provisions. As to ERISA § 1132(a)(1)(B) and alleged violations of the Chrysler plan, this Court determined that any attempt to replead under § 1132(a)(1)(B) would fail for "many independently sufficient reasons." (*Id.* at 22). As an initial matter, this Court held that "much of the alleged misconduct upon which the plaintiffs' claims are based is conduct that is *specifically* permitted or even *mandated* by the terms of the SRP and *trust*." (*Id.* at 23) (emphasis added). Moreover, while plaintiffs are basically arguing again about not getting annuities, this Court recognized that, "by the clear terms of the SRP, the Board Committee was under no obligation to purchase annuities or otherwise secure any

- 7 -

employee's benefits and an offer to any employee did not obligate the Board Committee to do so for any other employee." (*Id.*) This Court also recognized that "under the terms of the trust, State Street was obligated to suspend payments to SRP beneficiaries upon notice of insolvency." (*Id.* at 24). Because this Court has already addressed the core issues of compliance with the terms of the SRP and Rabbi Trust, plaintiffs' proposed claims seeking relief under § 1132(a)(1)(B) are barred by the law of the case as established by this Court and affirmed by the Sixth Circuit.

With respect to plaintiffs' proposed ERISA § 1132(a)(2) claims, this Court has already held that plaintiffs cannot state a claim under this provision because top-hat plans are not subject to ERISA's fiduciary provisions. (*Id.* at 13). Plaintiffs did not raise this issue on appeal, and plaintiffs cannot pursue a claim under this section.

A ERISA § 1132(a)(3) claim for equitable relief is similarly precluded by the law of the case. In its order dismissing plaintiffs' claims, this Court found that § 1132(a)(3) could not support plaintiffs' ERISA claims because plaintiffs were seeking in actuality money damages only available under § 1132(a)(1)(B). (Dkt. # 47, June 6, 2011 Order at 25). ERISA § 1132(a)(3) enables a plan beneficiary "to obtain other appropriate *equitable* relief" for a violation of ERISA or an ERISA plan. 28 U.S.C. § 1132(a)(3). It does not, however, allow beneficiaries to seek *legal* relief, such as compensatory damages. *West v. AK Steel Corp.*, 484 F.3d 395, 403 (6th Cir. 2007) ("Lawsuits seeking to compel the defendant to pay a sum of money . . . almost invariably are suits for money damages, the classic form of legal relief.") (citing *Crosby v. Bowater, Inc. Ret. Plan*, 382 F.3d 587 (6th Cir. 2004)). This Court rejected plaintiffs' efforts to claim a violation of § 1132(a)(3) by disguising their request for legal relief as a request for equitable relief through the use of labels such as "restitution" or "an accounting." (Dkt. # 47,

Order Granting Mot. to Dismiss at 25). Plaintiffs' proposed ERISA claims have not changed with respect to the form of relief sought. To the extent that plaintiffs seek to assert ERISA claims under § 1132(a)(3), these claims are also barred by the law of the case.[1]

### 3. Plaintiffs Cannot Show any of the "Exceptional Circumstances" that Allow Courts to Disregard an Appellate Mandate or Reconsider the Law of the Case

Under established 6th Circuit law, the preclusive effect of the Sixth Circuit's mandate and the binding effect of this Court's previous decision denying plaintiffs leave to replead claims under ERISA may only be reconsidered if one of three "exceptional circumstances" exist: (1) where substantially different evidence is raised at a subsequent trial; (2) where a subsequent contrary view of the law is decided by controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). Plaintiffs cannot avail themselves of any of these exceptions.[2]

Plaintiffs cannot demonstrate "substantially different evidence" simply by filing a proposed amended complaint focused on and quoting from the terms of the Rabbi Trust. Plaintiffs had a copy of the Rabbi Trust at least *six months* prior to this Court's dismissal of their original complaint, when Defendant Daimler AG ("Daimler") attached it as an exhibit to its motion to dismiss. (Dkt. # 25, Daimler Mot. to Dismiss, Exhibit B). Plaintiffs had the opportunity to amend their complaint at that point to make the same allegations they now seek to assert. In fact, under Fed. R. Civ. P. 15(a)(1)(B), plaintiffs had 21 days from the receipt of the defendants' motions to dismiss on December 13, 2010 to amend their complaint *as of right*. Fed.

