UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LOFFREDO, *et al.*,

      Plaintiffs,

v.

DAIMLER AG, *et al.,*

      Defendants.

Case No. 2:10-cv-14181
Hon. Julian A. Cook

## <u>DEFENDANT THOMAS LASORDA'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT</u>

DICKINSON WRIGHT PLLC
L. Pahl Zinn (P57516)
Lawrence G. Campbell (P11553)
Thomas G. McNeill (P36895)
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3705

TROUTMAN SANDERS LLP
J. Timothy Mast
Rebecca Shanlever
Mary M. Weeks
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
(404) 885-3000

## STATEMENT OF ISSUES PRESENTED

I.     Whether Plaintiffs should be granted leave to amend their complaint to add claims under ERISA where this Court has already denied Plaintiffs leave to amend and dismissed with prejudice their Complaint, and the Sixth Circuit affirmed this Court's decision in its entirety (with the exception of the state law age discrimination claim).

II.    Whether Plaintiffs should be granted leave to amend their complaint to include an ADEA claim in light of this Court's prior order and when the statutory prerequisites for filing such a claim have not been satisfied.

## **MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

1.　Any proposed amendment to add a claim under the ADEA is futile.

  a.　A plaintiff that fails to first exhaust his administrative remedies cannot state a claim for relief under the ADEA.

   *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002).

  b.　A party other than an "employer" cannot be held personally liable under the ADEA.

   *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *Liggins v. Ohio*, No. 99-3535, 2000 U.S. App. LEXIS 1938, at \*5-6 (6th Cir. Feb. 8, 2000).

2.　Plaintiffs' proposed amendment is barred by the mandate rule and the law of the case doctrine.

  *Pipefitters Local 636 Ins. Fund v. Blue Cross & Blue Shield of Mich.*, 418 F. App'x 430, 434 (6th Cir. 2011).

3.　Any proposed amendment to add a claim under ERISA is futile for the same reasons previously ruled upon by this Court and the Sixth Circuit.

  a.　Plaintiffs cannot state a viable claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), against Mr. LaSorda.

   *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842 (6th Cir. 2007); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988).

  b.　Equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), does not allow for monetary damages against a non-fiduciary, and top hat plans are exempt from the fiduciary provisions of ERISA.

   *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993).

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES PRESENTED................................................................. i

MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT................................ ii

TABLE OF AUTHORITIES ................................................................................ iv

PRELIMINARY STATEMENT ........................................................................... 1

PROCEDURAL HISTORY ................................................................................. 1

ARGUMENT ................................................................................................... 6

    A.    Any Attempt To Add An ADEA Claim Is Futile ................................. 6

        1.    Plaintiffs Have Not Satisfied The Administrative Prerequisites To Bringing An ADEA Claim.................................................. 6

        2.    Any ADEA Claim Against Defendant LaSorda Also Fails Because There Is No Individual Liability Under The ADEA ................................ 8

    B.    Any Attempt To Add An ERISA Claim Is Futile ................................. 9

        1.    The Law Of The Case Doctrine And Mandate Rule Preclude Plaintiffs' Proposed ERISA Claims.......................................... 9

        2.    For The Same Reasons Previously Ruled Upon By This Court, Plaintiffs' Proposed Amendment To State An ERISA Claim Is Futile ................................................................................ 10

            a.    Plaintiffs Make No Allegation That Defendant LaSorda Violated Any Claimed Obligation Under The Rabbi Trust ........ 10

            b.    Plaintiffs Do Not Allege That Defendant LaSorda Controlled Administration Of The SRP As Required For A Claim Under § 1132(a)(1)(B) ...................................... 11

            c.    Defendants' Alleged Actions Were Expressly Authorized By The SRP.................................................................... 13

            d.    Plaintiffs Do Not Seek Equitable Relief Recoverable Under § 1132(a)(3) ........................................................ 14

    CONCLUSION................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Acosta v. Bank of La.,
  No. 01-2194, 2003 U.S. Dist. LEXIS 5538 (E.D. La. Apr. 2, 2003)........................................2

Akers v. Family Independence Agency,
  No. 00-cv-73452, 2001 U.S. Dist. LEXIS 8983 (E.D. Mich. May 24, 2001) ..........................8

Amini v. Oberlin Coll.,
  259 F.3d 493 (6th Cir. 2001) ...................................................................................................7

Caruso v. Alltel Corp.,
  113 F. App'x 90 (6th Cir. 2004) ..............................................................................................7

Cigna Corp. v. Amara,
  __ U.S. __, 131 S. Ct. 1866 (2011)........................................................................................15

Colin v. Marconi Commerce Sys. Emps.' Ret. Plan,
  335 F. Supp. 2d 590, 598 (M.D.N.C. 2004) ..........................................................................13

Coomer v. Bethesda Hosp., Inc.,
  370 F.3d 499 (6th Cir. 2004) ...................................................................................................2

Cyr v. Reliance Standard Life Ins. Co.,
  642 F.3d 1202 (9th Cir. 2011) ...............................................................................................12

Daniel v. Eaton Corp.,
  839 F.2d 263 (6th Cir. 1988) .................................................................................................11

Davis v. Sodexho,
  157 F.3d 460 (6th Cir. 1998) ...................................................................................................6

Devlin v. Transp. Commc'ns Int'l Union,
  173 F.3d 94 (2d Cir. 1999).......................................................................................................8

Dixon v. Ohio Dep't of Rehab. & Corr.,
  No. 97-4475, 1999 U.S. App. LEXIS 8384 (6th Cir. Apr. 28, 1999)......................................7

Duggan v. Hobbs,
  99 F.3d 307 (9th Cir. 1996) .....................................................................................................2

Ford v. Tenn. Human Rights Comm'n,
  No. 99-5415, 2000 U.S. App. LEXIS 1383 (6th Cir. Jan. 28, 2000)......................................8

