UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF MICHIGAN

JOHN LOFFREDO ET AL,

    Plaintiffs,

v	    Case No. 2:10-cv-14181-JAC-VMM
    Hon. Julian A. Cook
    Magistrate Judge Virginia M. Morgan

DAIMLER AG, a foreign corporation,
STATE STREET BANK AND TRUST COMPANY,
a Massachusetts Trust Company,
THOMAS LASORDA, an individual,
JOHN DOE and MARY ROE, individuals,

    Defendants.
_____/

| | |
|---|---|
| Sheldon L. Miller (P17785)<br>LAW OFFICES OF SHELDON MILLER<br>**Attorneys for Plaintiffs**<br>31731 Northwestern Hwy., Ste. 280W<br>Farmington Hills, MI 48334<br>(248) 538-3400<br>(248) 538-5280 Fax | Mayer Morganroth (P17966)<br>Jeffrey B. Morganroth (P41670)<br>MORGANROTH & MORGANROTH, PLLC<br>**Co-Counsel for Plaintiffs**<br>344 North Old Woodward Avenue<br>Suite 200<br>Birmingham, MI 48009<br>(248) 864-4000<br>(248) 864-4001 Fax |
| Lawrence G. Campbell (P11553)<br>Thomas G. McNeill (P36895)<br>L. Pahl Zinn (P57516)<br>DICKINSON WRIGHT PLLC<br>**Attorneys for Daimler AG and Thomas Lasorda**<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226<br>(313) 223-3500<br>(313) 223-3598 Fax | Alan S. Goudiss<br>Jaculin Aaron<br>SHEARMAN & STERLING LLP<br>**Attorneys for Daimler AG**<br>599 Lexington Avenue<br>New York, NY 10022<br>(212) 848-4000 |

| | |
|---|---|
| J. Timothy Mast | Wilbur H. Boies |
| TROUTMAN SANDERS LLP | Nancy G. Ross |
| **Attorney for Thomas Lasorda** | MCDERMOTT WILL & EMERY LLP |
| 600 Peachtree Street, NE Suite 5200 | **Attorneys for State Street Bank & Trust, Co.** |
| Atlanta, GA 30308-2216 | 227 W. Monroe Street |
| (404) 885-3312 | Chicago, IL 60606 |
| | (312) 984-7686 |

Abraham Singer (P23601)
James D. VandeWyngearde (P58634)
PEPPER HAMILTON LLP
**Attorneys for State Street Bank & Trust, Co.**
Suite 3600
100 Renaissance Center
Detroit, MI 48243-1157
(313) 259-7110

_____/

## REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING PLAINTIFFS TO COMMENCE LIMITED DISCOVERY

**ARGUMENT**

I. **DEFENDANTS CANNOT POSSIBLY ESTABLISH THAT PLAINTIFFS' AGE DISCRIMINATION CLAIM IS PREEMPTED IN LIGHT OF THE SIXTH CIRCUIT'S AFFIRMATIVE HOLDING TO THE CONTRARY.**

Defendants suggest that discovery should be further and indefinitely delayed because Defendants will be filing a second round of motions to dismiss Plaintiffs' age discrimination claim on the same basis that Defendants filed their first round motions to dismiss Plaintiffs' age discrimination claim in December 2010—that Plaintiffs' age discrimination claim is somehow preempted by ERISA. **See, Docket No. 24, Pg ID 125-126; Docket No. 25, Pg ID 158-164; Docket No. 26, Pg ID 328-330.** Defendants explain that they intend to argue that Plaintiffs' age discrimination is preempted "because it does not and cannot mirror and ADEA claim," even though that argument was already rejected by the Sixth Circuit. **Docket No. 70, Pg ID 1350.** This argument is apparently based upon a misreading of the Sixth Circuit's Opinion reinstating Plaintiff's age discrimination claim against Defendants. In their Brief in Opposition, Defendants incorrectly assert that the Sixth Circuit held that Plaintiffs' age discrimination claim "escaped preemption only to the extent that it 'mirrors' a claim under the ADEA." *Id.* To the contrary, the Sixth Circuit's Opinion went much farther, and specifically held that Plaintiffs' age discrimination claim in fact was not preempted by ERISA because it was covered by the ADEA, and further held that Plaintiffs' age discrimination claim could not be dismissed at the pleading stage. **See, Sixth Circuit Opinion, pp. 12-13.** The relevant portion of the Sixth Circuit's Opinion is set forth below:

> The executives' age-discrimination claim fares better. ERISA's saving clause says that nothing in the statute "shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States." 29 U.S.C. § 1144(d). The clause preserves other federal laws <u>and some state laws</u> that "provide[] a means of enforcing" a federal law's commands.

