UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LOFFREDO, et al.,

       Plaintiffs,

  v.

DAIMLER AG, et al.,

       Defendants.

Case No. 10-14181
Honorable Julian Abele Cook, Jr.

and

JOHN LOFFREDO, et al.,

       Plaintiffs,

  v.

CERBERUS CAPITAL MANAGEMENT, L.P., et al.,

       Defendants.

## ORDER

The Plaintiffs in this action are retired executives of the Chrysler Corporation ("CC") and/or the DaimlerChrysler Corporation ("CDC"). Their complaint alleges a variety of state-law causes of action, all of which ostensibly arose from their participation in the Supplemental Executive Retirement Plan ("SRP") of the CC and/or the DCC. Both complaints were originally filed in the Wayne County Circuit Court of Michigan and subsequently removed to this Court on the basis of its federal-question jurisdiction, 28 U.S.C. §§ 1331, 1441, and its diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d).

On June 6, 2011, the Court entered an order which dismissed the Plaintiffs' claims, holding that the federal Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, preempted their state-law claims of age discrimination, breach of fiduciary duty, promissory estoppel, and silent fraud. Within the same order, the Court also denied the Plaintiffs leave to amend their complaint to raise new ERISA-based claims, after finding that the Plaintiffs' claims could not succeed under ERISA. An appeal from this ruling followed. The Sixth Circuit affirmed this Court's dismissal of all the claims, save the age-discrimination claim. The remaining age-discrimination claim was remanded to this Court. Currently pending before this Court is the Plaintiffs' motion for leave to file an amended complaint. (ECF 57).

I.

Fed. R. Civ. P. 15(a) provides that leave to amend a pleading shall be "freely given when justice so requires." However, several elements should be considered in determining whether to permit an amendment:

> [u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir.1989) (internal quotations omitted).

The Sixth Circuit has also advised that when an amendment is sought by a litigant at a late stage in a proceeding, there is an increased burden upon the movant to justify his failure to move at an earlier time. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999).

II.

The proposed amended complaint, if allowed, would add claims that are based on the

Defendants' alleged failure to comply with the terms of the "rabbi trust." A "rabbi trust" has been described as a nonqualified unfunded deferred compensation plan that is designed to avoid any present taxation of its intended beneficiaries. *See generally*, David B. Bruckman, *Implementing and Exiting Rabbi Trusts*, The CPA J. 34 (March 2003), *available at* http://www.nysscpa.org/cpajournal/2003/0303/features/f033403.htm. According to the proposed amended complaint, the "rabbi trust" was established by the CC in order to provide for the payment of the SRP retirement benefits. The proposed amended complaint also seeks to add other Chrysler retirees who are similarly situated to the roster of existing Plaintiffs and to correct the spelling of the names of several other individuals who are currently identified as Plaintiffs in the original complaint.

The Defendants object to the proposed amendment regarding the "rabbi trust" contending that this Court and the Sixth Circuit have previously addressed the Plaintiffs' claims under ERISA. The Plaintiffs correctly note that discovery has not yet begun and that the factual basis underlying the age discrimination claim is the same as the ERISA claim proposed in the amended complaint. Yet as noted by the Defendants, because the substance of the plaintiffs' proposed claims is the same as in the original complaint, their request to amend has already been addressed by this Court and the Sixth Court. This Court's previous Order considered "whether the Plaintiffs' allegations which underlie their claims could state a claim under any of the ERISA civil enforcement provisions" (Order Granting Mot. Dismiss June 6, 2011, ECF 47 at p.21 n.5). The Court determined that Plaintiffs' claims "could not succeed under ERISA even if the Plaintiffs were given leave to amend their complaint." *Id.* at 21. The Court explicitly considered the "rabbi trust" in its decision. The Sixth Circuit upheld the Court's ruling "denying plaintiffs leave to amend their complaint to raise

3

new ERISA-based claims." (Order, September 25, 2012, ECF 54 at p. 14-15). As noted by the Plaintiffs, the factual allegations underlying their proposed ERISA claims remain the same. Therefore, the motion to amend with respect to the "rabbi trust" must be denied.

However, the Court grants the following proposed amendments: (1) those revisions that add, remove, and correct the spelling of certain named plaintiffs; (2) the removal of Dieter Zetsche as a defendant; (3) the deletion of state law claims for promissory estoppel, silent fraud, and breach of fiduciary duty; (4) the revised allegations set forth under the heading "Parties, Jurisdiction and Venue"; and (5) the revisions relating to the Michigan state-law age discrimination claim.

For the reasons that have been stated above, the Plaintiffs' motion for leave to file an amended complaint is granted in part and denied in part. (ECF 57). Additionally, the Plaintiffs' motion for an order that would authorize the commencement of discovery is denied as moot. (ECF 69).

IT IS SO ORDERED.

Date: August 20, 2013  s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 20, 2013.

s/ Kay Doaks
Case Manager