# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN LOFFREDO, et al.,

    Plaintiffs,

  vs.

              Hon. Julian A. Cook

              Case No. 2:10–cv–14181

DAIMLER AG, a foreign corporation,
STATE STREET BANK AND TRUST
COMPANY, a Massachusetts Trust
Company, THOMAS LASORDA, an
individual, JOHN DOE and MARY
ROE, individuals.

    Defendants.

## DEFENDANT STATE STREET BANK AND TRUST COMPANY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

JAMES D. VANDEWYNGEARDE (P58634)
Pepper Hamilton LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
248.359.7300
*vandewyj@pepperlaw.com*
*Local Counsel for State Street Bank and Trust Company*

WILBER H. BOIES, P.C.
NANCY G. ROSS
PRASHANT KOLLURI
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, IL  60606
312.984.7686
*bboies@mwe.com*
*nross@mwe.com*
*pkolluri@mwe.com*
*Counsel for State Street Bank and Trust Company*

Defendant State Street Bank and Trust Company ("State Street"), by its undersigned attorneys, moves for dismissal of Plaintiffs' First Amended Complaint ("Amended Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and together with the accompanying Memorandum filed contemporaneously herewith, states as follows:

1.      The age discrimination claim asserted in plaintiffs' Amended Complaint has four separate and incurable defects that warrant dismissal of the Amended Complaint with prejudice:

- First, plaintiffs' age discrimination against State Street is preempted because State Street could not be sued as an "agent" under the Age Discrimination in Employment Act ("ADEA") for two reasons: (1) State Street does not fall within the limited category of "agents" as defined by the ADEA cases in this Circuit, and (2) "agents" cannot be held liable under the ADEA;

- Second, State Street does not fall within the limited category of "agents" that Michigan courts say can be sued under the Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2202(1)(a) ;

- Third, the age discrimination claim is preempted because plaintiffs have not satisfied the administrative prerequisite of filing a charge of

discrimination against State Street or any other defendant, as is required under the ADEA; and

- Fourth, defendants' alleged discrimination between current employees and former employees does not constitute age discrimination, and plaintiffs have failed to properly plead the necessary elements of an age discrimination claim under either the ADEA or the Michigan discrimination statute.

2.    For the convenience of the Court and to avoid duplicative arguments, State Street adopts and incorporates by reference the arguments made by Defendant Thomas Lasorda in his Motion to Dismiss Plaintiffs' First Amended Complaint in Sections II and III of Mr. Lasorda's Memorandum of Law concerning the preemption of plaintiffs' claims because plaintiffs did not file administrative charges and plaintiffs' failure to properly plead an age discrimination claim.  State Street's accompanying Memorandum will address only those points specific to the claims against State Street as an "agent."

3.    Pursuant to the Local Rules for the Eastern District of Michigan, counsel for State Street requested concurrence in the relief requested in this Motion; such concurrence was not forthcoming, thus necessitating the filing of this Motion.

Dated:  September 13, 2013          Respectfully submitted,


s/James D. VandeWyngearde
JAMES D. VANDEWYNGEARDE (P58634)
Pepper Hamilton LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
248.359.7300
*vandewyj@pepperlaw.com*
*Local Counsel for State Street Bank*
 *and Trust Company*

WILBER H. BOIES, P.C.
NANCY G. ROSS
PRASHANT KOLLURI
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, IL  60606
312.984.7686
*bboies@mwe.com*
*nross@mwe.com*
*pkolluri@mwe.com*
*Counsel for State Street Bank and Trust*
*Company*

#21264358 v1 (129342.6)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN LOFFREDO, et al.,

          Plaintiffs,

   vs.

DAIMLER AG, a foreign corporation,
STATE STREET BANK AND TRUST
COMPANY, a Massachusetts Trust
Company, THOMAS LASORDA, an
individual, JOHN DOE and MARY
ROE, individuals.

          Defendants.

