## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN LOFFREDO, et al.,

              Plaintiffs,

      vs.

DAIMLER AG, a foreign corporation,
STATE STREET BANK AND TRUST
COMPANY, a Massachusetts Trust
Company, THOMAS LASORDA, an
individual, JOHN DOE and MARY
ROE, individuals.

              Defendants.

Hon. Julian A. Cook

Case No. 2:10–cv–14181

## DEFENDANT STATE STREET BANK AND TRUST COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

JAMES D. VANDEWYNGEARDE (P58634)
Pepper Hamilton LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
248.359.7300
*vandewyj@pepperlaw.com*
*Local Counsel for State Street Bank*
 *and  Trust Company*

WILBER H. BOIES, P.C.
NANCY G. ROSS
PRASHANT KOLLURI
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, IL  60606
312.984.7686
*bboies@mwe.com*
*nross@mwe.com*
*pkolluri@mwe.com*
*Counsel for State Street Bank*
*and Trust Company*

# **TABLE OF CONTENTS**

ISSUE PRESENTED .................................................................................. ii

STATEMENT OF MOST CONTROLLING AUTHORITIES ............................. iii

I.      The Sixth Circuit's Mandate Does Not Prevent This Court From Deciding
        Whether Plaintiffs Have Sufficiently Alleged That State Street Is An
        "Agent" Under The ADEA And ELCRA ......................................................2

II.     State Street Is Not An "Agent" Under the ADEA And Could Not Be Held
        Liable To Plaintiffs As An "Agent" Under the ADEA ..................................4

III.    State Street Is Not An "Agent" Under The Michigan ELCRA......................8

CONCLUSION ....................................................................................11

## <u>ISSUE PRESENTED</u>

Whether plaintiffs have a plausible and viable age discrimination claim against State Street as an "agent" of their employer, given the strict limitations on "agent" claims in the Sixth Circuit and Michigan cases applying the Age Discrimination in Employment Act and Michigan's Elliot Larsen Civil Rights Act.

## <u>STATEMENT OF MOST CONTROLLING AUTHORITIES</u>

**A.   The Sixth Circuit's Mandate Does Not Prevent This Court From Deciding Whether Plaintiffs Have Sufficiently Alleged That State Street Is An "Agent" Under The ADEA And ELCRA**

    1.    *U.S. v. Campbell*, 168 F.3d 263 (6th Cir. 1999)

    2.    *Hanover Ins. Co. v. American Engineering Co.*, 105 F.3d 306 (6th Cir. 1997)

**B.   State Street Is Not An "Agent" Under the ADEA And Could Not Be Held Liable To Plaintiffs As An "Agent" Under the ADEA**

    1.    *Wathen v. Gen. Elec. Co.*, 115 F.3d 400 (6th Cir. 1997)

    2.    *Masi v. DTE Coke Operations, LLC*, 2007 U.S. Dist. LEXIS 71831 (E.D. Mich. Sept. 27, 2007)

**C.   State Street Is Not An "Agent" Under The Michigan ELCRA**

    1.    *Seudeal v. Ciena Health Care Mgmt.*, 2011 Mich. App. LEXIS 1861 (Mich. App. Oct. 18, 2011)

    *2.*    *Freeman v. Unisys Corp.*, 870 F.Supp. 169 (E.D. Mich. 1994)

    3.    *Elezovic v. Bennett*, 274 Mich. App. 1 (Mich. App. 2007)

Plaintiffs' First Amended Complaint ("Amended Complaint") should be dismissed with prejudice. In its opening brief, defendant State Street Bank and Trust Company ("State Street") explained in detail why the age discrimination claim asserted against State Street in plaintiffs' Amended Complaint is not a viable claim under either the federal Age Discrimination in Employment Act ("ADEA") or Michigan's Elliot Larsen Civil Rights Act ("ELCRA"). (Dkt. No. 74, Motion to Dismiss Amended Complaint.)[1] Nothing in plaintiffs' response rebuts either the facts or the controlling case law set out in State Street's opening brief. (Dkt. No. 80, Plaintiffs' Response.) Accordingly, plaintiffs' Amended Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted against State Street.

