UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LOFFREDO, *et al.*,

    Plaintiffs,

v.

DAIMLER AG, *et al.*,

    Defendants.

Case No. 2:10-cv-14181
Hon. Julian A. Cook

## REPLY BRIEF IN SUPPORT OF DEFENDANT THOMAS LASORDA'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

DICKINSON WRIGHT PLLC
Lawrence G. Campbell (P11553)
Thomas G. McNeill (P36895)
L. Pahl Zinn (P57516)
500 Woodward Avenue
Suite 4000
Detroit, Michigan 48226
(313) 223-3705

TROUTMAN SANDERS LLP
J. Timothy Mast
Rebecca Shanlever
Mary M. Weeks
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
(404) 885-3000

# MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

1.  Plaintiffs' state law age discrimination claim must be dismissed as preempted by ERISA where Plaintiffs' state law claim does not mirror a claim under the ADEA. *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983); Dkt. No. 55 at 12, 14.

    a.  Plaintiffs cannot state a claim against Mr. LaSorda because individuals cannot be held personally liable under the ADEA. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400 (6th Cir. 1997).

    b.  Plaintiffs have not alleged that they satisfied the administrative prerequisites for an ADEA claim. *Warren v. Oil, Chem. & Atomic Workers, Union-Indus. Pension Fund*, 729 F. Supp. 563 (E.D. Mich. 1989).

    c.  Plaintiffs' disparate impact claim based on the compensation, terms, conditions, and privileges of employment is not recognized under the ADEA. *Smith v. City of Jackson*, 544 U.S. 228 (2005); *Aldridge v. City of Memphis*, 2008 U.S. Dist. LEXIS 67539 (W.D. Tenn. July 31, 2008), *aff'd by* 404 F. App'x 29 (6th Cir. 2010).

2.  Plaintiffs' disparate impact age discrimination claim fails because Plaintiffs have not alleged that a specific employment practice had a statistically significant effect on a protected group. *Adams v. Lucent Techs., Inc.*, 284 F. App'x 296 (6th Cir. 2008).

    a.  Plaintiffs have failed to allege an adverse impact on a protected group. *McKnight v. Gates*, 282 F. App'x 394 (6th Cir. 2008).

    b.  Plaintiffs have failed to allege the existence of relevant statistics. *Hogan v. Metromail*, 107 F. Supp. 2d 459 (S.D.N.Y. 2000); *Kushmeder v. McHugh*, 2010 U.S. Dist. LEXIS 47596 (M.D. Pa. May 14, 2010).

## I. The Sixth Circuit Did Not Rule On Plaintiffs' First Amended Complaint And Did Not Address the Issues Raised in Defendant LaSorda's Motion.

Plaintiffs' contention that the Sixth Circuit somehow ruled upon the adequacy of their First Amended Complaint ("FAC") completely misses the mark. In its Opinion, the Sixth Circuit held that 29 U.S.C. § 1144(d), ERISA's savings clause, preserves state-law claims from preemption only "to the extent they mirror ADEA claims" and remanded Plaintiffs' age discrimination claim to this Court for further proceedings. (Dkt. No. 55 at 12.) Thereafter, Plaintiffs amended their complaint in an effort to address the Sixth Circuit's holding regarding preemption.[1]

The allegations of the FAC changed the landscape, deviating in numerous and important ways from the original complaint and expanding the basis, scope, and time period for Plaintiffs' allegations, asserting that:

- Defendants owed a duty to Plaintiffs under the ADEA and violated that duty (Dkt. No. 73 at ¶¶ 51, 54);

- Defendants "decided to institute a practice of purchasing annuities, providing lump sum payments, transferring benefits to a qualified retirement plan, or otherwise securitizing" SRP retirement benefits (*id.* at ¶ 34); and

- "Defendants' practice of securitizing the SRP retirement benefits of actively employed SRP participants *continued*

---

[1] In seeking leave to amend, Plaintiffs conceded as much, arguing that they should be allowed to amend the complaint because Defendants' alleged violation of the ADEA "is important because [of] ERISA's savings clause." (Dkt. No. 68 at 9.) Consequently, Plaintiffs' FAC added allegations that Defendants "owed a duty to Plaintiffs . . . pursuant to the . . . [ADEA]" and that Defendants' claimed actions were "in violation of the . . . ADEA." (Dkt. No. 73 at ¶¶ 51, 54.)

