UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

---------------------------------------------------x
JOHN LOFFREDO, *et al.*,

                Plaintiffs,

vs.

DAIMLER AG, *et al.*,

                Defendants.
---------------------------------------------------x

Civil Action No.:
2:10-cv-14181

Hon. Julian A. Cook

# REPLY BRIEF IN FURTHER SUPPORT OF DAIMLER AG'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND MOTION TO STRIKE CERTAIN ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

DICKINSON WRIGHT PLLC
Lawrence G. Campbell (P11553)
Thomas G. McNeill (P36895)
L. Pahl Zinn (P57516)
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3705

SHEARMAN & STERLING LLP
Jaculin Aaron
Alan S. Goudiss
K. Mallory Brennan
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

# TABLE OF AUTHORITIES

## CASES

Page

*Alston v. Atl. Elec. Co.*, 962 F. Supp. 616 (D.N.J. 1997) ..........................................4

*Engel v. Davenport*, 271 U.S. 33 (1926) ....................................................................3

*Griffin v. Breckenridge*, 403 U.S. 88 (1971) .............................................................7

*Guaranty Trust Company of New York v. York,* 326 U.S. 99 (1945) .......................3

*Hoover v. Timken Co.*, 30 F. App'x 511 (6th Cir. 2002)............................................4

*Kashner Davidson Sec. Corp. v. Mscisz*, 601 F.3d 19 (1st Cir. 2010) ....................11

*Masi v. DTE Coke Ops., LLC*, No. 06-11592, 2007 WL 2827845
 (E.D. Mich. Sept. 27, 2007)..................................................................................7

*Meritor Sav. Bank v. Vinson*, 477 U.S. 57 (1986) ..................................................7, 8

*Nolan v. Otis Elevator Co.*, 505 A.2d 580 (N.J. 1986)..........................................4, 5

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983) ......................................2, 4, 5, 8

*Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990 (6th Cir. 1997).........6

*Thurmond v. Wayne Cnty. Sheriff Dep't*, No. 07-11761, 2012 U.S. Dist.
 LEXIS 77867 (E.D. Mich. June 5, 2012) ........................................................9, 10

*Turner v. French*, No. 07-14694, 2009 U.S. Dist. LEXIS 2580
 (E.D. Mich. Jan. 14, 2009).................................................................................11

*U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149
 (D.N.J. 2007).......................................................................................................12

*U.S. v. Campbell*, 168 F.3d 263 (6th Cir. 1999) .....................................................10

*Varlesi v. Wayne St. Univ.*, 909 F. Supp. 2d 827 (E.D. Mich. 2012) ........................8

*Warren v. Oil, Chem. & Atomic Workers, Union-Indus. Pension Fund*, 729
 F. Supp. 563 (E.D. Mich. 1989) ...........................................................................5

*Wathen v. Gen. Elec. Co.*, 115 F.3d 400 (6th Cir. 1997) ........................................ 7, 8

*Westside Mothers v. Olszewski*, 454 F.3d 532 (6th Cir. 2006) ........................... 10, 11

*Whitfield v. City of Knoxville*, 756 F.2d 455 (6th Cir. 1985) ................................. 3, 4

## STATUTES & RULES

29 U.S.C. § 623(h)(2) ..................................................................................................5

ERISA § 514 ...................................................................................................1, 2, 4, 9

Fed. R. Civ. P. 12(f) ............................................................................................11, 12

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. i

INTRODUCTION .................................................................................................1

    I.   PLAINTIFFS' CLAIM IS PREEMPTED BECAUSE PLAINTIFFS DO NOT ALLEGE THAT THEY TIMELY FILED AN ADMINISTRATIVE CHARGE AS REQUIRED BY THE ADEA ..............1

    II.  PLAINTIFFS' STATE LAW AGE DISCRIMINATION CLAIM AGAINST DAIMLER IS PREEMPTED BECAUSE DAIMLER WAS NOT PLAINTIFFS' EMPLOYER, THE ADEA DOES NOT APPLY TO FOREIGN CORPORATIONS, AND THE ADEA DOES NOT IMPOSE LIABILITY ON AGENTS .........................................5

    III. THE SIXTH CIRCUIT'S OPINION AND MANDATE ON REMAND DO NOT PRECLUDE DISMISSAL ............................................................8

    IV. ALLEGATIONS IN THE AMENDED COMPLAINT CONCERNING THE RABBI TRUST SHOULD BE STRICKEN .......................................11

CONCLUSION ....................................................................................................12

iii

# INTRODUCTION

Unable to find legal support for their position, Plaintiffs' opposition ("Opp.") resorts to misstating or ignoring the law and the pleadings in this case. These efforts do not save Plaintiffs' amended age discrimination claim against Daimler from preemption.