---

[1] While plaintiffs refer to the Supreme Court's May 16, 2011 opinion in *Cigna v. Amara*, 131 S. Ct. 1866 (2011), for reasons more fully discussed *infra* at Section II.A.3, this decision does not resurrect claims previously dismissed in this case. Plaintiffs had numerous opportunities to raise the implications of *Cigna* at earlier stages in the litigation and failed to do so. The waiver component of the mandate rule precludes revisiting this issue on remand.

[2] Plaintiffs' motion does not in any way suggest that either the Sixth Circuit's or this Court's decision was "clearly erroneous." This basis for possible reconsideration of the law of the case or the Sixth Circuit's mandate is not before the Court.

- 9 -

R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)."). [3]  Plaintiffs could even have moved to amend their complaint even after its dismissal by filing a motion to set aside this Court's judgment. *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008) (providing that district courts have the discretion to set aside prior judgments and allow plaintiffs to amend their complaints under Rule 59 or Rule 60 if there is, *inter alia,* newly discovered evidence or an intervening change in controlling law).  Instead, plaintiffs chose to stand on their original complaint and appeal about their state-law claims.  They cannot now claim that the Rabbi Trust is "substantially different evidence."

Nor has there been any "subsequent contrary view of the law" that would justify reconsideration of the Sixth Circuit's mandate or the previous rulings in this case.  Plaintiffs cite the Supreme Court's decision in *Cigna v. Amara*, 131 S. Ct. 1866 (2011) as providing a basis for the recovery of monetary relief.  (Dkt. #57, Pl. Mot. for Leave to Amend at 3).  Plaintiffs may be heading toward a reply brief argument that *Cigna* is subsequent contrary law, but it is not.  *Cigna* was decided on May 16, 2011, which was a full three weeks *before* this Court's June 6, 2011 ruling on defendants' motions to dismiss, (Dkt. # 47, Order Granting Mot. Dismiss), over a month before plaintiffs filed their June 28, 2011 notice of appeal, (Dkt. # 49, Notice of Appeal), and over four months prior to filing their September 23, 2011 opening brief. (Appellate Dkt., Case No. 11-1824, Appellant Brief). Given this time sequence, the Supreme Court's decision in *Cigna* is not a *subsequent* contrary view of the law.  *See, e.g., United States v. Matthews*, 643 F.3d 9, 14-15 (1st Cir. 2011) (refusing to recognize the exception for a subsequent change in the law when the purported change occurred *after* the trial court's judgment but *before* the appeal

---

[3] In fact, the stated goal of Rule 15(a)(1)(B) is to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion" and "expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 Advisory Committee Notes (2009 amendments).

was briefed and argued). At no point prior to remand did plaintiffs raise *Cigna* as a new ground for reconsideration of this Court's decision with respect to the viability of potential § 1132(a)(3) claims or the remedies available thereunder.  Having waived this argument, plaintiffs cannot now raise the same issue at this late stage.[4] *U.S. v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003) ("Where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so.") (citing *United States v. Ben Zvi*, 242 F.3d 89 (2d Cir. 2001)). *See also Medical Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) ("The waiver doctrine, like the law-of-the-case doctrine, serves judicial economy by forcing the parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals.").

**B.      Plaintiffs' ADEA Claims are Futile**

For the convenience of the Court, State Street adopts the arguments in Section A of defendant Thomas Lasorda's March 22, 2013 Brief in Opposition to Plaintiffs' Motion for Leave to Amend Complaint.[5]

**C.      In Addition to Being Barred by the Mandate Rule and the Law of the Case, Plaintiffs' Effort to Amend Simply Comes Too Late**

Plaintiffs' reliance on Rule 15(a)'s liberal standard with respect to the amendment of pleadings ignores the reality that their motion for leave to amend simply comes too late in the history of this case. Fed. R. Civ. P. 15(a) provides that before trial the court should freely grant