-iv-

*Goldstein v. Johnson & Johnson*,
  251 F.3d 433 (3d Cir. 2001).....................................................................................2

*Gore v. El Paso Energy Corp. Long Term Disability Plan*,
  477 F.3d 833 (6th Cir. 2007) .................................................................................11

*Great-West Life & Annuity Ins. Co. v. Knudson*,
  534 U.S. 204 (2002)...............................................................................................15

*Hall v. LHACO, Inc.*,
  140 F.3d 1190 (8th Cir. 1998) ...............................................................................13

*Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*,
  530 U.S. 238 (2000)...............................................................................................12

*Hiler v. Brown*,
  177 F.3d 542 (6th Cir. 1999) ...................................................................................8

*Hoover v. Timken Co.*,
  30 F. App'x 511 (6th Cir. 2002) ...............................................................................7

*Hunter v. Lipps*,
  No. C-1-07-004, 2007 U.S. Dist. LEXIS 49704 (S.D. Ohio July 10, 2007) ............9

*Jewell v. Smurfit-Stone Container Enters.*,
  No. 08-cv-392, 2012 U.S. Dist. LEXIS 24773, at *5-6 (E.D. Tenn. Feb. 27, 2012)................9

*Jones v. Smith-McKinney Co.*,
  No. 04-cv-80-JMH, 2004 U.S. Dist. LEXIS 29761 (E.D. Ky. Nov. 18, 2004) ........7

*LifeCare Mgmt. Servs., LLC v. Ins. Mgmt. Adm'rs, Inc.*,
  703 F.3d 835 (5th Cir. 2013) .................................................................................11

*Liggins v. Ohio*,
  No. 99-3535, 2000 U.S. App. LEXIS 1938 (6th Cir. Feb. 8, 2000) ..........................8

*Local 6-0682 Int'l Union of Paper v. Nat'l Indus. Grp. Pension Plan*,
  342 F.3d 606 (6th Cir. 2003) .................................................................................15

*Marquis v. Tecumseh Prods. Co.*,
  206 F.R.D. 132 (E.D. Mich. 2002) ...........................................................................7

*Mertens v. Hewitt Assocs.*,
  508 U.S. 248 (1993)...........................................................................................14, 15

*Panecassio v. Unisource Worldwide, Inc.*,
  532 F.3d 101 (2d Cir. 2008)...................................................................................12

*Pipefitters Local 636 Ins. Fund v. Blue Cross & Blue Shield of Mich.*,
    418 F. App'x 430 (6th Cir. 2011) ......................................................................9, 10

*Ravencraft v. UNUM Life Ins. Co. of Am.*,
    212 F.3d 341 (6th Cir. 2000) ......................................................................................2

*Riverview Health Inst., LLC v. Med. Mut. of Ohio*,
    601 F.3d 505 (6th Cir. 2010) ...............................................................................6, 10

*Saad v. George P. Johnson Co.*,
    No. 06-13494, 2008 U.S. Dist. LEXIS 80484 (E.D. Mich. Sept. 30, 2008) .............9

*Samons v. Cardington Yutaka Techs., Inc.*,
    No. 08-cv-988, 2009 U.S. Dist. LEXIS 30398 (S.D. Ohio Apr. 6, 2009) ...............7

*Schomaker v. Gen. Motors, Inc.*,
    No. 10-cv-764, 2012 U.S. Dist. LEXIS 26961 (W.D. Mich. Jan. 18, 2012) ...........8

*Warren v. Oil, Chem. & Atomic Workers Union-Indus. Pension Fund*,
    729 F. Supp. 563 (E.D. Mich. 1989) ...................................................................8, 11

*Wathen v. Gen. Elec. Co.*,
    115 F.3d 400 (6th Cir. 1997) .................................................................................8, 9

## STATUTES

29 U.S.C. § 626(d)(1) ..........................................................................................................6
29 U.S.C. § 626(d)(1)(B) ....................................................................................................6
29 U.S.C. § 630(b) ..............................................................................................................9
29 U.S.C. § 1106(a) ..........................................................................................................12
29 U.S.C. § 1132(a) ............................................................................................................9
29 U.S.C. § 1132(a)(1)(B) ..........................................................................................passim
29 U.S.C. § 1132(a)(2) ........................................................................................................3
29 U.S.C. § 1132(a)(3) ...............................................................................................passim

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6) .......................................................................................................8
Fed. R. Civ. P. 15(a)(1)(B) .................................................................................................2

## PRELIMINARY STATEMENT

This Court has already considered whether Plaintiffs' ERISA claims could succeed <u>even if</u> they were given leave to amend their complaint and ruled that Plaintiffs would not be entitled to relief under any of ERISA's civil enforcement provisions.  The Sixth Circuit affirmed this Court's decision.  Indeed, the Sixth Circuit's mandate allows Plaintiffs to proceed <u>only</u> on their age discrimination claim under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), and <u>only</u> to the extent that claim mirrors a claim under the federal Age Discrimination in Employment Act ("ADEA").  Despite this Court's unequivocal ruling and the express mandate from the Sixth Circuit, Plaintiffs now seek leave to file a First Amended Complaint ("FAC"), and ask this Court to reverse course and allow them to assert claims for relief under ERISA.  Because the Court has already addressed these claims and rejected them, and the Sixth Circuit has affirmed (considering arguments nearly identical to the ones now recycled by Plaintiffs), Plaintiffs' Motion for Leave to Amend ("Motion") must be denied.  Moreover, although it is unclear whether Plaintiffs' proposed FAC intends to pursue a separate claim under the ADEA in addition to the ELCRA, any such claim against Mr. LaSorda would be futile because there is no individual liability under the ADEA, and Plaintiffs have failed to first exhaust their administrative remedies.[1]