1


> *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 102 (1983). *Shaw* illustrates the some-state-laws point. It held that ERISA does not preempt state-law discrimination claims arising from conduct that is also illegal under Title VII. The Court reasoned that Title VII relies on state laws to enforce the federal law and that disallowing the parallel state claims would "impair" federal law in violation of § 1144(d). *Id.*
>
> Like Title VII, the Age Discrimination in Employment Act uses state-law counterparts to bolster enforcement of the federal law. *See* 29 U.S.C. § 633(b). **Section 1144(d) thus preserves state-law claims from preemption to the extent they mirror ADEA claims.** *See Devlin v. Transp. Commc'ns Int'l Union*, 173 F.3d 94, 100 (2d Cir. 1999); *Hurlic v. S. Cal. Gas Co.*, 539 F.3d 1024, 1036 (9th Cir. 2008). **The plaintiffs' age-discrimination claim falls into this category. They argue that securitizing the retirement benefits of active employees but not most retired employees had a disparate impact on older beneficiaries. The ADEA covers such claims.** *See Smith v. City of Jackson*, 544 U.S. 228, 243 (2005). Nor is the claim an implausible one: The securitized beneficiaries on average were younger than the retirees whose benefits were not secured.

***Id.* (underlined emphasis in original) (bold emphasis added).** Defendants cannot argue that Plaintiffs' age discrimination claim "does not and cannot mirror an ADEA claim" in good faith because the Sixth Circuit has already specifically held that it does.

Defendants further argue that Plaintiffs' age discrimination claim is somehow preempted by ERISA despite the new allegation in Plaintiffs' proposed First Amended Complaint that Defendants' conduct violated the ADEA. This argument is a red herring because the Sixth Circuit has already specifically held that Plaintiffs' age-discrimination claim, as it was stated in Plaintiffs' original Complaint, survives preemption—the Sixth Circuit did not require any amendment of Plaintiffs' age discrimination claim. Therefore, the inclusion of a new allegation that Defendants' conduct violated the ADEA cannot possibly change the preemption analysis with respect to Plaintiffs' age discrimination claim which has already been definitively decided

by the Sixth Circuit. Whether or not Plaintiffs are granted leave to amend, the Sixth Circuit's Opinion leaves no room for Defendants to argue that Plaintiffs' age discrimination claim is somehow preempted by ERISA.

Given that Defendants have failed to identify any legitimate basis upon which to challenge the Sixth Circuit's specific holding that Plaintiffs' age discrimination claim is not preempted by ERISA, Defendants' forthcoming second round of motions to dismiss Plaintiffs' age discrimination claim appears to be nothing more than a stall tactic to further delay Plaintiffs' ability to obtain discovery regarding that claim and move forward with the continued litigation of this case. Plaintiffs filed suit more than two and a half years ago, and Plaintiffs still have yet to begin discovery. Allowing the parties to begin conducting discovery with respect to Plaintiffs' age discrimination claim at this time will substantially contribute to the efficient progression of this case. Whether or not Plaintiffs' pending Motion for Leave to Amend seeking permission to allege new claims in addition to Plaintiffs' existing age discrimination claim is granted, the parties will be able to complete discovery much earlier if discovery relating to Plaintiffs' age discrimination claim begins now, rather than after Defendants' proposed second round of motions to dismiss is resolved, and Defendants have finally filed their respective answers to the Complaint, many months down the road.

## II. ALTERNATIVELY, THIS COURT SHOULD SCHEDULE A RULE 16 SCHEDULING CONFERENCE AND/OR COMPEL DEFENDANTS TO PARTICIPATE IN A RULE 26(f) CONFERENCE.

In the alternative, Plaintiffs request that this Court schedule a Rule 16 scheduling conference, and/or compel Defendants to participate in a Rule 26(f) conference. Defendants have not addressed this alternative request for relief. Holding a Rule 16 scheduling conference at this time would also facilitate the efficient progression of this case by addressing appropriate

case management procedures, possibilities for expediting the disposition of the action, as well as for the other purposes outlined in Rule 16(a).

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that this Court enter an order authorizing Plaintiffs to begin discovery in connection with Plaintiffs' age discrimination claim immediately. Alternatively, Plaintiffs respectfully request that this Court schedule a Rule 16 scheduling conference and/or compel Defendants to participate in a Rule 26(f) conference forthwith.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Jeffrey M. Thomson
MAYER MORGANROTH (P17966)
JEFFREY M. THOMSON (P72202)
Counsel for Appellants
344 N. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 864-4000
Email: mmorganroth@morganrothlaw.com

LAW OFFICES OF SHELDON MILLER
SHELDON L. MILLER (P17785)
Counsel for Appellants
31731 Northwestern Hwy., Ste. 280W
Farmington Hills, MI 48334

Dated: May 17, 2013                (248) 538-3400

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2013, I have filed the foregoing Reply Brief in Further Support of Plaintiffs' Motion for an Order Authorizing Plaintiffs to Commence Limited Discovery electronically with the Clerk of the Court using the ECF system which will send electronic notification of such filing to all counsel of record.

                          MORGANROTH & MORGANROTH, PLLC

                          By: /s/ Jeffrey M. Thomson
                          JEFFREY M. THOMSON (P72202)
                          Counsel for Appellants
                          344 N. Old Woodward Ave., Suite 200
                          Birmingham, MI 48009
                          (248) 864-4000
                          Email: mmorganroth@morganrothlaw.com