Hon. Julian A. Cook

Case No. 2:10–cv–14181

## DEFENDANT STATE STREET BANK AND TRUST COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................ 1

II.  FACTUAL BACKGROUND ..........................................................................3

III. ARGUMENT....................................................................................................5

   A.   Standard of Review Applicable to a Rule 12(b)(6) Motion .........................5

   B.   Plaintiffs' Claim Is Preempted Because State Street Is Not An "Agent"
       Under The ADEA And Could Not Be Liable To Plaintiffs As An "Agent"
       Under The ADEA ........................................................................................6

   C.   State Street Is Not An "Agent" Under The Michigan ELCRA...................10

IV.  CONCLUSION .............................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................ 6

*Branham v. Home Depot U.S.A., Inc.*,
   225 F. Supp. 2d 762 (E.D. Mich. 2002) ...................................................... 7

*Ford v. Tenn. Human Rights Comm'n*,
   208 F.3d 213 (6th Cir. 2000) ....................................................................... 7

*Freeman v. Unisys Corp.*,
   870 F. Supp. 169 (E.D. Mich. 1994) ................................................... iv, 10

*Johnson v. BNC Mortgage Corp.*,
   No. 09-14717, 2010 U.S. Dist. LEXIS 93268, at **4-8 (E.D. Mich. Sept. 8, 2010) ................ 8

*Kaye v. Unum Group/Provident Life & Accident*,
   No. 09-14873, 2010 U.S. Dist. LEXIS 99827 (E.D. Mich. Sept. 22, 2010) ........................... 6

*League of United Am. Citizens v. Bredesen*,
   500 F.3d 523 (6th Cir. 2007) ....................................................................... 5

*Mayer v. Mylod*,
   988 F.2d 635 (6th Cir. 1993) ....................................................................... 5

*Mellentine v. Ameriquest Mortg. Co.*,
   515 Fed. Appx. 419 (6th Cir. 2013) ........................................................... 6

*Meth v. Kilpatrick*,
   2008 WL 4960171 (E.D. Mich. Nov. 20, 2008) ......................................... 5

*Miller v. Maxwell's Intern. Inc.*,
   991 F.2d 583 (9th Cir. 1993) ....................................................................... 9

*Pierce v. Commonwealth Life Ins. Co.*,
   40 F.3d 796 (6th Cir. 1994) ......................................................................... 7

*Saad v. George P. Johnson Co.*,
   No. 06-13494, 2008 U.S. Dist. LEXIS 80484 (E.D. Mich. Sept. 30, 2008) ........................ iv, 9

*Shaw v. Delta Airlines, Inc.*,
   463 U.S. 85 (1983) ...................................................................................... 6

*Wathen v. Gen. Elec. Co.*,
   115 F.3d 400 (6th Cir. 1997) ................................................................. iv, 7

**Statutes**

29 U.S.C. § 1144(a) ......................................................................................... 6

29 U.S.C. § 1144(d) ......................................................................................... 2

29 U.S.C. § 630(b) ......................................................................................... iv

Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2202(1)(a) ............. 1

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................. 1

## **ISSUE PRESENTED**

I.      Should plaintiffs' First Amended Complaint be
        dismissed with prejudice pursuant to Fed. R. Civ. P.
        12(b)(6) for failure to state a claim for which relief may
        be granted against defendant State Street Bank and Trust
        Company?

## <u>STATEMENT OF MOST CONTROLLING AUTHORITIES</u>

**A.**   **Plaintiffs' Claim Is Preempted Because State Street Is Not An "Agent" Under The ADEA And Could Not Be Liable To Plaintiffs As An "Agent" Under The ADEA**

    1.   29 U.S.C. § 630(b)

    2.   *Wathen v. Gen. Elec. Co.*, 115 F.3d 400 (6th Cir. 1997)

    3.   *Saad v. George P. Johnson Co.*, No. 06-13494, 2008 U.S. Dist. LEXIS 80484 (E.D. Mich. Sept. 30, 2008)

**B.**   **State Street Is Not An "Agent" Under The Michigan ELCRA**

    1.   *Seudeal v. Ciena Health Care Mgmt.*, No. 300144, 2011 Mich. App. LEXIS 1861, at *3 (Mich. App. Oct. 18, 2011)

    2.   *Freeman v. Unisys Corp.*, 870 F. Supp. 169 (E.D. Mich. 1994)

I.     **<u>INTRODUCTION</u>**

This Court should dismiss plaintiffs' First Amended Complaint ("Amended Complaint") with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted against defendant State Street Bank and Trust Company ("State Street").