---

[1] State Street also adopted arguments made by defendant Thomas Lasorda identifying two other defects warranting dismissal of the Amended Complaint: (1) plaintiffs' failure to file administrative charges against the defendants; and (2) plaintiffs' failure to properly plead the necessary elements of an age discrimination claim. (Dkt. No. 75, Sections II(A), II(B), and III of Lasorda Brief in Support of Motion to Dismiss, pp. 9-13, 15-24.) For the convenience of the Court, State Street once again adopts and incorporates by reference the arguments made by Mr. Lasorda in his reply in support of his motion to dismiss plaintiffs' Amended Complaint regarding these issues (Sections II(B), II(C), and III). State Street also adopts and incorporates by reference the arguments made in Section I of defendant Daimler AG's reply in support of its motion to dismiss plaintiffs' Amended Complaint.

I.    **The Sixth Circuit's Mandate Does Not Prevent This Court From Deciding Whether Plaintiffs Have Sufficiently Alleged That State Street Is An "Agent" Under The ADEA And ELCRA**

In their response, plaintiffs attempt a "mandate rule" argument that misstates the Sixth Circuit's mandate in this case.  The Sixth Circuit's mandate states that "[t]he age-discrimination claim is remanded for further proceedings consistent with this opinion."  (Dkt. No. 55, Sixth Circuit Opinion, p. 16.)  This mandate provides for a "general" remand of the age discrimination claim which allows the district court to "address all matters as long as remaining consistent with the remand." *U.S. v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999).  Thus, addressing whether plaintiffs' Amended Complaint states a claim for relief is entirely consistent with the Sixth Circuit's mandate and opinion.

Plaintiffs claim that the Sixth Circuit concluded that "both the ELCRA and ADEA extend liability to 'agents' of employers, and [plaintiffs'] Complaint *sufficiently* allege[s] that State Street acted as Chrysler's agent."  (Plaintiffs' Response, p. 3) (emphasis added.)  That is not what the Court of Appeals actually decided.[2]  While the Sixth Circuit recognized that both the ADEA and ELCRA define the term "employers" to include "agents," the opinion did not go so far as to

---

[2] All that the Court of Appeals actually said is: "State Street argues that it cannot be subject to an employment-discrimination claim because it did not employ the plaintiffs.  But Michigan and federal law extend liability to an employer's 'agent' . . . and the complaint alleges State Street acted as Chrysler's agent." (Sixth Circuit Opinion, p. 13.)

rule that plaintiffs' lone conclusory allegation that State Street was Chrysler's "agent[]" *sufficiently* set forth a "plausible" claim for relief that could withstand a Rule 12(b)(6) motion to dismiss.  (Sixth Circuit Opinion, pp. 12-14).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) (requiring plaintiff to state a "plausible" claim based on more than legal conclusions and conclusory statements.)

In fact, the parties did not brief – and the Sixth Circuit did not consider, let alone apply – the standards by which the courts define an "agent" under the ADEA and ELCRA.[3]  Nor did the Sixth Circuit decide whether the factual allegations in plaintiffs' original complaint satisfied those standards.  (Sixth Circuit Opinion, pp. 12-14).  Because the parties did not argue and the Sixth Circuit plainly did not decide whether plaintiffs have a plausible claim against State Street as an "agent," that issue is left for this Court to decide.  *See Hanover Ins. Co. v. American Engineering Co*., 105 F.3d 306, 312 (6th Cir. 1997) (holding that the law of the case doctrine only applies to "issues 'fully briefed and squarely decided' in the first appeal" (quoting 1B James Wm. Moore, *Moore's Federal Practice* ¶ 0.404[1], at II-5 (2d Ed. 1996))); *Westside Mothers v. Olszewski*, 454 F.3d 532, 539 (6th Cir. 2006) (discussing the mandate rule and holding that "[w]here there is substantial

---

[3] On appeal, plaintiffs merely asserted that the ADEA and ELCRA extended the definition of employers to include agents and that State Street was an agent of Chrysler under the rabbi trust.  However, plaintiffs did not address on appeal the case law limiting the circumstances when an agent could be liable under the ADEA and ELCRA.  (Appellate Case No. 11-1824, Plaintiffs' Reply Brief, docketed December 15, 2011, p. 19.)

doubt as to whether [the appellate court] actually decided an issue, the district court should not be foreclosed from considering the issue on remand.")  This Court is not constrained by the Sixth Circuit's mandate from deciding the sufficiency of the allegations in plaintiffs' latest Amended Complaint.