> *until the time of* Chrysler's bankruptcy" on April 30, 2009 (*id.* at ¶¶ 21, 40 (emphasis added)).

In their original complaint, Plaintiffs made no mention of the ADEA, lump sum payments, or transfer of benefits and alleged that Defendants securitized benefits in the limited timeframe of "2005 and/or 2006." (Dkt. No. 1 at ¶¶ 32, 76, 78-81.) Plaintiffs' FAC now introduces ADEA allegations, additional discriminatory conduct, and an expanded period of alleged discrimination.

The Sixth Circuit simply did not consider (and could not have considered) the FAC and its additional allegations – including Plaintiffs' ADEA claim. Furthermore, the Sixth Circuit's ruling does not preclude any arguments now raised in Mr. LaSorda's Motion. In addressing the allegations of the original complaint, the Sixth Circuit held that: (1) Section 1144(d) preserves Plaintiffs' ELCRA claim *to the extent it mirrors an ADEA claim*; (2) "reasonable factors other than age" is an affirmative defense that may ultimately bar Plaintiffs' claim;[2] (3) Plaintiffs alleged that State Street acted as Chrysler's agent; and (4) Plaintiffs'

---

[2] Contrary to Plaintiffs' assertion otherwise (Dkt. No. 81 at 21), reliance on current employment status is itself a "legitimate motive" for employment and benefits decisions. *See, e.g., Hogan v. Metromail*, 107 F. Supp. 2d 459, 466-67 (S.D.N.Y. 2000) (discrimination based on active employment status is not age-based discrimination); *Bondurant v. Air Line Pilots Ass'n*, 718 F. Supp. 2d 836, 843 (E.D. Mich. 2010) (use of active employment status to determine benefits does not violate ADEA), *aff'd by* 679 F.3d 386 (6th Cir. 2012); *Doyle v. City of Medford*, 2011 U.S. Dist. LEXIS 118599, at *8-9 (D. Or. Oct. 13, 2011) (employer "may distinguish between retired and current employees without violating the ADEA"), *aff'd by* 512 F. App'x 680 (9th Cir. 2013).

claim was not barred under Michigan's three-year statute of limitations. (Dkt. No. 55 at 12-14.) The Sixth Circuit *did not address the FAC and did not rule* that: (1) Plaintiffs' ELCRA claim mirrored an ADEA claim or survived preemption;[3] (2) Mr. LaSorda could be individually liable under the ADEA; (3) Plaintiffs satisfied the administrative prerequisites of the ADEA; (4) Plaintiffs pled a valid ADEA disparate impact claim based on denial of employment opportunities or status; or (5) Plaintiffs *alleged sufficient facts* to support the elements of a disparate impact claim. (*See id.*)

Defendant LaSorda is permitted to challenge, and the Court is allowed to consider, the sufficiency of the FAC's allegations under Rule 12(b)(6). *See, e.g., Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (the mandate rule – a specific application of the law of the case doctrine – "is limited to those issues decided in the earlier appeal, and the district court may therefore consider those issues not decided expressly or impliedly by the appellate court"); *Latits v. Phillips*, 2013 U.S. Dist. LEXIS 140340, at *11-12 (E.D. Mich. Sept. 30, 2013) (Cook, J.) (district court not precluded from considering claim added to plaintiff's complaint post-appeal); *see also CSX Transp., Inc. v. Gilkison, Pierce, Raimond & Coulter, P.C.*, 2012 U.S. Dist. LEXIS 61719 (N.D. W. Va. May 3, 2012) (mandate