## I. PLAINTIFFS' CLAIM IS PREEMPTED BECAUSE PLAINTIFFS DO NOT ALLEGE THAT THEY TIMELY FILED AN ADMINISTRATIVE CHARGE AS REQUIRED BY THE ADEA

Plaintiffs concede that their CRA claim is preempted by ERISA – and must be dismissed – unless the claim fits within the narrow scope of Section 514(d) of ERISA. Plaintiffs also do not dispute, and therefore concede, that (i) they filed no administrative charge, as required by the ADEA, (ii) they would be barred by the ADEA's 300-day limitations period from bringing an ADEA claim, and (iii) their CRA claim is "inconsistent with the ADEA." Opp. at 17-18, 20. Plaintiffs' acknowledgement of these facts alone warrants dismissal. *See* Dkt. No. 55 at 12 (only claims that "mirror ADEA claims" avoid ERISA preemption under the savings clause). Every court to consider similar facts has, to Defendants' knowledge, dismissed the state-law discrimination claims as preempted. *See* Daimler Motion to Dismiss ("MTD") at 12-16. Plaintiffs cite no contrary authority.

Yet Plaintiffs argue that their state law age discrimination claim nevertheless

"'provide[s] a means of enforcing'" the ADEA and is therefore preserved by ERISA's savings clause. Opp. at 19-21. This is so, according to Plaintiffs, because the CRA does not require the filing of an administrative charge, their claim was timely under the CRA, and ERISA preemption does not extend to what Plaintiffs call the "procedural requirements" of the ADEA. *Id.* at 17-20. According to Plaintiffs, "[i]f ERISA was interpreted to preempt every aspect of ELCRA which is not identical to the ADEA, it would 'impair' the ADEA's express requirement that aggrieved individuals pursue relief in state forums first." *Id*. at 20.

This argument is a straw man of Plaintiffs' own contrivance. Daimler did not argue, and none of the cases cited by Daimler suggest, that ERISA preempts "every aspect" of the CRA, including every procedural nook and cranny of the law. Instead, as explained in *Shaw v. Delta Air Lines, Inc.*, Section 514 of ERISA results in the "partial" preemption of state anti-discrimination laws, and the "minor practical difficulties" presented by such "partial" preemption of state law do "not represent the kind of 'impairment' or 'modification' of *federal* law that can save a *state* law from preemption under § 514(d)." 463 U.S. 85, 105-106 (1983).

What Daimler does argue is that the CRA is preempted to the extent it expands the federal right by dispensing with the administrative charge requirement

2

and timing limitations of the ADEA.[1] Substantial authority from both the Supreme Court and the Sixth Circuit makes clear that these requirements are not mere procedural details but fundamental limitations on the rights conveyed by the statute. The ADEA created legal rights not available at common law and, consequently, the 180/300-day limitations period is a provision "of substantive right" because it "limit[s] the existence of the obligation which the [law] creates." *Engel v. Davenport*, 271 U.S. 33, 38 (1926) (holding that federal law preempted state law limitations period under merchant marine law). In *Engel*, the Supreme Court observed that the limitations period was a "material element" of the statute and that "varying provisions of the State statutes of limitation" must not be "permit[ted] . . . to [] destroy[]"uniform application of the federal law. *Id.* at 39. Similarly, the Supreme Court held in *Guaranty Trust Company of New York v. York* that "a statute [of limitations] that would completely bar recovery in a suit . . . bears on the [legal] right vitally and not merely formally or negligibly." 326 U.S. 99, 110 (1945) (limitations periods for rights created by state law must be applied by federal courts sitting in diversity because the limitation is, in those circumstances, substantive).

The Sixth Circuit has applied this reasoning specifically to the "filing and deferral provisions" of the ADEA. *Whitfield v. City of Knoxville*, 756 F.2d 455,

---

[1] Daimler incorporates, to the extent applicable, Sections I, II.B-C, and III of

3

461 (6th Cir. 1985). The *Whitfield* court held that both the limitations period and the administrative charge requirement of the ADEA are "substantive limitations on rights as opposed to procedural constraints on mere remedies." *Id.* at 462. The importance of these requirements is confirmed by the Sixth Circuit's ruling that "[f]ailure to timely exhaust [the ADEA's] administrative remedies" warrants dismissal. *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002).