---

[4] Waiver aside, *Cigna* does nothing to advance plaintiffs' claims. *Cigna* addresses *remedies* available for breach of fiduciary duty in violation of ERISA.  Because this Court has already determined that plaintiffs have no viable ERISA claims (and the 6th Circuit has affirmed), there is no room in this case at this stage for new arguments about ERISA remedies.
[5] State Street also reserves the right to contest any of plaintiffs' proposed amended claims by a motion to dismiss. State Street's Brief in Opposition is without prejudice to its ability to raise later arguments pertaining to the merits of any of plaintiffs' claims. *See, e.g., Collins v. B/E Aerospace, Inc.*, 2010 WL 118334 at *2 (D. Kan. Jan. 5, 2010) ("The court's rejection of a defendant's [futility] argument in the context of plaintiff's motion to amend is not [a] definitive ruling on whether as a matter of law, plaintiff can bring a claim.").

leave to amend "when justice so requires." But as instructed by the Sixth Circuit, when a plaintiff chooses to stand on his complaint and appeal its dismissal rather than request leave to amend, he is no longer entitled to the Rule 15(a) standard. *Pipefitters*, 418 F. App'x at 435 (holding that Rule 15 *does not apply* if plaintiffs seeks leave to amend following dismissal of complaint).

Rule 15 aside, plaintiffs are attempting the sort of serial litigation which the courts simply do not tolerate. *See, e.g., Royal Business Group, Inc. v. Realist, Inc.*, 933 F.2d 1056, 1066 (1st cir. 1991) (denying leave to amend because plaintiff chose to "test the appellate waters" rather than seek leave to amend after the dismissal of his complaint), and *Strauss v. City of Chicago*, 760 F.2d 765, 770 (7th Cir. 1985) (holding that plaintiff may either seek relief from judgment and leave to amend or stand on complaint and appeal, but when plaintiff chooses to appeal, he may not then amend). Plaintiffs could have amended their complaint as of right to raise "new" claims within 21 days of receiving the defendants' December 13, 2010 motions to dismiss. Fed. R. Civ. P. 15(a)(1)(B). Even after dismissal, plaintiffs could have moved to set aside this Court's judgment and sought leave to amend prior to filing their appeal. *U.S. ex rel. SNAPP, Inc.*, 532 F.3d at 507. Plaintiffs cannot elect to appeal, lose their appeal and then seek leave to amend and try again.

III.   **CONCLUSION**

This Court has already once held that granting plaintiffs leave to amend to pursue ERISA claims would be futile. Plaintiffs chose to appeal this Court's ruling. The Sixth Circuit affirmed and issued a broad mandate that spoke clearly on the futility of ERISA claims while affirming this Court. Because granting leave to amend would violate both the letter and spirit of the Sixth Circuit's mandate and the law of this case and would come too late, plaintiffs' motion should be denied.

> Respectfully submitted,
>
> s/ James D. VandeWyngearde
> JAMES D. VANDEWYNGEARDE (P58634)
> Pepper Hamilton LLP
> 4000 Town Center, Suite 1800
> Southfield, MI  48075
> 248.359.7300
> *vandewyj@pepperlaw.com*
> *Local Counsel for State Street Bank and Trust Company*
>
> WILBER H. BOIES, P.C.
> NANCY G. ROSS
> PRASHANT KOLLURI
> SAM MYLER
> McDermott Will & Emery LLP
> 227 W. Monroe Street
> Chicago, IL  60606
> 312.984.7686
> *bboies@mwe.com*
> *nross@mwe.com*
> Counsel for State Street Bank and Trust Company

Dated:  March 22, 2013

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2013, I caused a copy of the foregoing Defendant State Street Bank and Trust Company's Brief in Opposition to Plaintiffs' Motion for Leave to Amend Complaint and this Certificate of Service to be electronically filed with the U.S. District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

I further certify that a copy will be delivered to the Hon. Julian A. Cook, 231 W. Lafayette Blvd, Room 718, Detroit, MI 48226.

s/James D. VandeWyngearde
JAMES D. VANDEWYNGEARDE (P58634)
Pepper Hamilton LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
248.359.7300
*vandewyj@pepperlaw.com*
*Local Counsel for State Street Bank and Trust Company*

DM_US 41527349-1.030790.0281