## PROCEDURAL HISTORY

On September 10, 2010, Plaintiffs filed their original complaint ("Complaint") asserting state law claims against Mr. LaSorda for breach of fiduciary duty, age discrimination, and silent fraud.  (Dkt. No. 1.)  Defendants, including Mr. LaSorda, filed Motions to Dismiss on the grounds that all of Plaintiffs' claims were preempted by ERISA (and, to the extent Plaintiffs'

---

[1] This Brief in Opposition to the Motion is without prejudice to and expressly reserves all rights, claims, arguments, and defenses with respect to all allegations in the original Complaint and proposed FAC.  Defendant LaSorda intends to seek dismissal of all claims against him, including the remaining ELCRA claim, consistent with this Court's and the Sixth Circuit's prior rulings.

claims were construed as ERISA claims, they failed to state a claim under ERISA), attaching copies of the Chrysler Supplemental Executive Retirement Plan ("SRP") and the Rabbi Trust on which Plaintiffs' claims were based.[2]  Rather than amend their Complaint as of right within 21 days after Defendants filed their Motions to Dismiss, Plaintiffs stood on their Complaint and repeatedly insisted that they were not bringing claims under ERISA.  *See* Fed. R. Civ. P. 15(a)(1)(B).  (*See also* Dkt. No. 44 at 59:3-6, 17-23; Dkt. No. 31 at 3, 12, 14, 15.)  Indeed, Plaintiffs conceded that they could not bring any claims against Mr. LaSorda under ERISA.  (*See* Dkt. No. 31 at 14, 15.)

Despite this concession, Plaintiffs also argued that, if the Court determined that their state law claims were preempted, they should be "permitted to re-plead their claims under Section 1132(a)(1)(B) of ERISA in order to enforce their rights under the SRP and the Rabbi Trust, and to recover the benefits which they have lost as a direct and proximate result of Defendants' conduct in violation of the terms of the SRP and the Rabbi Trust."  (*Id.* at 21.)  Plaintiffs further

---

[2] Defendant LaSorda presented additional arguments not reached by this Court or the Sixth Circuit, including Plaintiffs' waiver and release of all claims against the officers and directors of Chrysler as a condition of participation in the SRP and Plaintiffs' failure to exhaust their administrative remedies as required by ERISA.  (Dkt. No. 47 at 24 n.7.)  Defendant LaSorda's arguments remain applicable to the ERISA claims asserted in Plaintiffs' proposed FAC, and Mr. LaSorda specifically reserves his right to move to dismiss on these grounds.  Namely, the SRP expressly waived and released any claims against Chrysler's individual directors and officers, including Mr. LaSorda.  (SRP § 10.07.)  It is undisputed that the SRP is a top hat plan (Dkt. No. 31 at 16; Dkt. No. 47 at 5-6), and top hat plans are exempt from ERISA's fiduciary duties, may exempt individuals from personal liability, and may appropriately limit proper parties to any legal proceedings arising under ERISA.  *See Goldstein v. Johnson & Johnson*, 251 F.3d 433, 442 (3d Cir. 2001) ("[T]he top hat plan at issue in this case specifically exempts its administrators from any personal liability for actions taken with regard to the plan."); *Duggan v. Hobbs*, 99 F.3d 307, 313-14 (9th Cir. 1996); *Acosta v. Bank of La.*, No. 01-2194, 2003 U.S. Dist. LEXIS 5538, at *9-10 (E.D. La. Apr. 2, 2003).  Furthermore, Plaintiffs still have not alleged that they exhausted their administrative remedies – as required by the SRP within the 180-day time limit (SRP § 8.02 A) – or that it would have been futile for them to do so prior to commencing their lawsuit. *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004); *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000).

argued that they "should be entitled to re-plead their claims in order to seek appropriate equitable relief, including equitable restitution and an accounting, pursuant to Section 1132(a)(3)." (*Id.* at 22-23.)

In response, this Court considered Plaintiffs' state law claims, "recharacterizing them as ERISA claims," without limiting itself to any specific ERISA provision. (Dkt. No. 47 at 21 n.5.) In fact, this Court considered "whether the Plaintiff's allegations which underlie their claims could state a claim under <u>any of the ERISA civil enforcement provisions</u>." (*Id.* (emphasis added); *see also id.* at 21-27.) This Court determined that Plaintiffs' claims "could not succeed under ERISA <u>even if the Plaintiffs were given leave to amend their complaint</u>." (*Id.* at 21 (emphasis added).) Specifically, this Court concluded that Plaintiffs could not state a claim under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), for breach of fiduciary duty, because top-hat plans are not subject to ERISA's fiduciary provisions. (*Id.*) This Court further held that any claim to recover benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), failed for many independently sufficient reasons, including:

(1)     none of the named Defendants were parties to the SRP;

(2)     none of the named Defendants were members of the Employee Benefits Committee, which had exclusive authority to operate and administer the SRP;

(3)     neither Defendant Daimler AG nor Mr. LaSorda was a fiduciary designated to control, manage, and administer the Rabbi Trust;

(4)     the SRP specifically authorized the Employee Benefits Committee to purchase an annuity for or make a lump sum payment to one employee or group of employees without being obligated to do so for any other employee or group of employees; and

(5)     the SRP and Rabbi Trust did not require that participants' retirement benefits be protected from creditors in the event of insolvency (in fact, the funds were <u>required</u> to be at risk of loss, so that participants could take advantage of tax deferrals).

(*Id.* at 22-24.)  This Court also held that Plaintiffs could not succeed on a claim for equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), because Plaintiffs did not allege that the funds were in the possession of any Defendant but, rather, were "wrongly dissipated in the payment to the CC's creditors and for other corporate obligations."  (*Id.* at 26.)  Ultimately, this Court "conclude[d] that any attempt by the Plaintiffs to re-plead their claims under ERISA would be futile."  (*Id.* at 27.)