Plaintiffs' Amended Complaint purports to assert a single claim for age discrimination under Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2202(1)(a) ("ELCRA"), based on the defendants' alleged securitization of benefits under Chrysler's Supplemental Executive Retirement Plan ("SERP") for plan participants who were active employees of Chrysler, but not for plan participants, like plaintiffs, who were former Chrysler employees.  (Dkt. No. 73, Amended Complaint, ¶¶ 34-55.)  The Sixth Circuit, however, ruled that plaintiffs' age discrimination claim under the Michigan ELCRA is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") to the extent it does not "mirror" a claim under the federal Age Discrimination in Employment Act ("ADEA").  (Dkt. No. 55, Sixth Circuit Opinion, pp. 12-14.)  The age discrimination claim asserted in plaintiffs' Amended Complaint does not "mirror" a claim under the ADEA.  Instead, it has four separate -- and incurable -- defects that warrant dismissal of plaintiffs' Amended Complaint with prejudice.

First, plaintiffs' claim is preempted because State Street could not be sued as an "agent" under the ADEA.  State Street is not within the limited category of "agents" as defined in the ADEA cases in this Circuit, and it is well-settled in this Circuit that an "agent" cannot be held liable under the ADEA.  As plaintiffs' claim could not be brought under the ADEA, ERISA's saving clause, 29 U.S.C. § 1144(d), does not apply to avoid preemption.   Accordingly, plaintiffs' claim against State Street is preempted because it does not (in the words of the Sixth Circuit opinion) "mirror" a viable ADEA claim.

Second, plaintiffs' claim against State Street is not a viable claim under the Michigan discrimination statute because State Street does not fall within the narrow category of "agents" that the Michigan cases say can be sued under that statute.

Third, plaintiffs' age discrimination claim would not be actionable under the ADEA because plaintiffs have not satisfied the administrative prerequisite of filing a charge of discrimination against State Street or any other defendant.  As plaintiffs' claim could not be brought under the ADEA because of that failure, ERISA's saving clause, 29 U.S.C. § 1144(d), does not apply to avoid preemption.

Fourth, defendants' alleged discrimination between current employees and former does not constitute age discrimination, and plaintiffs have failed to properly plead the necessary elements of an age discrimination claim under either the

ADEA or the Michigan discrimination statute.   As a result, plaintiffs' claim should be dismissed for failure to state a claim.

For the convenience of the Court and to avoid duplicative arguments, State Street adopts and incorporates by reference the arguments made by Defendant Thomas Lasorda in his Motion to Dismiss Plaintiffs' First Amended Complaint in Sections II and III of Mr. Lasorda's Memorandum of Law concerning the preemption of plaintiffs' claim because plaintiffs did not file administrative charges and plaintiffs' failure to properly plead an age discrimination claim.  State Street's Memorandum will address only those points specific to the claim against State Street as an "agent."

## II.    FACTUAL BACKGROUND

Plaintiffs are former employees of Chrysler Corporation and/or DaimlerChrysler Corporation (collectively referred to herein as "Chrysler") who were employed with the company prior to 2007.  (Amended Complaint ¶ 15.) While employed by Chrysler, plaintiffs were participants in the SERP, an employee benefit plan providing retirement benefits to eligible employees.  (*Id.* at ¶ 23.)  Plaintiffs allege that under the terms of the SERP, they were entitled to receive a monthly payment from the SERP upon retirement from Chrysler.  (*Id.* at ¶ 25.)

The Amended Complaint alleges that Chrysler voluntarily placed funds for the SERP in a "rabbi trust" established and funded by Chrysler; State Street is sued as the corporate trustee that provided rabbi trust administration services to the plan. (*Id.* at ¶¶ 26-27.)  The parameters of State Street's duties were delineated in a trust agreement between State Street and Chrysler.  (*Id.*; Dkt. No. 25-3, Trust Agreement.)  As trustee of the SERP, State Street's duties were limited to managing and investing the SERP funds and distributing them to the plan participants at the direction of the Chrysler Employee Benefits Committee (the "Benefits Committee").  (Trust Agreement, §§ 2.9(a), 5.5.)  Pursuant to the trust agreement, the Benefits Committee, and not State Street, had "the sole authority and responsibility" to determine and implement payments to plan participants and beneficiaries.  (*Id.* at §§ 2.7(a)–(b).)

Plaintiffs allege that in 2005 or 2006, the defendants began securitizing SERP benefits for plan participants who were at that time still actively employed by Chrysler.  (Amended Complaint ¶¶ 34-38.)  Defendants allegedly did not at that same time securitize SERP retirement benefits payable to former Chrysler employees, including plaintiffs.  (*Id.* at ¶ 37.)  Plaintiffs contend that, as a group, they are "much older" than the group of plan participants whose retirement benefits were secured by defendants.  (*Id.* at ¶¶ 36, 49).  Plaintiffs claim that defendants' securitization of SERP benefits for then-active employees of Chrysler

discriminated against plaintiffs on the basis of their age and was in violation of the ADEA and ELCRA.  (*Id.* at ¶ 54.)