II.     **State Street Is Not An "Agent" Under the ADEA And Could Not Be Held Liable To Plaintiffs As An "Agent" Under the ADEA**

Plaintiffs argue that because their age discrimination claim is brought under the ELCRA, it "must be evaluated as such."  (Plaintiffs' Response, p. 10.)  The Sixth Circuit, however, made clear that plaintiffs' age discrimination claim under the Michigan ELCRA is preempted by ERISA to the extent it does not "mirror" a claim under the federal ADEA.  (Sixth Circuit Opinion, pp. 12-14.)  As a result, plaintiffs' age discrimination claim must first be evaluated to see if it is a viable claim under the federal ADEA, not the state ELCRA.

Plaintiffs do not dispute that the Sixth Circuit Court of Appeals has interpreted the term "agent," as used in the ADEA, to mean "an individual who serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment."  (Plaintiffs' Response, pp. 10-11 (quoting *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)).  Plaintiffs, however, do not identify any allegations in their Amended Complaint regarding State Street that satisfy this Sixth Circuit definition of "agent."  (*Id.* at pp. 10-12.)  While plaintiffs point out that the Amended Complaint alleges that

- 4 -

State Street provided rabbi trust administration services to the Chrysler Supplemental Employee Retirement Plan ("SERP") (Plaintiffs' Response, p. 11), they conspicuously fail to provide any factual allegations or case support demonstrating that such standard bank trustee services qualified as a "supervisory position" *and* "significant control" over plaintiffs' "hiring, firing and conditions of employment" as Chrysler executives. (*Id.*)

State Street obviously had no control whatsoever over the general employer-employee relationship between Chrysler and its executives. Even as to the SERP, as this Court previously determined, the SERP gave "exclusive authority" to the Chrysler Employee Benefits Committee to operate and administer the plan. (Dkt. No. 47, June 6, 2011 Order, p. 22.) As this Court found from looking at the terms of the SERP, none of the named defendants, including State Street, "had any role whatsoever in the management and administration" of the SERP. (*Id.*) Instead, State Street's role was limited by the terms of the trust agreement with Chrysler to the usual bank trustee functions of managing and investing SERP funds and distributing them to plan participants *at the direction* of *the Benefits Committee*. (*Id.* at pp. 22-24; Dkt. No. 25-3, Trust Agreement, §§ 2.9(a), 5.5.) While plaintiffs argue to the contrary, the evidence in the plan documents is that State Street simply did not serve in a "supervisory position" over Chrysler executives who were SERP

plan participants and did not have "significant control" over plaintiffs'

employment at Chrysler. [4]

Apparently recognizing the deficiencies of their Amended Complaint

allegations, plaintiffs argue about the "control" State Street had over plaintiffs'

employment by directing this Court's attention to Section 2.9(a)(v) of the Trust

Agreement, which provides that State Street would have "sole authority and

responsibility" for making distributions under the SERP *in the event that*:

 (1)   The Employee Benefits Committee does not provide timely
        instructions for the distribution of benefits under the SERP;

 (2)   State Street determines that the Employee Benefits Committee's
        instructions for the distribution of SERP benefits were not provided in
        good faith;

 (3)   The Employee Benefits Committee did not provide timely instructions
        for the distribution of SRP benefits after a Change in Control; and/or

 (4)   State Street questions the correctness of the Employee Benefits
        Committee's instructions for the distribution of SERP benefits after a
        Change in Control.

---

[4] As this Court has previously noted, documents upon which pleadings rely, such
as the trust agreement, may be considered by the Court when evaluating whether
plaintiffs have pled a viable claim.  (June 6, 2011 Order, p. 8 (*citing Weiner,
D.P.M v. Klais & co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997).)  Allegations in
plaintiffs' Amended Complaint should be disregarded to the extent they are
contradicted by central documents such as the trust agreement. *See HMS Prop.
Mgmt. Group, Inc. v. Miller*, 69 F.3d 537 (6th Cir. 1995) ("[A] court may disregard
allegations contradicted by facts established in exhibits attached to the pleading.").
*See also In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 405-06
(S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting
pleadings . . . that are contradicted either by statements in the complaint itself or by
documents upon which its pleadings rely.").