---

[3] The Sixth Circuit merely acknowledged that the Supreme Court in *Smith v. City of Jackson* held that the ADEA covers disparate impact claims, resolving a long-standing split of authority. (Dkt. No. 55 at 12 (citing 544 U.S. 228, 243 (2005).)

rule inapplicable where plaintiff filed amended complaint expanding scope and time period of prior allegations). Given the differences between the FAC and the complaint that was before the Sixth Circuit, and the limited nature of the Sixth Circuit's Opinion, the mandate rule simply is not applicable here. Consequently, this Court may consider and decide all issues raised in Mr. LaSorda's Motion.

## II. Plaintiffs' Claim Is Preempted By ERISA.

### A. Plaintiffs' Claim Against Mr. LaSorda Individually Cannot Be Brought Under the ADEA And Is Not Saved From Preemption.

The law is clear that individuals cannot be held liable under the ADEA. The use of the term "agent" in the definition of "employer" simply incorporates *respondeat superior* liability into the statute and does not subject an employer's agent himself to liability. (Dkt. No. 75 at 14 n.7.) Plaintiffs do not cite a single case holding an individual manager liable under the ADEA,[4] and their argument that the ADEA and similar federal statutes impose individual liability on an employer's "agent" (*see* Dkt. No. 81 at 17) is contrary to well-established authority in this Circuit. *See, e.g., Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (upper-level managers not subject to individual liability under Title VII);

---

[4] In fact, the cases cited by Plaintiffs do not support their argument but, rather, support Mr. LaSorda's position. *See Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) ("Because [defendant] is merely a former employee of the USPS, and cannot be considered [plaintiff's] employer, he cannot be sued under Title VII."); *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 803 (6th Cir. 1994) (action did not involve an individual defendant, and court held only that the employer could be liable for supervisor's acts in his capacity as the employer's "agent").

-4-

*Colston v. Cleveland Pub. Library*, 522 F. App'x 332, 336 (6th Cir. 2013) (affirming dismissal of Title VII claim against individual officers); *Masi v. DTE Coke Operations, LLC*, 2007 U.S. Dist. LEXIS 71831, at *16-18 (E.D. Mich. Sept. 27, 2007) (managers' individual liability precluded under ADEA).[5]

Plaintiffs' allegation that Mr. LaSorda was an "agent[] of DCC and Chrysler LLC" does not subject him to individual liability;[6] at most, it establishes a basis for *respondeat superior* liability for Plaintiffs' employer. Allowing Plaintiffs to proceed against Mr. LaSorda individually would "permit plaintiffs to exercise rights to which they would not be entitled under federal law," and their claim is, thus, preempted. *Alston v. Atl. Elec. Co.*, 962 F. Supp. 616, 625 (D.N.J. 1997).

---

[5] This Circuit's interpretation is consistent with every other Court of Appeals. *See Fantini v. Salem State Coll.*, 557 F.3d 22, 30 (1st Cir. 2009); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *Dici v. Pa.*, 91 F.3d 542, 552 (3d Cir. 1996); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir.1994); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999); *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 588 (9th Cir. 1993); *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995).

[6] Moreover, as cited in Mr. LaSorda's opening brief, this Court has already determined that "none of the named Defendants had any role whatsoever in the management or the administration of the SRP . . . ." (Dkt. No. 75 at 19 n.11 (citing Dkt. No. 47 at 22).) Plaintiffs' FAC does not present allegations, not previously before this Court, that support any other conclusion.