These well-established principles refute Plaintiffs' argument that the administrative charge and limitations requirements of the ADEA are merely procedural aspects of the law that are irrelevant to the preemption analysis. ERISA preemption is to be applied in "'its broadest sense' . . . [with] only very limited exceptions," and the narrow exception in Section 514(d) applies only to the extent necessary not to "alter, amend, modify, invalidate, impair, or supersede any law of the United States." *Shaw*, 463 U.S. at 101, 104, 105 (internal citations omitted). Because Plaintiffs' CRA claim invokes rights unavailable under the ADEA, the preservation of their claim is not necessary to avoid the impairment of the ADEA. Permitting Plaintiffs' CRA claim to stand would "enlarge[] the federal right" by enabling Plaintiffs "to exercise rights to which they would not be entitled under federal law." *Nolan v. Otis Elevator Co.*, 505 A.2d 580, 587 (N.J. 1986); *Alston v. Atl. Elec. Co.*, 962 F. Supp. 616, 625 (D.N.J. 1997). It is therefore preempted.

---

Defendant LaSorda's Reply Brief ("LaSorda Reply").

*Shaw*, 463 U.S. at 104-05; *Warren v. Oil, Chem. & Atomic Workers, Union-Indus. Pension Fund*, 729 F. Supp. 563, 565 (E.D. Mich. 1989); *Nolan*, 505 A.2d at 587.

## II. PLAINTIFFS' STATE LAW AGE DISCRIMINATION CLAIM AGAINST DAIMLER IS PREEMPTED BECAUSE DAIMLER WAS NOT PLAINTIFFS' EMPLOYER, THE ADEA DOES NOT APPLY TO FOREIGN CORPORATIONS, AND THE ADEA DOES NOT IMPOSE LIABILITY ON AGENTS

Plaintiffs' age discrimination claim against Daimler suffers from additional defects that mandate dismissal on the grounds of preemption. As demonstrated in Daimler's motion, the ADEA applies to a plaintiff's "employer," and the Amended Complaint alleges that Chrysler, not Daimler, was Plaintiffs' employer. In addition, even if Daimler were Plaintiffs' employer (which it was not), the ADEA explicitly states that it does not apply to an employer that is a "foreign person." Specifically, the ADEA provides that "[t]he prohibitions of [the ADEA] shall not apply where the employer is a foreign person not controlled by an American employer." 29 U.S.C. § 623(h)(2).

Plaintiffs do not dispute that Daimler is a "foreign person," and they do not claim that Daimler has or had domestic operations in the U.S. Nor do Plaintiffs contend that Daimler was "controlled by an American employer" for purposes of the exception set forth in 29 U.S.C. § 623(h)(2) – not surprisingly, since Chrysler was Daimler's subsidiary. Instead, Plaintiffs try something completely new: they claim that Daimler was Chrysler's "agent" and that their Amended Complaint so

5

alleges. Opp. at 11. This surprising new argument is unsupported – indeed, contradicted – by the allegations in the Amended Complaint and in any event is not sufficient to save Plaintiffs' claim.

First, the Amended Complaint alleges nowhere that Daimler was Chrysler's agent. While Plaintiffs assert that *others* were agents of Chrysler, they make no such allegation as to Daimler. *See* FAC ¶ 50. Nor does any allegation in the Amended Complaint suggest that Daimler "consent[ed] to act on behalf of" Chrysler "and subject to [Chrysler's] control," both prerequisites of a principal/agent relationship. *See Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 996 (6th Cir. 1997) (dismissing ADEA claim against employer for acts of alleged agent). In fact the Amended Complaint pleads the opposite – that *others* administered the Rabbi Trust and the SRP "with the consent, approval and guidance of Daimler" (FAC ¶¶ 27, 34, 36) and that *others* made the decision to securitize active employees' SRP benefits, which was then "presented to and approved by" Daimler. *Id.* ¶ 39.

Second, Plaintiffs' inability to plead that Chrysler controlled Daimler is fatal to its assertion that the ADEA applies to Daimler. The ADEA by its plain language does not apply to foreign persons – like Daimler – that are not "controlled by an American employer" (*see* MTD at 8-12), and none of the cases Plaintiffs cite hold that ADEA liability can be imposed on a foreign person acting

as an agent of the employer.  *See* Opp. at 12-15.  This is unsurprising because agents are not individually liable under the ADEA, as discussed further below.  With no actual authority for their argument, Plaintiffs argue that the language of the ADEA must be "interpreted broadly" and "in favor of Plaintiffs" (Opp. at 12), but the case they cite in support, *Griffin v. Breckenridge*, merely held that Reconstruction-era civil rights statutes should not be read more narrowly than their actual terms but instead should be construed as "broad[ly] as (their) language." 403 U.S. 88, 97 (1971).  Nothing in the *Griffin* opinion supports Plaintiffs' interpretation of the language at issue in the ADEA.