On appeal, despite Plaintiffs' presentation of arguments nearly identical to those contained in their Motion, the Sixth Circuit upheld the dismissal of the breach of fiduciary duty and silent fraud claims and affirmed the Court's ruling "denying plaintiffs leave to amend their complaint to raise new ERISA-based claims."  (Dkt. No. 54 at 14-15.)[3]  Plaintiffs did not request rehearing on the Sixth Circuit's ruling dismissing their ERISA claims.  Instead, on February 22, 2013, Plaintiffs filed their Motion in this Court, seeking to plead ERISA claims "based upon Defendants' failure to comply with the terms of the Rabbi Trust agreement."  (Dkt. No. 57 at 1.) This Court has already addressed these claims – by recharacterizing Plaintiffs' claims under ERISA – and determined that those claims are not viable.  The Sixth Circuit affirmed, rejecting the same arguments now asserted in the proposed FAC.[4]  Indeed, Plaintiffs admit that the factual

---

[3] Although the Sixth Circuit reversed the dismissal of Plaintiffs' state law age discrimination claim on preemption grounds, it remanded that claim for further proceedings in the Court consistent with its ruling that the age discrimination claims under the ELCRA survive preemption <u>only</u> "to the extent they mirror ADEA claims."  (Dkt. No. 54 at 12.)

[4] On appeal, Plaintiffs devoted an entire section of their Appeal Brief to arguing that they should have been allowed to amend the Complaint, asserting that they had viable claims based on: (i) Section 2.1 of the Rabbi Trust regarding Defendants acting with the necessary "care, skill, prudence, and diligence" required by the Rabbi Trust (*compare Loffredo et al. v. Daimler AG, et al.*, Case No. 11-1824, Appellant Brief at 45 *with* Dkt. No. 57 at 11); (ii) Sections 3.1.1 and 3.1.2 regarding obligations after notice of a Change in Control (*compare* Appellant Brief at 47-48 *with* Dkt. No. 57 at 11); and (iii) Section 3.2 regarding improper disbursements (*compare* Appellant Brief at 50-51 *with* Dkt. No. 57 at 11).

allegations underlying their proposed ERISA claims remain the same: "the general factual scope of Plaintiffs' claims has not changed." (*Id.* at 2-3.)

In addition to pressing claims previously rejected by this Court and the Sixth Circuit, in their Motion and proposed FAC, Plaintiffs continue to mischaracterize the responsibilities assigned to the designated "fiduciaries" under the Rabbi Trust, selectively quoting from the document (which is now attached to the proposed FAC) and ignoring the portions of the document that make plain what this Court and the Sixth Circuit have already determined: that the Rabbi Trust assigned <u>no responsibilities</u> to Mr. LaSorda individually. (*See id.* at 11; FAC ¶¶29-30, 101-05; *see* Rabbi Trust §§ 2.2, 2.5; Dkt. No. 47 at 22; Dkt. No. 54 at 15.) Although Mr. LaSorda was at times a member of the Board of Directors, the Board had only one obligation under the Rabbi Trust: "to inform the Trustee of the Employer's Insolvency" or of "a Change in Control or Potential Change in Control of the Employer." (Rabbi Trust § 2.5.)[5] Notably, the proposed FAC does not allege any failure to meet this obligation. In fact, as this Court correctly observed, once the Trustee was notified of insolvency, it was "obligated to suspend payments to SRP beneficiaries" (Dkt. No. 47 at 24), which it did.

Although not referenced in Plaintiffs' Motion, the proposed FAC also contains an allegation that Defendants, including Mr. LaSorda, discriminated against them on the basis of age in violation of the ADEA. (FAC ¶¶78, 81.) Again, the general factual scope of Plaintiffs' allegations has not changed; Plaintiffs have simply added a reference to the ADEA.

---

[5] Under the Rabbi Trust, "the chief executive officer of the Employer" (at times, Mr. LaSorda) shared this obligation to inform the Trustee of Insolvency, Change in Control, or Potential Change in Control. (Rabbi Trust § 2.5.) The chief executive officer, however, was not a Designated Fiduciary under the Rabbi Trust. (*See id.* at §§ 1.8, 2.2.) In any event, Plaintiffs do not allege that Mr. LaSorda failed to meet this obligation.

## ARGUMENT

**A.      Any Attempt To Add An ADEA Claim Is Futile.**

According to Plaintiffs' proposed FAC, "Defendants' decision to securitize only SRP retirement benefits of only the actively employed SRP participants had the effect of discrimination against Plaintiffs on the basis of age, and was therefore wrongful and in violation of the ELCRA <u>and the ADEA</u>."  (FAC ¶81 (emphasis added).)  Plaintiffs' Motion makes no mention of an ADEA claim, much less attempts to explain why leave to add an ADEA claim should be granted.  Although it is unclear whether Plaintiffs intend to pursue a separate claim under the ADEA (*compare* FAC ¶¶75-82 *with* Dkt. No. 1 at ¶¶83-91), if they do, their claim would be futile because Plaintiffs have failed to exhaust their administrative remedies.  Any ADEA claim against Mr. LaSorda would be futile for the additional reason that there is no individual liability under the ADEA.  Accordingly, any attempt by Plaintiffs to add an ADEA claim should be denied.  *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

### 1.      Plaintiffs Have Not Satisfied The Administrative Prerequisites To Bringing An ADEA Claim.

It is well established that filing a charge of discrimination with the EEOC is a necessary "prerequisite to filing a civil action" under the ADEA.  *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998); *see* 29 U.S.C. § 626(d)(1) ("[N]o civil action may be commenced by an individual under [the ADEA] until 60 days after a charge" has been filed).  In "deferral states," such as Michigan, the EEOC charge must be filed "within 300 days after the alleged unlawful practice occurred," or within 30 days after receiving notice that the state fair employment agency has terminated its proceedings, whichever is earlier.  29 U.S.C. § 626(d)(1)(B).  The charge must put the defendant on notice of the allegations in the complaint, including any allegation of class-wide

discrimination. *Marquis v. Tecumseh Prods. Co.*, 206 F.R.D. 132, 152 (E.D. Mich. 2002).