On June 6, 2011, this Court dismissed plaintiffs' age discrimination claim under the ELCRA because it was preempted by ERISA.  (Dkt. No. 47, June 6, 2011 Order, pp. 13-21.)  The Sixth Circuit subsequently determined that plaintiffs' age discrimination claim was not preempted by ERISA to the extent it mirrored an ADEA claim, and remanded the claim to this Court "for further proceedings consistent with this opinion."  (Sixth Circuit Opinion, pp. 12-14.)  On August 30, 2013, plaintiffs filed their Amended Complaint.  (Dkt. No. 73.)

## III.   ARGUMENT

### A.   <u>Standard of Review Applicable to a Rule 12(b)(6) Motion</u>

A motion under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a claim.  Specifically, the motion tests whether plaintiffs have made the requisite showing that they are entitled to relief.  *Meth v. Kilpatrick*, No. 08-11589, 2008 U.S. Dist. LEXIS 107422, at **8-10 (E.D. Mich. Nov. 20, 2008) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)); Fed. R. Civ. P. 8(a).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must provide sufficient grounds for his entitlement to relief, which requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. *League of United Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff's factual

allegations "must do more than create speculation or suspicion of a legally

cognizable cause of action; they must show *entitlement* to relief."  *Id.* (emphasis

added); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).   "In other words, the

Rule 12(b)(6) standard requires that a plaintiff provide 'enough facts to state a

claim to relief that is plausible on its face.'"  *Mellentine v. Ameriquest Mortg. Co.*,

515 Fed. Appx. 419, 422 (6th Cir. 2013) (quoting *Twombly*, 550 U.S. at 569); *see*

*also Kaye v. Unum Group/Provident Life & Accident*, No. 09-14873, 2010 U.S.

Dist. LEXIS 99827, at *8 (E.D. Mich. Sept. 22, 2010) (Cook, J.).

      **B.**      **<u>Plaintiffs' Claim Is Preempted Because State Street Is Not An</u>**
            **<u>"Agent" Under The ADEA And Could Not Be Liable To Plaintiffs</u>**
            **<u>As An "Agent" Under The ADEA</u>**[1]

As the Sixth Circuit has repeatedly held, the ADEA applies only to

"employers," and parties who are not "employers" cannot be held liable under the

ADEA.  *See, e.g., Ford v. Tenn. Human Rights Comm'n*, 208 F.3d 213 (6th Cir.

---

[1] Plaintiffs' claim under the Michigan discrimination statute "relates to" the SERP, an ERISA plan, and is, therefore, subject to the broad preemption provisions of ERISA *unless* it falls within an exception to preemption.  29 U.S.C. § 1144(a); *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96 (1983).  One of these exceptions, as the Sixth Circuit noted, is the savings clause in ERISA, 29 U.S.C. § 1144(d), which provides that "nothing in the statute 'shall be construed to alter, amend, modify, invalidate, impair, or supersede *any law of the United States*.'"  (Sixth Circuit Opinion, p.12) (emphasis added).  The Sixth Circuit, relying on *Shaw*, interpreted ERISA's savings clause to preserve Plaintiffs' state law age discrimination claim only "to the extent [it] mirror[s] [an] ADEA claim[]."  (*Id.*)

2000) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)).

Plaintiffs notably do not allege that State Street was their employer. To the

contrary, plaintiffs acknowledge that they were employed by Chrysler. (Amended

Complaint ¶ 15.) Thus, on the face of the Amended Complaint, State Street could

not be liable to plaintiffs as an "employer" under the ADEA.

Plaintiffs' attempt to characterize State Street as an "agent" under the ADEA

does not salvage their claim. While the statutory definition of "employer" includes

the term "agent" ("[t]he term 'employer' … also means (1) any agent of such a

person"), agent is not defined within the ADEA. *See* 29 U.S.C. § 630(b). As a

result, the Sixth Circuit Court of Appeals and district courts in this Circuit have

interpreted "agent" (as used in the ADEA) to mean "an individual who serves in a

supervisory position and exercises significant control over the plaintiff's hiring,

firing or conditions of employment." *Wathen*, 115 F.3d at 405 (quoting *Pierce v.