(Plaintiffs' Response, pp. 11-12 (citing Trust Agreement, § 2.9(a)(v)) (emphasis added.)  Plaintiffs fail to mention that their Amended Complaint nowhere alleges that any of the four "events" which might give rise to State Street's "sole authority and responsibility" for administration of SERP distributions actually happened. (Plaintiffs' Response, pp. 10-12.)  Absent those events, "sole authority and responsibility" for the SERP remained with the Benefits Committee.  (Trust Agreement, § 2.7.)  State Street, consequently, never had "significant control" over SERP distributions (let alone over plaintiffs' employment as Chrysler executives). As a result, applying *Iqbal,* plaintiffs simply have no plausible or viable claim that State Street is an "agent" under the specific tests applied in the ADEA cases in this Circuit.[5]  *See Iqbal,* 556 U.S. at 670.

An additional reason plaintiffs do not have a viable claim against State Street under the ADEA is that *the ADEA does not impose liability on the "agents" of an employer.  See Wathen*, 115 F.3d at 405 (upper-level managers could not be subject to individual liability under Title VII); *Masi v. DTE Coke Operations, LLC*, 2007 U.S. Dist. LEXIS 71831, at *16-18 (E.D. Mich. Sept. 27, 2007) (summary judgment in favor of managers where liability precluded under ADEA); *Colston v.*

---

[5] Plaintiffs notably do not even try to argue that State Street served in a "supervisory position" over some 400 Chrysler executives because of its trustee relationship with Chrysler, despite the case law in this Circuit holding that serving in a "supervisory position" is necessary to be an "agent" under the ADEA. (Plaintiffs' Response, pp. 10-12).  *See Wathen*, 115 F.3d at 405.

*Cleveland Pub. Library*, 522 F. App'x 332, 336 (6th Cir. 2013) (affirming dismissal of Title VII claim against individual corporate officers).  Instead, alleged bad acts by an agent are simply a basis for a claim against and recovery from the employer.  (Motion to Dismiss Amended Complaint, p. 9 (citing *Wathen*, 115 F.3d at 405-06).)  Given the case law and based on plaintiffs' own Amended Complaint, *Chrysler* could be held liable to plaintiffs under the ADEA, but State Street could not.  Plaintiffs' bald argument that State Street somehow "independently qualifies as Plaintiffs' 'employer' under the ADEA" directly contradicts the allegation in the Amended Complaint that plaintiffs were "former employees" of Chrysler (not State Street) and that State Street was an "agent" of Chrysler, plaintiffs' former employer.  (Dkt. No. 73, Amended Complaint, ¶¶ 15, 50.)  Not surprisingly, this argument has no factual or legal support in plaintiffs' brief.  (Plaintiffs' Response, p. 12)

For all of these reasons, plaintiffs' age discrimination claim against State Street does not "mirror" a viable claim under the ADEA and must be dismissed because it is preempted.

## III.   State Street Is Not An "Agent" Under The Michigan ELCRA

As discussed above and in State Street's opening brief, this Court should dismiss plaintiffs' age discrimination claim against State Street with prejudice in light of the Sixth Circuit's ruling requiring plaintiffs' claim to "mirror" a federal

ADEA claim, which the Amended Complaint fails to do. (Sixth Circuit Opinion, pp. 12-14.) Even if this Court were to analyze the allegations in plaintiffs' Amended Complaint under the Michigan Civil Rights Act, plaintiffs' age discrimination claim against State Street would still fail because State Street is not an "agent" under the ELCRA case law.

Michigan state and federal courts have held that an employer's "agent" can be liable under the ELCRA only if the agent ran plaintiffs' place of employment, made personnel decisions affecting the plaintiffs or was responsible for any decision that may have given rise to an ELCRA claim. (Motion to Dismiss Amended Complaint, p. 10 (citing *Seudeal v. Ciena Health Care Mgmt.*, 2011 Mich. App. LEXIS 1861, at *3 (Mich. App. Oct. 18, 2011) and *Freeman v. Unisys Corp.*, 870 F.Supp. 169, 173 (E.D. Mich. 1994)).) Plaintiffs' Amended Complaint does not allege that State Street ran plaintiffs' place of employment or made personnel decisions affecting the plaintiffs. As to the decision giving rise to their claim – to securitize SERP benefits for active Chrysler employees, but not former Chrysler employees – *plaintiffs expressly allege that decision was made by other SERP fiduciaries*, and not by State Street. (Amended Complaint, ¶ 34.) In short, plaintiffs' claim against State Street fails all three of the tests set out in *Seudeal v. Ciena Health* and *Freeman v. Unisys*.