## B. Plaintiffs Are Not Excused From Compliance With the ADEA's Administrative Procedures.

To survive a motion to dismiss, Plaintiffs must allege compliance with the ADEA's administrative prerequisites – specifically, a charge of discrimination that puts the defendant on notice of the allegations in the complaint. (Dkt. No. 75 at 6-11 (citing 29 U.S.C. § 626(d)(1)(A)).) Failure to allege a timely-filed charge is an appropriate basis for dismissal. *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002).[7] An age discrimination claim related to an ERISA plan but brought under state law is preempted where the plaintiff does not satisfy this administrative prerequisite – *even* where the state (like Michigan) does not have a charge-filing requirement and has a longer limitations period. (Dkt. No. 75 at 6-8.)

This Court considered this very issue in *Warren v. Oil, Chemical & Atomic Workers, Union Industrial Pension Fund* and rejected the plaintiff's argument that his ELCRA claim survived preemption, finding that he "cannot first overcome the procedural problem that ERISA pre-empts state law *to the extent that* the state's limitation period exceeds the 300 day period under ADEA." 729 F. Supp. 563, 565-67 (E.D. Mich. 1989) (emphasis added). The same is true here – Plaintiffs' ELCRA age discrimination claim is preempted by ERISA because it "*was not filed within the 300 days requisite of the ADEA*." *Id.* at 567 (emphasis added). Because

---

[7] In response to Mr. LaSorda's Motion, Plaintiffs did not produce a copy of any charge of discrimination or seek to amend their Complaint to allege that Plaintiffs had filed a charge.

-6-

Plaintiffs cannot distinguish *Warren* (or any of the other preemption cases cited by Mr. LaSorda), they resort to arguing that "the cases are not binding on this Court" and "were wrongly decided." (Dkt. No. 81 at 11.) But Plaintiffs cannot point to a single case where a state-law discrimination claim related to an ERISA plan was saved from preemption even though the plaintiff had not filed a charge of discrimination. Again, allowing Plaintiffs to proceed with their claim without having filed a charge would "permit plaintiffs to exercise rights to which they would not be entitled under federal law." *Alston*, 962 F. Supp. at 625. Their claim does not survive preemption. *Id. See also Warren*, 729 F. Supp. at 565.

## C. The ADEA Does Not Allow Plaintiffs' Disparate Impact Claim.

Plaintiffs' claim is preempted for the additional reason that their allegation of discrimination "in terms of their compensation and privileges of employment" cannot form the basis of a disparate impact claim. (Dkt. No. 73 at ¶ 51.) As the Sixth Circuit recognized, the ADEA does cover disparate impact claims. (Dkt. No. 55 at 12.) But the disparate impact theory is limited to claims brought under ADEA Section 4(a)(2) – where "the employer's practices may be said to adversely affect an individual's *status as an employee*." *City of Jackson*, 544 U.S. at 235 (emphasis added); *Villarreal v. RJ. Reynolds Tobacco Co.*, 2013 U.S. Dist. LEXIS 30018, at *12-13 (N.D. Ga. Mar. 6, 2013) (noting that disparate impact claims "are limited to § 4(a)(2)" and dismissing claim). Plaintiffs' arguments that the ADEA

-7-

protects former employees miss the point. (*See* Dkt. No. 81 at 12-16.)[8] Plaintiffs' disparate impact claim fails not *because* they are former employees, but because they do not allege that they were denied employment opportunities or otherwise adversely affected *as employees*. *City of Jackson*, 544 U.S. at 235; *Aldridge v. City of Memphis*, 2008 U.S. Dist. LEXIS 67539, at *17-18, 21-22 (W.D. Tenn. July 31, 2008) ("Disparate impact claims are available under [Section 4](a)(2), but not under [Section 4](a)(1)."), *aff'd by* 404 F. App'x 29 (6th Cir. 2010).