Third, even if Plaintiffs did adequately plead that Daimler was Chrysler's agent (which they do not), the CRA claim would still be preempted because the ADEA does not impose individual liability on an agent.  *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405-06 (6th Cir. 1997).[2]  "'Congress' [sic] decision to define 'employer' to include any 'agent' . . . evinces an intent to place some limits on the acts of [others] for which employers . . . are to be held responsible.'"  *Id.* at 406 (quoting *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 72 (1986)).  In other words, the ADEA imputes liability to the employer for the acts of the agent but does not impose liability on the agent.  *See Wathen*, 115 F.3d at 405-06 (upper level

---

[2] Although *Wathen* involved a Title VII claim, the ADEA uses an identical definition of "employer," so Title VII authority is instructive.  *Wathen*, 115 F.3d at 404 n.6; *accord Masi v. DTE Coke Ops., LLC*, 2007 WL 2827845, at *6 (E.D.

7

managers not subject to liability under the ADEA).[3] Plaintiffs' CRA claim against Daimler is preempted because the claim would not be viable under the ADEA and therefore does not "mirror" a federal claim. *See* Dkt. No. 55 at 12; *Shaw*, 436 U.S. at 106.

Finally, even if Plaintiffs' CRA claim were not preempted, the claim should still be dismissed because Plaintiffs' agency allegations are inadequate under Michigan law. Like the ADEA, the CRA recognizes an agency relationship when "one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." *Varlesi v. Wayne St. Univ.*, 909 F. Supp. 2d 827, 841 (E.D. Mich. 2012). Where, as here, a plaintiff fails to allege the "crucial elements of an agency relationship," including "control by" the principal and a fiduciary duty owed by the agent to the principal, agency is not well-pled. *Id*. at 842.

### III.  THE SIXTH CIRCUIT'S OPINION AND MANDATE ON REMAND DO NOT PRECLUDE DISMISSAL

Plaintiffs contend that the Sixth Circuit has "specifically held" that their

---

Mich. Sept. 27, 2007).

[3] As the court in *Wathen* noted, "the legislative history indicates that in the floor debates . . . no mention was made of agent liability, further 'implying that Congress did not contemplate agent liability under Title VII.'" 115 F.3d at 406 (citation omitted). In addition, the court observed, "[n]otably, while the Supreme Court found [in *Meritor*] that Congress's purpose in including 'agent' in the definition of employer was to define the scope of liability of the employer, it said nothing about any liability on the part of the employee/agent." *Id*.

CRA claim is "saved from preemption" by Section 514(d) of ERISA. Opp. at 7-9. The plain language of the opinion and the mandate, as well as the procedural posture of the case, contradict this assertion.

The Sixth Circuit ruled that the savings clause preserves state-law claims only "to the extent they mirror ADEA claims" under federal law. Dkt. No. 55 at 12. The Sixth Circuit observed that a claim for age discrimination "falls into th[e] category" of claims preserved by the savings clause and remanded the case for further proceedings consistent with its opinion. *Id.* In response to this holding, Plaintiffs amended their complaint[4] to add specific allegations that Defendants owed Plaintiffs a duty under the ADEA and that Defendants' conduct violated the ADEA (and appear to be attempting to amend their Amended Complaint further by arguing that Daimler was an "agent" of Chrysler under the ADEA).

Contrary to Plaintiffs' assertion, the Sixth Circuit did not "ultimately settle[]" the matter" of preemption. Opp. at 9. The Sixth Circuit in fact made clear that the question of the extent to which the claim mirrored an ADEA claim was open. For example, the Sixth Circuit observed that there can be no liability under the ADEA – an issue that in this case is relevant *only* to preemption – if the employer acted on the basis of reasonable factors other than age, but held that this issue could not be decided on the pleadings. *See* Dkt. No. 55 at 13; *see also Thurmond v. Wayne*

---

[4] *See* LaSorda Reply at 1-2 (citing FAC ¶¶ 21, 34, 40, 51, 54).

9

*Cnty. Sheriff Dep't*, 2012 U.S. Dist. LEXIS 77867, at \*8-9 (E.D. Mich. June 5, 2012) (rejecting argument that Sixth Circuit mandate reversing dismissal prevented defendants from asserting an affirmative defense). Indeed, if the Sixth Circuit had actually ruled that the CRA claim was not preempted, Plaintiffs would not have needed to amend their complaint to add "important" allegations about Defendants' supposed duties under, and violations of, the ADEA. *See* Dkt. No. 68 at 9-10; FAC ¶¶ 51, 54.