"Failure to timely exhaust [these] administrative remedies is an appropriate basis for dismissal of

an . . . ADEA action." *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002) (affirming

dismissal based on "lack of exhaustion of administrative remedies").

Here, Plaintiffs' proposed FAC contains no allegation that any Plaintiff ever filed an

EEOC charge, much less that any Plaintiff filed a charge within the 300 days required by the

ADEA.[6]  By failing to allege that any plaintiff has timely filed an EEOC charge, Plaintiffs have

failed to state a plausible claim for relief under the ADEA. *Dixon v. Ohio Dep't of Rehab. &*

*Corr.*, No. 97-4475, 1999 U.S. App. LEXIS 8384, at *3-4 (6th Cir. Apr. 28, 1999) (affirming

dismissal of discrimination claim where there was no allegation that plaintiff filed an EEOC

charge).  Indeed, courts in this circuit have dismissed ADEA complaints where the plaintiff does

not allege administrative exhaustion. *See Jones v. Smith-McKinney Co.*, No. 04-cv-80-JMH,

2004 U.S. Dist. LEXIS 29761, at *9-10 (E.D. Ky. Nov. 18, 2004) (dismissing ADEA claim

where plaintiff failed to allege or otherwise indicate that he filed an EEOC charge); *Samons v.*

*Cardington Yutaka Techs., Inc.*, No. 08-cv-988, 2009 U.S. Dist. LEXIS 30398, at *11-13, 21-22

(S.D. Ohio Apr. 6, 2009) (dismissing age claim and reasoning that, without a copy of the charge,

"defendant and this court have no way of determining the nature of the charge which was filed

---

[6] Nor could Plaintiffs allege timely filing of a charge, given the other allegations of the
Complaint.  The time period within which a plaintiff must file a charge with the EEOC "begins
to run when the employee is notified of the alleged discriminatory act." *Caruso v. Alltel Corp.*,
113 F. App'x 90, 91 (6th Cir. 2004) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir.
2001)).  Plaintiffs, however, allege that the decision to securitize the SRP retirement benefits of
active employees was made in "2005 and/or 2006" (FAC ¶¶56, 81) – more than seven years ago.
Further, even if the time to file an EEOC charge did not begin to run until Chrysler filed for
bankruptcy in April 2009, when Plaintiffs who were over age 62 received their last SRP payment
(FAC ¶73), Plaintiffs' 300-day deadline lapsed on February 25, 2010 – over three years ago.

with the EEOC").  Accordingly, to the extent Plaintiffs seek to amend the complaint to add an

ADEA claim, amendment would be futile and should, therefore, be denied.[7]

> **2.    Any ADEA Claim Against Defendant LaSorda Also Fails Because There Is No Individual Liability Under The ADEA.**

As the Sixth Circuit has previously held, the ADEA applies only to "employers," and

individuals who are not otherwise "employers" cannot be held personally liable.  *Ford v. Tenn.*

*Human Rights Comm'n*, No. 99-5415, 2000 U.S. App. LEXIS 1383, at *3-4 (6th Cir. Jan. 28,

2000) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)); *see also Hiler v.*

*Brown*, 177 F.3d 542, 546 (6th Cir. 1999) (finding that individuals "are not included within the

statutory definition of 'employer' under Title VII and its sister civil rights statutes," including the

ADEA); *Liggins v. Ohio*, No. 99-3535, 2000 U.S. App. LEXIS 1938, at *5-6 (6th Cir. Feb. 8,

2000) (affirming dismissal of ADEA claim against individual defendants pursuant to Fed. R.

Civ. P. 12(b)(6)); *Akers v. Family Independence Agency*, No. 00-cv-73452, 2001 U.S. Dist.

LEXIS 8983, at *6-7 (E.D. Mich. May 24, 2001) (granting dismissal of ADEA claim against

individual employee).  Because Plaintiffs do not allege that Defendant LaSorda was their

employer, Mr. LaSorda cannot be held personally liable under the ADEA, and any ADEA claim

against him would be futile.  *See Ford*, 2000 U.S. App. LEXIS 1383, at *3-4 (affirming

dismissal of ADEA claim against individual defendants because "the ADEA do[es] not permit

employees and supervisors to be sued in their individual capacities"); *see also Schomaker v. Gen.*

---

[7] According to the Sixth Circuit's mandate, Plaintiffs' claim for age discrimination under the ELCRA is saved from preemption only "to the extent [it] mirror[s] [an] ADEA claim[]."  (Dkt. No. 54 at 12 (citing *Devlin v. Transp. Commc'ns Int'l Union*, 173 F.3d 94, 100 (2d Cir. 1999) (finding that a state age discrimination law is saved from preemption "precisely to the extent that its protections track those of the ADEA")).)  Plaintiffs apparently attempt to "mirror" an ADEA claim by referencing the statute in their proposed FAC, but as demonstrated in Section A of this Brief, any ADEA claim fails as to all Defendants, including Mr. LaSorda.  *Warren v. Oil, Chem. & Atomic Workers Union-Indus. Pension Fund*, 729 F. Supp. 563, 566-67 (E.D. Mich. 1989) (dismissing ELCRA age discrimination claim as preempted by ERISA because "plaintiff's claim was not filed within the 300 days requisite of the ADEA").

-8-

*Motors, Inc.*, No. 10-cv-764, 2012 U.S. Dist. LEXIS 26961, at *14-15 (W.D. Mich. Jan. 18, 2012) (dismissing individual defendants and noting that supervisors, "sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, including the ADEA . . . and accordingly cannot be held personally liable for discrimination"); *Jewell v. Smurfit-Stone Container Enters.*, No. 08-cv-392, 2012 U.S. Dist. LEXIS 24773, at *5-6 (E.D. Tenn. Feb. 27, 2012) (same).[8]  Accordingly, Plaintiffs' proposed ADEA claim not only fails as to all Defendants but, in particular, as to Mr. LaSorda.