Commonwealth Life Ins. Co.*, 40 F.3d 796, 803 (6th Cir. 1994)); *Branham v. Home

Depot U.S.A., Inc.*, 225 F. Supp. 2d 762, 765 n. 2 (E.D. Mich. 2002).

Plaintiffs' Amended Complaint does not come close to alleging that State

Street is an agent as defined in these cases, nor could it. Plaintiffs' lone allegation

is that State Street was an "agent[]" of Chrysler.[2]  (Amended Complaint ¶ 50.)

There is not a single allegation anywhere in the Amended Complaint asserting that

State Street served in a supervisory position and had significant control over the

plaintiffs' hiring, firing or conditions of employment.  Indeed, any such allegation

would be unsupportable given State Street's role as SERP trustee. As plaintiffs

have already acknowledged in the Amended Complaint, State Street's

responsibilities under the SERP were defined by the terms of the trust agreement it

entered into with Chrysler.  (Amended Complaint ¶¶ 26-27.)  That agreement

limited State Street's duties to managing and investing the SERP funds and

distributing them to the plan participants at the direction of the Benefits

Committee.  (Trust Agreement, §§ 2.9(a), 5.5.)  Thus, there is no factual basis

whatsoever for plaintiffs to allege that State Street served in a supervisory position

and had significant control over plaintiffs' employment.  *See Johnson v. BNC*

*Mortgage Corp.*, No. 09-14717, 2010 U.S. Dist. LEXIS 93268, at **4-8 (E.D.

Mich. Sept. 8, 2010) (dismissing contract claim because plaintiffs did not offer any

facts from which the court could reasonably determine the existence and breach of

an enforceable contract) (Cook, J.).

_____

[2] Such a conclusory allegation not only fails to satisfy the standard for "agent" set
by the courts in this Circuit, but is also exactly the type of superficial pleading that
is precluded under Rule 12.

There is a second reason why State Street could not be sued as an "agent" under the ADEA:  the ADEA does not impose liability on the "agents" of an employer.  In *Wathen*, the Sixth Circuit recognized that "[t]he obvious purpose of th[e] agent provision was to incorporate respondeat superior liability into the statute." 115 F.3d at 405-06 (quoting *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993)).  As a result, the Court of Appeals concluded that *employers* could be liable for the acts of their agents under the ADEA, but that liability under the statute did not extend to the agents themselves.  *Id.* (affirming summary judgment in favor of "agent" defendants because agents could not liable under statute); *see also Saad v. George P. Johnson Co.*, No. 06-13494, 2008 U.S. Dist. LEXIS 80484, at **12-13 (E.D. Mich. Sept. 30, 2008) (dismissing plaintiff's ADEA claim against "agent" defendant because the term "agent" evidenced "Congress's intent to incorporate the principle of respondeat superior, not to create individual liability").  Because plaintiffs concede that State Street was not their employer (but instead allege that State Street was an "agent"), State Street could not be liable to plaintiffs under the ADEA.  Accordingly, the attempted state law claim against State Street does not "mirror" a viable ADEA claim and must be dismissed as preempted.[3]

---

[3] The preemption of plaintiffs' state law age discrimination claim in light of its failure to "mirror" a viable ADEA claim is discussed in additional detail in Section
(continued…)

**C.**     **State Street Is Not An "Agent" Under The Michigan ELCRA**

Given that plaintiffs could not have a claim against State Street under the

ADEA, this Court should dismiss plaintiffs' state law claim against State Street

with prejudice in light of the Sixth Circuit's ruling requiring plaintiffs' state law

age discrimination claim to "mirror" an ADEA claim.  (Sixth Circuit Opinion, pp.

12-14.)  However, if this Court were also to analyze the allegations in plaintiffs'

Amended Complaint under the Michigan ELCRA, plaintiffs' age discrimination

claim against State Street would still fail.

In *Seudeal v. Ciena Health Care Mgmt.*, the Michigan Court of Appeals

held that an employer's "agent" can be liable under the ELCRA only if the agent

"ran [plaintiffs'] place of employment or … was responsible for any decision that

may have given rise to an ELCRA claim."  No. 300144, 2011 Mich. App. LEXIS

1861, at *3 (Mich. App. Oct. 18, 2011); *see also Freeman v. Unisys Corp.*, 870 F.