Plaintiffs' reliance on *Elezovic v. Bennett* does not salvage their claim against State Street.  (Plaintiffs' Response, pp. 13-15.)  In *Elezovic*, the Michigan Court of Appeals defined "agent" under the ELCRA to mean "persons to whom an employing entity delegates supervisory power and authority to act on its behalf." 274 Mich. App. 1, 10-11 (Mich. App. 2007).  The Amended Complaint, however, simply calls State Street an "agent" (once) and does not allege that Chrysler (the "employing entity") delegated any supervisory power or authority to State Street to act on Chrysler's behalf.  Plaintiffs' argument that State Street was in "actual physical possession and control of the Rabbi Trust assets" does not substitute for evidence or even allegations of any delegation of supervisory power or authority by Chrysler to State Street, particularly when *State Street was required under the terms of the trust agreement to act at the direction of the Benefits Committee*. (Plaintiffs' Response, pp. 13-15; June 6, 2011 Order, pp. 22-24; Trust Agreement, §§ 2.9(a), 5.5.)  As discussed in Section II of this Reply, plaintiffs' repeated argument that State Street was delegated supervisory authority in Section 2.9(a)(v) of the Trust Agreement fails upon reading the Amended Complaint and the trust agreement, given the absence of any complaint allegation that any of the four "events" necessary to give State Street "sole authority and responsibility" for anything about the SERP actually happened.

The *Elezovic* case cited by plaintiffs provided examples of the type of control that "agents" have who can be sued under the ELCRA:

> "control over their victim's employment circumstances and opportunities like promotions, bonuses, overtime options, raises, shift and job assignments, and terminations.  In other words, in significant part, these agents are the employers."

274 Mich. App.  at 11.  None of these examples is comparable to State Street's different and limited role as SERP trustee.  In short, even under the case law cited by the plaintiffs, State Street cannot be considered an "agent" under the ELCRA.

## CONCLUSION

The Sixth Circuit has already decided that plaintiffs may only pursue an age discrimination claim that "mirrors" an ADEA claim.  Following the clear Sixth Circuit and Michigan case law limiting claims against "agents," plaintiffs have no viable claims against State Street under either the federal ADEA or the Michigan ELCRA.  For the foregoing reasons, defendant State Street respectfully requests that this Court dismiss Plaintiffs' First Amended Complaint against State Street with prejudice.

Dated:  November 8, 2013          Respectfully submitted,

s/James D. VandeWyngearde
JAMES D. VANDEWYNGEARDE (P58634)
Pepper Hamilton LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
248.359.7300
*vandewyj@pepperlaw.com*
*Local Counsel for State Street Bank*
 *and Trust Company*

WILBER H. BOIES, P.C.
NANCY G. ROSS
PRASHANT KOLLURI
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, IL  60606
312.984.7686
*bboies@mwe.com*
*nross@mwe.com*
*pkolluri@mwe.com*
*Counsel for State Street Bank and Trust*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2013, I caused a copy of the foregoing Defendant State Street Bank and Trust Company's Reply in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint and this Certificate of Service to be electronically filed with the U.S. District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.  I further certify that a copy will be hand delivered to the Hon. Julian A. Cook, 231 W. Lafayette Blvd., Room 718, Detriot, MI 48826.

Respectfully submitted,

s/James D. VandeWyngearde
JAMES D. VANDEWYNGEARDE (P58634)
Pepper Hamilton LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
248.359.7300
vandewyj@pepperlaw.com
Local Counsel for State Street Bank
 and Trust Company

WILBER H. BOIES, P.C.
NANCY G. ROSS
PRASHANT KOLLURI
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, IL  60606
312.984.7686
bboies@mwe.com
nross@mwe.com
pkolluri@mwe.com
Counsel for State Street Bank and Trust Company

#22336884 v1 (129342.6)
DM_US 46474900-1.030790.0281

- 13 -