Here, just as in *Aldridge*, Plaintiffs' allegations fall under Section 4(a)(l), which does not permit disparate impact claims. *See City of Jackson*, 544 U.S. at 236 n.6; *Aldridge*, 2008 U.S. Dist. LEXIS 67539, at *21-22 (eliminating a specific employment rank "affect[ed] the compensation, terms, conditions, and privileges of employment" and, therefore, properly fell under ADEA Section 4(a)(1)). To make this determination, this Court need look no further than the FAC, which does not allege that Plaintiffs lost employment opportunities or status. Instead, Plaintiffs claim that Defendants discriminated against them "in terms of their *compensation and privileges* of employment." (Dkt. No. 73 at ¶ 51 (emphasis added).) In addition, the decision to securitize SRP benefits was not part of an employment plan that applied to all employees (including former employees).

---

[8] Plaintiffs' cases interpreting the definition of "employee" under various federal statutes address claims brought under a disparate treatment theory and contain no discussion of ADEA disparate *impact* claims, which the Supreme Court has held are limited to Section 4(a)(2). *City of Jackson*, 544 U.S. at 235.

-8-

Instead, it affected only SRP participants. (*Id.* at ¶¶ 49, 52-54). Accordingly, their "action must be evaluated under [Section 4](a)(1) which does not permit disparate impact claims." *Aldridge,* 2008 U.S. Dist. LEXIS 67539, at \*22 (noting that "the abolishment of the rank of Captain was not part of an employment plan that applied to all employees. Rather, it only applied to the Captains"). Plaintiffs' disparate impact claim, therefore, fails.

As Plaintiffs have conceded, their age discrimination claim survives preemption only "to the extent that it is based upon conduct that violated the ADEA." (Dkt. No. 68 at 10.) Because Defendants' alleged discrimination in terms of compensation and privileges of employment is not actionable under the ADEA, it is not saved from preemption and must be dismissed.

### III. Plaintiffs Fail To State A Claim Of Disparate Impact Discrimination.

Plaintiffs concede that the required elements of a disparate impact age discrimination claim are the same under the ELCRA and ADEA. (Dkt. No. 81 at 20 n.3.) And, under the ADEA, courts regularly grant motions to dismiss for failure to state a disparate impact claim where the plaintiff does not allege that a specific employment practice had a statistically significant effect on a protected group. (Dkt. No. 75 at 16-18.) As with any claim, a plaintiff's factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens*

-9-

*v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs have failed to allege sufficient facts to show entitlement to relief, and their claim must be dismissed.

### A. Plaintiffs Are Not Part Of A Protected Group Under the ADEA.

Plaintiffs' allegations of discrimination refer to "former employees" and to the effects Plaintiffs allegedly suffered based on the fact that they were no longer "actively employed SRP participants." (Dkt. No. 73 at ¶¶ 15, 36-37, 53-54.) Nowhere do Plaintiffs allege a disparate impact on the ADEA's protected group – individuals age 40 and over.[9] *See Adams v. Lucent Techs., Inc.*, 284 F. App'x 296, 304 (6th Cir. 2008); *Smith v. Tenn. Valley Auth.*, 1991 U.S. App. LEXIS 1754, at *12 (6th Cir. Feb. 4, 1991). Even under Plaintiffs' generous interpretation of the FAC as alleging "an adverse impact upon individuals age *62 and older*," Plaintiffs fall short. (Dkt. No. 81 at 24 (emphasis added).) They allege that decisions whether to securitize benefits applied to all SRP participants, regardless of age, and do not allege that those decisions had an adverse impact on participants *age 40 and over*. Indeed, actively-employed SRP participants age 40 and over – or age 62 and older, for that matter – would have *benefitted* from the alleged decisions. Dismissal is, thus, warranted. *McKnight v. Gates*, 282 F. App'x 394 (6th Cir. 2008).

---

[9] Plaintiffs recognize this shortcoming and request leave to amend again to allege an adverse impact upon individuals age 40 and over. (Dkt. No. 81 at 25.)