The wording of the mandate reinforces that this Court is not foreclosed from evaluating whether Plaintiffs' CRA claim mirrors an ADEA claim. The mandate states only that "[t]he age-discrimination claim is remanded for further proceedings consistent with this opinion." Dkt. No. 55 at 14. The absence of specific instructions by the Sixth Circuit imbues this Court with the "authority to address all matters as long as remaining consistent with the remand." *U.S. v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999) (internal citations omitted). Nothing in this direction (or the opinion itself) "explicitly outline[s] the issues to be addressed by the district court," *id.*, or suggests that the Court is precluded from assessing whether the CRA claim, as alleged in the Amended Complaint, is preempted.

Even if the Sixth Circuit's opinion and mandate were ambiguous – and they are not – the Court should err in favor of deciding the preemption issue. *See, e.g.*, *Westside Mothers v. Olszewski*, 454 F.3d 532 (6th Cir. 2006). The plaintiffs in

10

*Westside Mothers* tried to bar consideration of a second motion to dismiss by arguing that the Sixth Circuit's prior ruling in the case foreclosed the motion. *Id.* at 537. The district court disagreed and the Sixth Circuit affirmed, explaining that "[w]here there is substantial doubt as to whether a prior panel actually decided an issue, the district court should not be foreclosed from considering the issue on remand." *Id.* at 539; *accord Kashner Davidson Sec. Corp. v. Mscisz*, 601 F.3d 19, 23-24 (1st Cir. 2010) (an appellate court's silence as to issues to be considered on remand does not foreclose the district court from considering an issue). The same reasoning should apply here.

### IV. ALLEGATIONS IN THE AMENDED COMPLAINT CONCERNING THE RABBI TRUST SHOULD BE STRICKEN

This Court expressly denied Plaintiffs' motion for leave to include allegations in the Amended Complaint regarding the Rabbi Trust. Dkt. No. 72 at 4 ("the motion to amend with respect to the 'rabbi trust' must be denied"). Plaintiffs nonetheless maintain that they should be permitted to incorporate allegations pertaining to the Rabbi Trust. Yet Plaintiffs fail to address, and therefore concede, that a motion to strike an amended complaint under Fed. R. Civ. P. 12(f) is "properly granted where the amended complaint contains allegations of claims previously dismissed by the district court, or where the amended complaint exceeds the scope of amendment permitted by the court." *Turner v. French*, 2009 U.S. Dist. LEXIS 2580, at *2 (E.D. Mich. Jan. 14, 2009). As the Amended

11

Complaint does both, Plaintiffs have violated the "cardinal rule[ ] for a party seeking leave to amend a pleading . . . that the amendment, when filed, not exceed the scope of what . . . the court permitted." *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 150 (D.N.J. 2007). Paragraphs 27, 28, 32, 33, 42 and 43 of the Amended Complaint add allegations related to the Rabbi Trust – in blatant disregard for this Court's order – and should be stricken pursuant to Rule 12(f).

## CONCLUSION

Daimler respectfully submits that the First Amended Complaint should be dismissed with prejudice and that the new allegations concerning the Rabbi Trust not permitted by this Court's prior order be stricken.

Respectfully submitted this 8th day of November,

| DICKINSON WRIGHT PLLC | SHEARMAN & STERLING LLP |
|---|---|
| By: /s/ L. Pahl Zinn | BY: /s/ Jaculin Aaron |
| L. Pahl Zinn (P57516) | Jaculin Aaron |
| Lawrence G. Campbell (P11553) | Alan S. Goudiss |
| Thomas G. McNeill (P36895) | K. Mallory Brennan |
| 500 Woodward Avenue, Suite 4000 | 599 Lexington Avenue |
| Detroit, Michigan 48226 | New York, New York 10022 |
| Telephone: (313) 223-3500 | Telephone: (212) 848-4000 |
| Facsimile: (313) 223-3598 | Facsimile: (212) 848-7179 |
| Email: pzinn@dickinson-wright.com | Email: jaaron@shearman.com |

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 8, 2013, I electronically filed the foregoing paper using the ECF System which sent notification to registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

                                         /s/ L. Pahl Zinn  
                                         L. Pahl Zinn  
                                         DICKINSON WRIGHT PLLC  
                                         500 Woodward Avenue, Ste. 4000  
                                         Detroit, MI 48226  
                                         Tel: (313) 223-3500  
                                         Fax: (313) 223-3598  
                                         E-Mail: pzinn@dickinsonwright.com  
                                         Bar No. P57516