**B.    <u>Any Attempt To Add An ERISA Claim Is Futile.</u>**

> **1.    The Law Of The Case Doctrine And Mandate Rule Preclude Plaintiffs' Proposed ERISA Claims.**

Counts II, III, and IV of Plaintiffs' proposed FAC are claims for "Breach of the Rabbi Trust" brought under 29 U.S.C. § 1132(a).  (FAC ¶¶83-106.)  As demonstrated in Section II.A of Defendant State Street's Brief and Sections I and II of Defendant Daimler AG's Brief, which Mr. LaSorda adopts and incorporates herein by reference, the law of the case doctrine and complementary mandate rule preclude reconsideration of these proposed ERISA claims, which have already been dismissed with prejudice by this Court and affirmed on appeal.  *Pipefitters Local 636 Ins. Fund v. Blue Cross & Blue Shield of Mich.*, 418 F. App'x 430, 434 (6th Cir. 2011) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case . . . upon remand the trial court is bound to proceed

---

[8] Plaintiffs' allegation that Mr. LaSorda acted as an "agent[] of DCC and Chrysler LLC" (FAC ¶77) does not change this result.  Although an employer's "agent" may be held liable under the ADEA, 29 U.S.C. § 630(b), it is well-settled that the "purpose of this agent provision was to incorporate respondeat superior liability into the statute."  *Wathen*, 115 F.3d at 405-406; *see also Saad v. George P. Johnson Co.*, No. 06-13494, 2008 U.S. Dist. LEXIS 80484, at *12-13 (E.D. Mich. Sept. 30, 2008) (noting that the term "agent" evidenced "Congress's intent to incorporate the principle of respondeat superior, not to create individual liability"); *Hunter v. Lipps*, No. C-1-07-004, 2007 U.S. Dist. LEXIS 49704, at *5-10 (S.D. Ohio July 10, 2007) (same).

in accordance with the mandate and law of the case as established by the appellate court."
(internal citations and quotations omitted)).  Just as in *Pipefitters*, to allow Plaintiffs' proposed
amendments would reduce the Sixth Circuit's ruling in this case to an advisory opinion
informing them of the deficiencies of the complaint and giving them an opportunity to cure those
deficiencies.  *Id.* at 435.  None of the extraordinary exceptions to the law of the case doctrine and
mandate rule apply here, and Plaintiffs' Motion must be denied as to Counts II, III, and IV of
Plaintiffs' proposed FAC.

      **2.**     **For The Same Reasons Previously Ruled Upon By This Court, Plaintiffs'
Proposed Amendment To State An ERISA Claim Is Futile.**

Even if Plaintiffs could establish an exception to the law of the case doctrine and the
mandate rule (which they cannot), Plaintiffs' proposed amendment should be denied as futile.
*Riverview Health Inst., LLC*, 601 F.3d at 512.

      **a.**     ***Plaintiffs Make No Allegation That Defendant LaSorda Violated Any
Claimed Obligation Under The Rabbi Trust.***

Plaintiffs have previously conceded that, with regard to any ERISA claim based on the
SRP, they have a "big problem because [the Defendants] weren't signers of the ERISA [plan]."
(Dkt. No. 44 at 59:5-6; Dkt. No. 47 at 21; *see also* Dkt. No. 31 at 15 ("Inasmuch as neither
Daimler nor LaSorda were parties to the SRP, the relationship between them and Plaintiffs is not
governed by the provisions of ERISA in any way, shape or form.").)  Plaintiffs' current effort to
re-plead their claim as one that Mr. LaSorda violated ERISA by breaching the Rabbi Trust fares
no better.[9]  The Rabbi Trust itself, which Plaintiffs attach to their proposed FAC, reveals that Mr.
LaSorda is not a party to or a designated "Fiduciary" under the Rabbi Trust, and the Rabbi Trust

---

[9] Importantly, the Rabbi Trust provides that, "[i]n the case of any court proceedings involving
the Trustee or the Trust, only the Corporation and the Trustee shall be necessary or proper parties
thereto."  (Rabbi Trust § 8.8.)  Consequently, the Rabbi Trust, by its own terms, expressly
prevents the inclusion of Mr. LaSorda as a party.

assigns no responsibilities to Mr. LaSorda individually.  (Rabbi Trust § 1.8, 2.2; *see* Dkt. No. 47 at 22 ("[N]one of the named Defendants had any role whatsoever in the management or the administration of the SRP – and only State Street had any role with respect to the trust.").) Although Mr. LaSorda was at times a member of the Board of Directors, the Board's <u>sole</u> obligation under the Rabbi Trust was to notify the Trustee in the event of Insolvency or a Change in Control (and to exercise the "prudent man" standard of care in carrying out this isolated responsibility).  (Rabbi Trust § 2.5.)  Plaintiffs make no allegation that the Board (or Defendant LaSorda individually, for that matter) failed to meet this obligation and, therefore, fail to state a claim for breach of the Rabbi Trust.  Accordingly, amendment would be futile, and Plaintiffs' Motion should be denied.

### b.     *Plaintiffs Do Not Allege That Defendant LaSorda Controlled Administration Of The SRP As Required For A Claim Under § 1132(a)(1)(B).*

As the cases cited in Plaintiffs' Motion demonstrate, courts in this Circuit and others have held that claims for benefits may only be asserted against a plan, plan administrator, or an employer to the extent that entity is shown <u>to control administration</u> of an ERISA plan.  (Dkt. No. 57 at 9); *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842 (6th Cir. 2007) (holding employer not liable where it did not exercise discretionary control over plan administration); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988) (finding defendant must be "shown to control administration of a plan"); *LifeCare Mgmt. Servs., LLC v. Ins. Mgmt. Adm'rs, Inc.*, 703 F.3d 835, 844-45 (5th Cir. 2013) ("[T]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."); *see also Warren*, 729 F. Supp. at 566 (stating that "ERISA permits suit to recover benefits only against the plan as an entity" and holding employer not liable where it did not control decisions regarding the awarding of benefits).