Supp. 169, 173 (E.D. Mich. 1994) ("Individual supervisors act as agents of an

employer [for purposes of the ELCRA] if they are responsible for making

personnel decisions affecting the plaintiff.").   Notably, plaintiffs' conclusory

allegation that State Street was an "agent" of Chrysler is not accompanied by any

allegation that State Street ran plaintiffs' place of employment -- an absurd idea

---

II of Thomas Lasorda's Memorandum in Support of his Motion to Dismiss
Plaintiffs' First Amended Complaint, which State Street adopts and incorporates
by reference.

given State Street's role as SERP trustee and its limited responsibilities under the trust agreement.  (*See supra* Section II.)  Plaintiffs' Amended Complaint also does not allege that State Street had any role in the decision giving rise to plaintiffs' age discrimination claim.  Instead, plaintiffs specifically allege that the decision giving rise to their claim – to securitize SERP benefits for active Chrysler employees, but not former Chrysler employees – was made by certain other defendants. (Amended Complaint ¶ 34) ("In 2005 and/or 2006, *Lasorda and the Other Fiduciaries decided* to institute a practice of … securitizing the SERP retirement benefits of participants in the plan who were at that time still actively employed by [Chrysler]") (emphasis added.)  The Other Fiduciaries are defined in the Amended Complaint as "John Doe and Mary Roe (who consist of members of an Employee Benefits Committee, a Pension Fund Review Committee, a Compensation Committee and/or the Board of Directors whose identities are presently unknown to Plaintiffs)," not State Street.[4]  (*Id.* at ¶ 27.)  Thus, based on plaintiffs' own complaint, State Street does not qualify as an "agent" under the ELCRA, and plaintiffs' age discrimination claim under the ELCRA should be dismissed against State Street for that reason as well.

---

[4] Plaintiffs' allegation regarding who purportedly had a role in the decision giving rise to their age discrimination claim is, in some measure, consistent with the terms of the trust agreement, which states that the Benefits Committee (not State Street) has "the sole authority and responsibility" to determine and implement payments to plan participants and beneficiaries.  (Trust Agreement at §§ 2.7(a) – (b).)

IV.   **CONCLUSION**

For the foregoing reasons, Defendant State Street respectfully requests that this Court dismiss Plaintiffs' First Amended Complaint against State Street. Because plaintiffs cannot allege a viable age discrimination claim against State Street under either the ADEA or ELCRA, State Street respectfully requests that this Court's dismissal of Plaintiffs' First Amended Complaint be with prejudice and without leave to attempt to replead again.

Date: September 13, 2013         Respectfully submitted,

                                   s/James D. VandeWyngearde
                                   JAMES D. VANDEWYNGEARDE (P58634)
                                   Pepper Hamilton LLP
                                   4000 Town Center, Suite 1800
                                   Southfield, MI  48075
                                   248.359.7300
                                   *vandewyj@pepperlaw.com*
                                   *Local Counsel for State Street Bank and Trust Company*

                                   WILBER H. BOIES, P.C.
                                   NANCY G. ROSS
                                   PRASHANT KOLLURI
                                   McDermott Will & Emery LLP
                                   227 W. Monroe Street
                                   Chicago, IL  60606
                                   312.984.7686
                                   *bboies@mwe.com*
                                   *nross@mwe.com*
                                   *pkolluri@mwe.com*
                                   *Counsel for State Street Bank and Trust Company*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 13th day of September, 2013, I caused a copy of the

foregoing Defendant State Street Bank and Trust Company's Motion to Dismiss

Plaintiffs' First Amended Complaint, Memorandum in Support thereof and this

Certificate of Service to be electronically filed with the U.S. District Court, Eastern

District of Michigan, and notice will be sent by operation of the Court's electronic

filing system to all ECF participants.

I further certify that a copy will be hand delivered to the Hon. Julian A. Cook,

231 W. Lafayette Blvd., Room 718, Detroit, MI 48826.

Respectfully submitted,

s/James D. VandeWyngearde
JAMES D. VANDEWYNGEARDE (P58634)
Pepper Hamilton LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
248.359.7300
*vandewyj@pepperlaw.com*
*Local Counsel for State Street Bank and Trust Company*

WILBER H. BOIES, P.C.
NANCY G. ROSS
PRASHANT KOLLURI
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, IL  60606
312.984.7686
*bboies@mwe.com*
*nross@mwe.com*
*pkolluri@mwe.com*
*Counsel for State Street Bank and Trust Company*