## B.   Plaintiffs Have Not Alleged the Existence Of Relevant Statistics.

Plaintiffs' failure to allege relevant statistics is fatal to their disparate impact claim. (Dkt. No. 75 at 24-25.) Plaintiffs attempt to distinguish cases decided at the summary judgment stage (Dkt. No. 81 at 22-24), but dismissal under Rule 12(b)(6) is appropriate where Plaintiffs fail to *allege* statistics showing a disparate impact on a protected group. (Dkt. No. 75 at 16-25 (citing *Kushmeder v. McHugh*, 2010 U.S. Dist. LEXIS 47596, at *12-13 (M.D. Pa. May 14, 2010) (granting motion to dismiss for failure to allege "any statistical evidence or any other evidence that any of the policies . . . ha[d] an adverse effect on workers over forty years of age")).)

Here, the FAC does not allege *any* statistical evidence regarding Defendants' alleged conduct. At most, Plaintiffs baldly assert that, "[a]s a whole, Plaintiffs were much older than the group of SRP participants whose SRP retirement benefits" were protected. (Dkt. No. 73 at ¶¶ 41, 49.) This allegation does not meet Plaintiffs' burden of alleging statistical evidence of a kind and degree sufficient to show that any alleged practice[10] adversely affected Plaintiffs because they are over 40. *See, e.g., Rodriguez v. Beechmont Bus Serv., Inc.*, 173 F. Supp. 2d 139, 148 (S.D.N.Y. 2001) (granting motion to dismiss as "plaintiff present[ed] no statistical evidence to suggest that any such neutral policy or factor had a significant adverse

---

[10] Plaintiffs have not isolated and identified a specific test, requirement, or practice that had an adverse impact, as required for a disparate impact claim (Dkt. No. 75 at 18-20), and offer no support for their argument that the FAC's allegations (which were not before the Sixth Circuit) meet this requirement (Dkt. No. 81 at 20).

impact"); *Prince v. Rice*, 453 F. Supp. 2d 14, 27 (D.D.C. 2006) (dismissal for "no mention of the existence of any statistical or empirical data that may support causation"); *Brady v. Livingood*, 360 F. Supp. 2d 94, 100 (D.D.C. 2004) (dismissal for failure to "allege *some* statistical disparity"). Thus, Plaintiffs' claim fails.

### C. Plaintiffs Should Not Be Permitted To Amend Their Claim.

Plaintiffs' alternative request for leave to file yet another amended complaint should be denied as futile. (Dkt. No. 81 at 25.) Alleging that "the vast majority of Plaintiffs had reached age 40 as of 2005" cannot cure the FAC's fundamental flaw – Plaintiffs have not and cannot allege that a specific employment practice had a statistically significant adverse impact on SRP participants over age 40.

### CONCLUSION

For all of the foregoing reasons, this Court should grant Defendant Thomas LaSorda's Motion to Dismiss Plaintiffs' First Amended Complaint, with prejudice, and deny Plaintiffs' request for attorney's fees and costs.

Respectfully submitted, this 8th day of November, 2013.

| DICKINSON WRIGHT PLLC | TROUTMAN SANDERS LLP |
|---|---|
| By: *L. Pahl Zinn* | J. Timothy Mast |
| Lawrence G. Campbell (P11553) | Rebecca Shanlever |
| Thomas G. McNeill (P36895) | Mary M. Weeks |
| L. Pahl Zinn (P57516) | 5200 Bank of America Plaza |
| 500 Woodward Avenue, Suite 4000 | 600 Peachtree Street, N.E. |
| Detroit, Michigan 48226 | Atlanta, Georgia 30308 |
| (313) 223-3705 | (404) 885-3000 |
| pzinn@dickinsonwright.com | |

-12-

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2013, I electronically filed the foregoing paper using the ECF System which sent notification to registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ L. Pahl Zinn*

L. Pahl Zinn
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Ste. 4000
Detroit, MI 48226
Tel: (313) 223-3500
Fax: (313) 223-3598
E-Mail: pzinn@dickinsonwright.com
Bar No. P57516