Here, this Court correctly held that a claim for benefits under § 1132(a)(1)(B) will lie only against the plan, its administrators, or trustees.  (Dkt. No. 47 at 22-23 (citing *Panecassio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 108 n.2 (2d Cir. 2008)).)  This Court, therefore, properly dismissed with prejudice Plaintiffs' recharacterized ERISA claims based on the allegations contained in the original Complaint.  (*Id.* at 22.)  Specifically, Mr. LaSorda was not alleged to be a member of the Employee Benefits Committee, which held exclusive authority to operate and administer the SRP, and Mr. LaSorda was not a designated fiduciary under the Rabbi Trust.  (*Id.* at 22 (citing SRP §§ 2.10, 8.01; Rabbi Trust § 2.2).)

The allegations in Plaintiffs' proposed FAC (and, of course, the terms of the SRP and the Rabbi Trust) have not changed.  There is still no allegation that Mr. LaSorda was ever a member of the Employee Benefits Committee (*see* FAC ¶29), and Mr. LaSorda still is not a "Designated Fiduciary" under the Rabbi Trust (*see* FAC ¶¶29-30).  Significantly, Plaintiffs' Motion is devoid of <u>any authority</u> for the proposition that a claim for benefits under § 1132(a)(1)(B) can be brought <u>against Defendant LaSorda individually</u> under these facts.  (*See* Dkt. No. 57 at 9, 11.)[10]

---

[10] Plaintiffs now cite the Ninth Circuit's ruling in *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011), and the Supreme Court's decision in *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238 (2000) in support of their argument that Defendant Daimler AG is a proper defendant under § 1132(a)(1)(B).  (Dkt. No. 57 at 9-10.)  But *Cyr* held only that an insurer was a proper defendant in a suit for improperly denied disability benefits because it, and not the plan administrator, had authority to resolve the benefit claims and to pay them.  642 F.3d at 1207.  And, in *Harris Trust*, the Supreme Court after analyzing other provisions of ERISA and the law governing equitable remedies, held only that a claim for equitable restitution under § 1132(a)(3) could proceed against a nonfiduciary "party in interest" to a transaction with a fiduciary prohibited by ERISA section 406(a), 29 U.S.C. § 1106(a), where the proceeds of the transaction were in the nonfiduciary's possession.  530 U.S. at 242, 253.  These cases do not support a claim under § 1132(a)(1)(B) against Daimler, and they certainly do not support a claim against Defendant LaSorda – an individual who had no control over the administration of the SRP, exercised no decision-making authority over the payment of Plaintiffs' benefits, and is not in possession of the funds at issue.

Because Plaintiffs do not allege that Mr. LaSorda controlled the administration of the SRP, Plaintiffs' proposed amendment would be futile, and their Motion should be denied.[11]

> ### c.    Defendants' Alleged Actions Were Expressly Authorized By The SRP.

Despite their "big problem" with any claim based on the SRP, and their shift in focus to the Rabbi Trust, Plaintiffs still attempt to challenge Defendants' decisions to purchase annuities for and make lump sum payments to plan participants who were current employees.  (FAC ¶56.) Yet, the Plan itself expressly authorizes the Employee Benefits Committee to: (1) "substitute an individual annuity contract . . . for all or any portion of the benefits of any Employee," (SRP § 4.15 A); and (2) "offer to any or every Employee the opportunity to receive, in lieu of an Annuity, a lump sum distribution" (SRP § 4.15 D).  Moreover, if the Employee Benefits Committee "elects to distribute retirement benefits in the form of an Annuity to, or permit a lump sum option to be exercised by, any Employee or class of Employees," it is not "obligated or otherwise required to provide an Annuity or a lump sum to each Employee or to all similarly situated Employees."  (*Id.* at § 4.15 E.)  As this Court correctly held, the "failure" to purchase annuities for or provide lump sum distributions to former employees, including Plaintiffs, cannot form the basis of a breach of contract claim or a claim to recover benefits where, as here, the

---

[11] In both the original Complaint and in the proposed FAC, Plaintiffs allege that the Rabbi Trust "was administered by . . . [among others] LaSorda" (Dkt. No. 1 at ¶17; FAC ¶29) and that "Other Fiduciaries [including LaSorda] … were charged by DCC and Chrysler LLC with the responsibility of administering the SRP" (Dkt. No. 1 at ¶85; FAC ¶77).  These conclusory allegations failed to state a claim before and fail to state a claim now.  Further, <u>even if</u> Mr. LaSorda did have authority to operate and administer the SRP or was designated as a fiduciary under the Rabbi Trust (which he is not), and Plaintiffs are rightly owed benefits, Mr. LaSorda is not a proper defendant because he lacks any authority to provide them as there is no allegation whatsoever that Mr. LaSorda is <u>currently</u> the administrator.  *Colin v. Marconi Commerce Sys. Emps.' Ret. Plan*, 335 F. Supp. 2d 590, 598 (M.D.N.C. 2004) (granting former administrator's motion to dismiss § 1132(a)(1)(B) claim because the administrator "could not provide redress on a claim for benefits since it no longer had any control over the plan"); *see also Hall v. LHACO, Inc.*, 140 F.3d 1190, 1196 (8th Cir. 1998) (finding no relief can be obtained under § 1132(a)(1)(B) because the terms of the plan "have to be enforced against . . . the <u>present</u> administrator" (emphasis in original)).

SRP itself expressly allows it.  (Dkt. No. 47 at 23 ("Thus, by the clear terms of the SRP, the Board Committee was under no obligation to purchase annuities or otherwise secure any employee's benefits or offer any employee the option of receiving a lump sum payout in lieu of an annuity.  Moreover, doing so for any group of employees did not obligate the Board Committee to do so for any other employee.").)

       **d.**        ***Plaintiffs Do Not Seek Equitable Relief Recoverable Under § 1132(a)(3).***

As Plaintiffs' own allegations demonstrate, they cannot state a claim for equitable relief under § 1132(a)(3).  Specifically, Plaintiffs allege that "approximately $200 million [] was removed from the Rabbi Trust between August 2007 and the time that Chrysler LLC filed for bankruptcy" (FAC ¶51), and as this Court has pointed out, because "Plaintiffs claim that the funds were wrongly dissipated in the payment to the CC's creditors and for other corporate obligations," there can be no claim for equitable relief under § 1132(a)(3) as Defendants do not possess those funds (Dkt. No. 47 at 26).  The Sixth Circuit affirmed this Court's prior denial of Plaintiffs' request for leave to amend on these same grounds.  (Dkt. No. 54 at 14-15 ("To plead claims for equitable relief, however, the plaintiffs would have to allege either that the defendants currently (and improperly) possess the assets dispersed from the trust or that they retain profits generated from that property.  The plaintiffs never alleged any such facts. . . ." (internal citations omitted)).)  Rather, Plaintiffs continue to seek legal relief for "benefits that they lost – not profits that the Defendants may have garnered from any ill-gotten gains" – a claim that cannot be brought pursuant to § 1132(a)(3).  *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255-56 (1993).  (*See also* Dkt. No. 47 at 24-25 ("[A]ppropriate equitable relief" under § 1132(a)(3) is limited to "those categories of relief that were typically available in equity" and does not authorize a claim for monetary damages against a non-fiduciary).)  Accordingly, any amendment to allow a claim under § 1132(a)(3) would be futile.

-14-

Contrary to Plaintiffs' suggestion, the Supreme Court's decision in *Cigna Corp. v. Amara*, __ U.S. __, 131 S. Ct. 1866, 1880 (2011), provides no support for a claim for equitable relief against Mr. LaSorda.  (*See* Dkt. No. 57 at 3.)  In *Cigna*, the Supreme Court observed that an order reforming a benefits plan to require Cigna, a plan fiduciary, to pay money – constituted "appropriate equitable relief" under § 1132(a)(3).  131 S. Ct. at 1880.  In doing so, the Supreme Court specifically distinguished claims against a third party defendant and nonfiduciary like Mr. LaSorda.  *Id.* at 1878-80 ("[T]he fact that the defendant in [*Cigna*], unlike the defendant in *Mertens*, is analogous to a trustee makes a <u>critical difference</u>." (emphasis added)).[12]  Here, the SRP is a top hat plan which is exempt from ERISA's fiduciary provisions, and Mr. LaSorda was not a trustee or a plan fiduciary.  Consequently, as in *Mertens*, Plaintiffs are seeking monetary damages from Mr. LaSorda – a third party who is not a fiduciary.  These damages are legal relief and are not recoverable under ERISA § 1132(a)(3).  *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002) (holding that a plaintiff can pursue restitution under § 1132(a)(3) only if possible to identify specific money "belonging in good conscience to the [participant]" that "could be clearly traced to particular funds in the defendant's possession"); *Local 6-0682 Int'l Union of Paper v. Nat'l Indus. Grp. Pension Plan*, 342 F.3d 606, 609 (6th Cir. 2003).  Accordingly, Plaintiffs cannot state a claim for relief under § 1132(a)(3), and their proposed amendment would be futile.

---

[12] Plaintiffs' Motion refers generally to "plan fiduciaries, such as Defendants" (Dkt. No. 57 at 3), but the FAC does not allege that Mr. LaSorda is a fiduciary or otherwise "analogous to a trustee" with respect to the SRP or Rabbi Trust.  At most, the FAC uses the term "Other Fiduciaries" to refer to Mr. LaSorda, which ignores the fact that he is not designated a Fiduciary under the Rabbi Trust.  (Rabbi Trust § 1.8.)  As demonstrated above, Defendant LaSorda had no fiduciary or other individual obligations under the SRP or the Rabbi Trust.

## **CONCLUSION**

For all of the foregoing reasons, this Court should deny Plaintiffs' Motion for Leave to

Amend Complaint.

DICKINSON WRIGHT PLLC

By: /s/ L. Pahl Zinn
    L. Pahl Zinn (P57516)
    Lawrence G. Campbell (P11553)
    Thomas G. McNeill (P36895)
    500 Woodward Avenue, Suite 4000
    Detroit, Michigan 48226
    Telephone:  (313) 223-3705
    Facsimile:  (313) 223-3598
    Email: pzinn@dickinsonwright.com

TROUTMAN SANDERS LLP

By: /s/ J. Timothy Mast
    J. Timothy Mast
    Rebecca Shanlever
    Mary M. Weeks
    5200 Bank of America Plaza
    600 Peachtree Street, N.E.
    Atlanta, Georgia 30308-2216
    (404)-885-3000

ATTORNEYS FOR THOMAS LASORDA

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on March 22, 2013, I electronically filed **Defendant Thomas**

**Lasorda's Brief In Opposition To Plaintiffs' Motion For Leave To Amend Complaint** with

the Clerk of the Court for the Eastern District of Michigan using the ECF System which sent

notification to registered participants of the ECF System as listed on the Court's Notice of

Electronic Filing.

DICKINSON WRIGHT PLLC

By: /s/ L. Pahl Zinn
     L. Pahl Zinn (P57516)
     Lawrence G. Campbell (P11553)
     Thomas G. McNeill (P36895)
     500 Woodward Avenue, Suite 4000
     Detroit, Michigan 48226
     Telephone:  (313) 223-3705
     Facsimile:  (313) 223-3598
     Email: pzinn@dickinsonwright.com